C. Robert Steringer, OSB #983514
bob.steringer@harrang.com
HARRANG LONG GARY RUDNICK P.C.
1001 SW Fifth Avenue, 16th Floor
Portland, OR 97204
Telephone:    503.242.0000
Facsimile:    503.241.1458

Marjorie A. Elken, OSB #073368
marjorie@zupgroup.com
ZUPANCIC RATHBONE LAW GROUP, P.C.
4949 Meadows Road, Suite 600
Lake Oswego, OR  97035
Telephone:    503-968-8200
Facsimile:    503-968-8017

Of Attorneys for Plaintiff MALBCO HOLDINGS, LLC,
a Washington limited liability company

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MALBCO HOLDINGS, LLC,** a Washington limited liability company,<br><br>               Plaintiff,<br><br>       vs.<br><br>**BHUPENDRA R. PATEL** and **NILA B. PATEL,** husband and wife; **HEETAN B. PATEL; HEETAL B. PATEL-MANANI;** and **MUKESH PATEL,**<br><br>               Defendants. | Case No. 3:14-cv-947-PK<br><br>**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES AND SUPPORTING MEMORANDUM** |

**LR7.1(a) CERTIFICATION**

Pursuant to Local Rule 7.1(a), counsel for Plaintiff Malbco Holdings, LLC certifies that she has conferred with Defendants Heetan B. Patel, Heetal B. Patel and Mukesh Patel's counsel on this matter through telephone conference, but the parties were unable to reach an agreement on the topics that are the subject of this motion to strike. Plaintiff's counsel certifies that she called counsel for Defendants Bhupendra R. Patel and Nila B. Patel on December 10, 2014 and December 11, 2014, in attempts to confer on this matter. Plaintiff's counsel left Defendants Bhupendra R. Patel and Nila B. Patel's counsel detailed voicemail messages on the matters presented herein and followed up both messages with emails. As of the filing of this motion, Plaintiff's counsel had not received a return call or email.

**MOTION**

Plaintiff Malbco Holdings, LLC moves the court under Fed. R. Civ. P. 12(f) to strike the following defenses: (a) affirmative defense numbers 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14 in the Answer, Affirmative Defenses, and Counterclaim of Defendants Bhupendra R. Patel and Nila B. Patel to Plaintiff's First Amended Complaint ("B. Patel Answer"); (b) affirmative defense numbers 3, 5, 6, 7, 8, 9, 10, 11 and 12 in Defendants Heetan B. Patel and Heetal B. Patel's Answer and Affirmative Defenses to Plaintiff's First Amended Complaint ("H. Patel Answer"); and (c) the affirmative defenses set out in paragraphs 28 and 30 of Defendant Mukesh Patel's Answer to Amended Complaint with Affirmative Defenses ("M. Patel Answer").

This motion is supported by the records and files herein and the Memorandum in Support of Plaintiff's Motion to Strike Affirmative Defenses set out below.

MEMORANDUM

CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitations under Local Rule 7-2(b) because it contains 5292 words, including headings, footnotes, and quotations, but excluding the caption, signature block, exhibits, and any certificates of counsel.

## I.  Introduction

Plaintiff Malbco Holdings, LLC ("Malbco") filed an amended complaint on November 4, 2014.  Defendants Bhupendra R. Patel, Nila B. Patel, Heetan B. Patel and Heetal B. Patel filed their answers on November 21, 2014.  Defendant Mukesh Patel filed his answer on November 24, 2014.  Each of the defendants have asserted numerous boilerplate affirmative defenses in their answers.  Malbco now moves to strike several of the defenses pursuant to Federal Rule of Civil Procedure 12(f), because they are both factually and legally insufficient.

## II.  Argument

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to strike any affirmative defense that presents "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A defense is insufficient if it fails to give the plaintiff fair notice of the nature of the defense, or if the defense is clearly invalid as a matter of law. *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 827 (9th Cir. 1979); *Cyber Acoustics, LLC v. Belkin Int'l, Inc.*, 988 F. Supp. 2d 1236, 1240 (D. Or. 2013).

The granting of motions to strike is generally disfavored; however where a defense is clearly insufficient, the motion should be granted "to avoid unnecessary time and money in litigating invalid, spurious issues."  *Id.*; *see also Hart v. Baca*, 204 F.R.D. 456, 457 (C.D. Cal. 2001) ("While disfavored, where [a] motion [to strike] may have the effect of making the trial of

the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." (Internal citations omitted)). Here, most of defendants' affirmative defenses are clearly insufficient, and the Court should strike them to streamline this case.

### A. Defendants' Affirmative Defenses are Legally Insufficient.

An affirmative defense is legally insufficient if it lacks merit under any set of facts the defendant might allege. *Cyber Acoustics, LLC v. Belkin Int'l, Inc.*, 988 F. Supp. 2d 1236, 1240 (D. Or. 2013). Here, defendants are using their affirmative defenses to collaterally attack an underlying state court judgment and re-litigate the state court case.[1] Defendants cannot do that. Their defenses need to relate to the claims involved in *this lawsuit*. If they do not, they should be struck.

The facts of the state court litigation are set out in the First Amended Complaint. In brief, they are as follows. In March 2012, Malbco purchased a distressed loan from Wells Fargo Bank, N.A. ("Wells Fargo"). *First Am. Compl.* ¶ 14. The loan was secured by a hotel property located at 800 South Allen Street, Meridian, Idaho 83643 (the "Property"). *First Am. Compl.* ¶ 10. The loan was also secured by several personal guaranties, including guaranties from

---

[1] All of the challenged affirmative defenses are boilerplate recitations of legal principles. *See* Section II(C), below. Accordingly, it is impossible to know the grounds of each defense. However, in a December 9, 2014, letter to the Court, Defendants Heetan B. Patel and Heetal B. Patel revealed that at least some of their defenses were aimed at challenging an underlying state court judgment. *See* Letter from L. Caldera Taylor to Honorable P. Papak, p. 3 (Dec. 9, 2014). Malbco asks the Court to strike all affirmative defenses that seek to attack the state court judgment. Malbco believes that would include, at a minimum: (a) Defendants Bhupendra R. Patel and Nila B. Patel's third, fourth, fifth, sixth, seventh, ninth, tenth, eleventh, twelfth and fourteenth affirmative defenses; (b) Defendants Heetan B. Patel and Heetal B. Patel's third, fifth, sixth, seventh, ninth, tenth, eleventh and twelfth affirmative defenses; and (c) Defendant Mukesh Patel's affirmative defenses set out in paragraphs 28 and 30 of his answer to the amended complaint.

Defendants Bhupendra R. Patel and Nila B. Patel. *First Am. Compl.* ¶ 11. After purchasing the loan, Malbco foreclosed on the Property. *First Am. Compl.* ¶ 15. Malbco was the sole bidder at the sale, and it purchased the property for $1,525,000.00. *First Am. Compl.* ¶ 15. It then filed a complaint in Ada County, Idaho, against the guarantors of the loan, including Bhupendra R. Patel and Nila B. Patel, for breach of the personal guaranties (the "Idaho Lawsuit"). *First Am. Compl.* ¶ 16. Malbco won the Idaho Lawsuit on summary judgment. *First Am. Compl.* ¶ 17. On December 20, 2013, the Ada County Circuit Court entered judgment against Bhupendra R. Patel and Nila B. Patel in the amount of $3,903,294.12, plus post-judgment interest (the "Idaho Judgment"). *First Am. Compl.* ¶ 18.

At some time between January 1, 2011 and December 31, 2012, Defendants Bhupendra R. Patel and Nila B. Patel gifted several assets to their children, Defendants Heetan B. Patel and Heetal B. Patel. *First Am. Compl.* ¶ 24. Malbco brought the instant lawsuit to recover those assets or for a judgment for the value of those assets. In response to Malbco's claims, defendants have asserted a laundry list of affirmative defenses most of which are aimed at challenging Malbco's claims *in the Idaho Lawsuit*, not this lawsuit. Defendants' attempt to attack the Idaho Judgment and re-litigate the Idaho Lawsuit are improper.

The preclusive effect of the Idaho Judgment and any collateral attack on that judgment are governed by Idaho law. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380, (1985). Idaho courts have not addressed whether a transferee in a fraudulent transfer case is bound by an underlying judgment against the debtor; however, several other courts have addressed this issue and have concluded that transferees are bound to such judgments and can only collaterally attack them on jurisdictional grounds or to show the judgment was procured by fraud. *See e.g., Mansfield v. Pierce*, 153 F.3d 721, 1998 WL 433304 * 5 (4th Cir. 1998)

(adopting the rule that "[a] judgment which has been obtained by a defrauded creditor is, as against the transferee of the property, conclusive as to the fact of indebtedness on which it is based, provided that the judgment has been rendered by a court of competent jurisdiction, and that there is nothing to show fraud or collusion"); *Giove v. Stanko*, 977 F.2d 413, 418 (8th Cir. 1992) (holding that transferees of fraudulent conveyances had no due process right to attack directly a judgment against the debtor-transferor because none of their own property was at risk; the action was against the debtor-transferor's property, not the property of the transferees); *Valley Bank v. Malcolm*, 23 Ariz. 395 (1922) ("In the ordinary creditor's suit a judgment is not only admissible in evidence for the purpose of establishing the plaintiff's debt, but in the absence of fraud or collusion is conclusive, not only upon the parties to it, but other creditors or transferees of the judgment debtor."); *Apollo Real Estate Investment Fund, IV, L.P. v. Gelber*, 403 Ill. App. 3d 179, 188 (2010) (stating that by arguing that they were not bound by the underling judgment "defendants impermissibly have made a collateral attack on the Ohio judgment"); *Dillon Tire Serv., Inc. v. Pope*, 243 S.C. 293, 297-98 (1963) ("Such judgment regular upon its face is immune from attack in any action other than that in which it was rendered except upon proof of fraud or want of jurisdiction; and is conclusive, whether rendered on default or after contest, as to the relation of debtor and creditor between the parties and the amount of indebtedness and cannot be collaterally impeached by the grantee of the debtor in a suit to set aside the conveyance as fraudulent." (Internal citations omitted)); *Stephenson v. Naumann*, 195 N.Y.S. 768, 771 (Sup. Ct.) aff'd, 204 A.D. 891, 197 N.Y.S. 951 (App. Div. 1922) ("A judgment is conclusive evidence, in actions between creditors relating to property of the debtor, as to the latter's indebtedness and the amount thereof, although the other litigant was not a party to the action in which the judgment was obtained. It is also such conclusive evidence against the

grantee of real property from the debtor, where the conveyance is claimed to have been in fraud of the grantor's creditors." (Internal citations omitted)); *Nelson v. Boe*, 226 Ala. 582, 587 (1933) ("This court is committed to the proposition that a judgment against the donor, or grantor, whether rendered prior, or subsequent to the gift or conveyance, is competent evidence of the debt, of the fact that the party in whose favor it was rendered, stands in a relation to be injured and affected by the gift or conveyance. When rendered by a court of competent jurisdiction, in the regular course of judicial proceedings, in the absence of fraud or collusion, it is conclusive evidence of a debt existing at the time of its rendition." (Internal quotations omitted)).

The case of *Commerce Bank of Lebanon v. Halladale A Corp.*, 618 S.W.2d 288 (Mo. Ct. App. 1981) is instructive because it is factually similar to this case. In *Commerce Bank of Lebanon*, a bank had obtained a judgment against a guarantor based on breach of a personal guaranty. *Id.* at 289. The guarantor then transferred assets to the transferees. *Id.* The bank sued the transferees for fraudulent transfers. *Id.* The transferees tried to defend the suit by going behind the judgment to challenge the sufficiency of the guaranty. *Id.* The court rejected the transferee's argument stating:

> Where, as in the instant action, the judgment in favor of the bank against the [guarantor] was rendered by a court of competent jurisdiction, and there is no claim that the judgment was obtained by fraud or collusion, the judgment is conclusive as to the relation of debtor or creditor between the bank and [the guarantor] and the amount of the indebtedness, and these matters cannot be collaterally impeached by transferees of [the guarantor] in this action to set aside the transfers as fraudulent; the transferees, defendants here, are not permitted to set up defenses which the judgment debtor (transferor) interposed unsuccessfully or failed to interpose. …
>
>> "Solemn adjudications would be of little force if judgment debtors, owning property to which the lien of the judgment did not attach, could donate it and the donee could then compel the judgment creditor to relitigate questions which were appropriately triable in the original proceeding. This, in effect, would be an improper method of securing a new trial without resorting to the usual

> legitimate course of filing a motion for new trial in the original proceeding. There is no validity in the argument, which instant defendants make, that they are not bound by the judgment because they are not in privity with the judgment debtors. Defendants claim the property in controversy under the judgment debtors and thus are in privity with them."

*Commerce Bank of Lebanon*, 618 S.W.2d at 291.  The Court should adopt a similar rule here and find that the Idaho Judgment is binding on defendants, and that their defenses aimed at challenging that judgment must be struck.

Defendants' defenses should also be struck because defendants are barred by *res judicata* from re-litigating the Idaho Lawsuit.  Whether or not parties are bound to the underlying judgment is a question of Idaho law.  *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) (A federal court determining the preclusive effect of a state court judgment "refer[s] to the preclusion law of the State in which judgment was rendered.").  Under Idaho law, a judgment has preclusive effect if five factors are satisfied: "(1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation."  *Waller v. State*, 146 Idaho 234, 238 (2008) (internal citation omitted).

In their December 9, 2014, letter to the Court, Defendants' Heetan B. Patel and Heetal B. Patel revealed that at least some of their affirmative defenses are based on the theory that the Idaho Judgment was wrong and that their parents owe Malbco less money than reflected in the judgment.  Letter from L. Caldera Taylor to Honorable P. Papak, p. 3 (Dec. 9, 2014).  The amount Defendants Bhupendra R. Patel and Nila B. Patel owe Malbco was already litigated in

the Idaho Lawsuit and incorporated into a final judgment on the merits. B. Patel Answer ¶¶ 16-18. Defendants Bhupendra R. Patel and Nila B. Patel were parties to the Idaho Litigation, *see* B. Patel Answer ¶ 16-18, so they are clearly barred from re-litigating that issue.

Defendants Heetan B. Patel and Heetal B. Patel are also barred from re-litigating the Idaho Lawsuit because they were in privity with their parents in the lawsuit. Under Idaho law, a person is in privity with a party to a judgment if the person derives his interest in the outcome of the former litigation from the prior defendant. *Gubler By & Through Gubler v. Brydon*, 125 Idaho 107, 110 (1994). Here, Defendants Heetan B. Patel and Heetal B. Patel's only interest in the outcome of the Idaho Lawsuit is to reduce their parents' liability, which reduces the cap on their liability in this lawsuit. They have no independent interests in the Idaho Lawsuit. Accordingly, they are privies with their parents, and they are barred from re-litigating the issues already decided in the Idaho Lawsuit.

In sum, defendants' cannot use their affirmative defenses to attack the Idaho Judgment or re-litigate the Idaho Litigation. Their defenses aimed at doing that must be struck.

### B. Defendants' Unclean Hands Defenses are Legally Insufficient.

In their December 9, 2014, letter to the Court, Defendants Heetan B. Patel and Heetal B. Patel said that their unclean hands defense was based, in part, on their belief that the Idaho Judgment was fraudulently obtained. Letter from L. Caldera Taylor to Honorable P. Papak, p. 3 (Dec. 9, 2014). As "evidence" of this, they allege that the successor receiver that Malbco appointed over the Property may not have been disinterested and that they believe that Malbco obtained the Property for an unfair price. *Id.* at 2-3. Neither fact can support an unclean hands defense.

Oregon law is clear that an unclean hands defense needs to allege improper behavior that is related to the transaction at issue. *N. Pac. Lumber Co. v. Oliver*, 286 Or. 639, 653 (1979). And, that improper conduct must have sufficiently affected the equitable relations between the parties. *Id.* at 659. The transaction at issue is the fraudulent transfer. Even if that can be extended to include the foreclosure of the Property or the Idaho lawsuit, the defense still fails because there is no legal connection between the receivership and the Idaho Lawsuit. A receiver does not foreclose property. It protects the property from waste while a mortgagor or trustee forecloses. Idaho Code Ann. S. 8-601(2). Nor are receivers involved in deficiency lawsuits. So, even if the receiver was interested, that would not support a claim that Malbco obtained the Idaho Judgment by fraud. Similarly, defendants' disappointment in the price Malbco paid for the Property does not support a claim that Malbco obtained the Idaho Judgment by fraud.

Defendants also claim Malbco has unclean hands based on a racial discrimination theory. Defendants allege as follows:

> Malbco may be engaged in a business practice of targeting small hotel businesses owned by families of Indian descent by purchasing and foreclosing on distressed debt owned by these families. By doing this, Malbco can substantially increase its portfolio by foreclosing on one distressed property, purchasing that property out of the foreclosure at an artificially deflated price, and then pursuing an artificially inflated deficiency against the guarantors and taking other hotels owned by the family – which is what Malbco is attempting to do to the Patel family here.

Letter from L. Caldera Taylor to Honorable P. Papak, p. 3 (Dec. 9, 2014). However, Malbco's alleged racial targeting is not related to the transaction at issue, which is the fraudulent transfer, and therefore even if it was true, it could not support an unclean hands defense in this lawsuit. Further, Malbco's alleged conduct did not have affected the equitable relations between the parties. Defendants were already in breach of their personal guaranties when Malbco purchased the loan, and Malbco's predecessor-in-interest had already started taking steps based on the

Page 10 – **PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES AND SUPPORTING MEMORANDUM**

defaulted note. Malbco simply continued the enforcement actions already in place, which it had a legal right to do. Defendants' unclean hands affirmative defense is creative, but it is legally insufficient, and it should be stuck.

### C. Defendants' Affirmative Defenses Have Not Been Plead Sufficiently.

The Court should also strike defendants' affirmative defenses because they have not been plead in a manner that gives Malbco any notice of what they are actually about.

The Ninth Circuit has not decided whether the plausibility pleading standard set forth in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), applies to affirmative defenses. However, most judges within this District have been applying the standard. *See e.g., Gessele v. Jack in the Box, Inc.*, No. 3:10-CV-960-ST, 2011 WL 3881039, at *1 (D. Or. Sept. 2, 2011) (applying *Twombly* to affirmative defenses and stating that "the majority of district courts across the country have extended *Twombly*'s plausibility standard to affirmative defenses"); *A & B Asphalt, Inc. v. Humbert Asphalt, Inc.*, No. 2:13-CV-00104-SU, 2014 WL 3695480, at *2 (D. Or. May 8, 2014) (applying *Twombly* to affirmative defenses); *Peterson v. Acumed*, LLC, No. CV–10–586–HU, 2010 WL 5158542, at *3 (D Or Dec. 14, 2010) (applying *Twombly* to affirmative defenses); *but see Trustmark Ins. Co. v. C & K Market, Inc.*, No. CV–10–465–MO, 2011 WL 587574 (D. Or. Feb. 10, 2011) (declining to extend *Twombly* to affirmative defenses).

Under the plausibility standard, a plaintiff must do more than allege mere legal conclusions:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570 (internal quotations and citations omitted)). Even if *Iqbal* and *Twombly* do not apply here, defendants' pleadings must, at a minimum, give plaintiff fair notice of the defense they are asserting. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)) (emphasis added). Under the fair notice standard, a pleading need not be supported by detailed factual allegations, but it must at least give notice of the "grounds upon which it rests." *Conley*, 355 U.S. at 47.

The following affirmative defenses are nothing more than boilerplate assertions of legal principles: (a) Defendants Bhupendra R. Patel and Nila B. Patel's affirmative defense numbers 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14; (b) Defendants Heetan B. Patel's and Heetal B. Patel's affirmative defense numbers 3, 5, 6, 7, 8, 9, 10, 11 and 12; and (c) Defendant Mukesh Patel's affirmative defenses set out in paragraphs 28 and 30 of his answer to the amended complaint. Defendants have provided no factual support or explanation behind these defenses, and Malbco has no idea what most of the defenses are actually about. Defendants' conclusory allegations fail to meet the notice pleading standard, let alone the plausibility pleading standard. The defenses should be struck. *See e.g., Hadar v. Wilson*, No. CV 10-796-PK, 2011 WL 2600442, at *10 (D. Or. June 28, 2011) (striking affirmative defenses of waiver, estoppel and third parties' wrongful acts and a reservation of unspecific affirmative defenses because they failed to give fair notice to plaintiffs); *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 470 (S.D. Cal. 2013) (striking several conclusory affirmative defenses because they did not provide plaintiff with notice of the nature and bases of the defenses); *Gessele*, 2011 WL 3881039, at *7 (striking several affirmative defenses that failed to meet the pleading requirements). Each defense is briefly addressed.

1. **Failure to Mitigate**

In a diversity action, federal law controls the sufficiency of the manner in which a defense is pleaded, but state substantive law determines the legal sufficiency of a defense. *Wyshak*, 607 F.2d at 827; 5C Wright & Miller, *Federal Practice & Procedure*, § 1381 (3d ed.).

Each of the defendants alleges that Malbco has failed to mitigate its damages. *See* B. Patel Answer ¶ 65; H. Patel Answer ¶ 60; M. Patel Answer ¶ 30. However, none of the defendants have plead facts supporting the defense. At most, Defendants Heetan B. Patel and Heetal B. Patel have alleged that a property sold at an underlying foreclosure sale was not sold for fair market value. H. Patel Answer ¶ 15. That allegation is not applicable to defendants' affirmative defense. Under Oregon law, the mitigation doctrine requires a plaintiff to take action to prevent further loss *after* the injury has occurred. *Dippold v. Cathlamet Timber Co.*, 111 Or. 199, 208, 225 P. 202, 205 (1924) ("The carelessness or indifference of the plaintiff in the matter of lessening damages is successive and subsequent to the carelessness of the defendant."). Here, the injury was the fraudulent transfer. Thus, defendants would need to show that Malbco took some action, or failed to take some action, *after it discovered the fraudulent transfer*, which increased its damages. Defendants have failed to do that. Defendants' mitigation defenses are insufficient and should be struck.

2. **Laches**

Each of the defendants have asserted a laches affirmative defenses. *See* B. Patel Answer ¶ 58; H. Patel Answer ¶ 62; M. Patel Answer ¶ 28. Again, defendants have plead no facts to support their defense. Under Oregon law, the doctrine of laches requires a showing of the following elements: "(1) that plaintiffs delayed in asserting their claim for an unreasonable length of time; (2) that plaintiffs had full knowledge of all of the relevant facts; and (3) that the

delay resulted in such substantial prejudice to defendant that it would be inequitable to grant plaintiffs the relief requested." *Vossen v. Forrester*, 155 Or. App. 323, 327, 963 P.2d 157, 159 (1998). Where a "defendant raises a defense of laches, but the analogous statute of limitations for an action at law has not run, the defendant bears the burden of proving that laches applies." *Id.* Defendants have failed to allege any facts to support a laches defense. The defense should be struck.

### 3. Estoppel

Each of the defendants has raised an estoppel defense. *See* B. Patel Answer ¶ 60; H. Patel Answer ¶ 64; M. Patel Answer ¶ 28. Defendants have failed to specify the type of estoppel they are asserting, let alone any facts to support an estoppel defense. Assuming the defendants are asserting an equitable estoppel defense, the defense is insufficient. "In order to establish equitable estoppel, defendant must prove that plaintiff made a false representation to defendant with knowledge of facts of which defendant was ignorant, that plaintiff made the representation with the intent that defendant act on it, and that defendant reasonably acted upon it to his detriment." *Pfaendler v. Bruce*, 195 Or. App. 561, 569, 98 P.3d 1146, 1151 (2004). Defendants' boilerplate defenses provide no notice of what representations Malbco allegedly made, or what actions defendants took in reliance on those representations. The defense should be struck.

### 4. Waiver

Each of the defendants has raised a waiver defense. *See* B. Patel Answer ¶ 63; H. Patel Answer ¶ 65; M. Patel Answer ¶ 28. Waiver is the voluntary relinquishment of a known right. *Alderman v. Davidson,* 326 Or. 508, 513, 954 P.2d 779 (1998). Defendants have not shown in what way Malbco may have knowingly waived any right. Without any factual support, these defenses are insufficient and should be struck.

### 5.  Unjust Enrichment

Defendants Bhupendra R. Patel, Nila B. Patel, Heetan B. Patel and Heetal B. Patel allege that Malbco's recovery on its claim is barred, in whole or in part, by the doctrine of unjust enrichment.  *See* B. Patel Answer ¶ 61; H. Patel Answer ¶ 66.  To prevail on this defense, defendants will need to show, among other things, that they conferred some benefit on Malbco.  *L.S. Henriksen Const., Inc. v. Shea*, 155 Or. App. 156, 158, 961 P.2d 295, 297 (1998).  The pleadings contain absolutely no allegations showing that any of the defendants have conferred a benefit on Malbco.  Malbco does not have fair notice of the grounds upon which these defenses rest.  The defenses should be struck.

### 6.  Satisfaction

Defendants Bhupendra R. Patel, Nila B. Patel, Heetan B. Patel and Heetal B. Patel allege that "Plaintiff's claims have been satisfied, in whole or in part, by Plaintiff's recovery against security and third parties."  *See* B. Patel Answer ¶ 59; H. Patel Answer ¶ 63.  Malbco's claims in this lawsuit are fraudulent transfer claims.  The pleadings contain no facts showing that there is security from which Malbco can satisfy its fraudulent transfer claim.  Defendants' defenses are factually insufficient and should be struck.

### 7.  Anti-Deficiency

Defendants Heetan B. Patel and Heetal B. Patel claim that "Plaintiff's claims are barred, in whole or in part, by applicable anti-deficiency statutes.  H. Patel Answer ¶ 68.  Defendants' pleadings do not specify what anti-deficiency statutes defendants believe are applicable. The defense is insufficient and should be struck.

8. **Public Policy**

Defendants Bhupendra R. Patel, Nila B. Patel, Heetan B. Patel and Heetal B. Patel allege that Malbco's recovery on its claim is barred, in whole or in part, because recovery on those claims could be contrary to public policy, including without limitation the public policy of the states of Oregon, Idaho, Washington and California. *See* B. Patel Answer ¶ 69; H. Patel Answer ¶ 69. Defendants fail to assert any specific public policy applicable to their defense, and they fail to state any facts supporting their defense. Defendants' "public policy" defenses do not provide "fair notice" to Malbco, and they should be struck.

9. **Discharge/Unclean Hands**

Defendants Bhupendra R. Patel, Nila B. Patel, Heetan B. Patel and Heetal B. Patel allege that Malbco's conduct has discharged defendants from any obligation to pay on Malbco's claims, in whole or in part. *See* B. Patel Answer ¶ 62; H. Patel Answer ¶ 67. The defense is factually insufficient because defendants have plead <u>no</u> facts in support of it. Defendants' defenses fail to meet the Rule 8 pleading standards, and they should be struck.

10. **Defenses of Om Namah Laxmi**

Defendants Bhupendra R. Patel and Nila B. Patel allege that "Plaintiff's claims are barred, in whole or in part, by the defenses available to Om Namah Laxmi, LLC, including without limitation the Fourth through Tenth affirmative defenses set forth above. *See* B. Patel Answer ¶ 66. This is a mere reservation of affirmative defenses, which should be struck. *DCIPA, LLC v. Lucile Slater Packard Children's Hosp. at Stanford*, 868 F. Supp. 2d 1042, 1060 (D. Or. 2011) (striking defendant's "reservation" of additional affirmative defenses because the reservation had no basis in law); *E.E.O.C. v. Timeless Investments, Inc.,* 734 F.Supp.2d 1035,

1055 (E.D.Cal.2010) ("The mere reservation of affirmative defenses is not an affirmative defense.") (Internal citations and quotations omitted).

### 11. Defenses of Alleged Guarantors

Defendants Bhupendra R. Patel and Nila B. Patel allege that "Plaintiff's claims are barred, in whole or in part, by the defenses available to Defendants as alleged guarantors under Exhibits 1 and 2 to the Complaint, including without limitation the Fourth through Tenth affirmative defenses set forth above. *See* B. Patel Answer ¶ 67. Again, this defense is a reservation of affirmative defenses, which should be struck. *DCIPA, LLC*, 868 F. Supp. 2d at 1060.

### 12. Claim Preclusion

Defendants Bhupendra R. Patel and Nila B. Patel allege that "Plaintiff's claims are barred, in whole or in part, by the claim preclusive effect of the 'Idaho Judgment.'" *See* B. Patel Answer ¶ 68. Defendants assert no facts, context or justification for how the Idaho Judgment precludes Malbco's claim in this case. In fact, Oregon law provides that the judgment creates a *basis* for a fraudulent transfer claim. *See* ORS 95.260 ("If a creditor has obtained a judgment on a claim against the debtor and if the court so orders, the creditor may levy execution on the asset transferred or its proceeds."). This defense is insufficient and should be struck.

## CONCLUSION

For the reasons set forth above, the Court should strike any affirmative defense aimed at attacking the Idaho Judgment or re-litigating the Idaho Lawsuit, including, without limitation, (a) Defendants Bhupendra R. Patel and Nila B. Patel's affirmative defense numbers 3, 4, 5, 6, 7, 9, 10, 11, 12 and 14; (b) Defendants Heetan B. Patel and Heetal B. Patel's affirmative defense

numbers 3, 5, 6, 7, 9, 10, 11 and 12; (c) Defendant Mukesh R. Patel's affirmative defenses set out in paragraphs 28 and 30 of his answer to the amended complaint.

The Court should also strike the following defenses because they do not give Malbco fair notice of the grounds of the defense: (a) Defendants Bhupendra R. Patel and Nila B. Patel's affirmative defense numbers 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14; (b) Defendants Heetan B. Patel's and Heetal B. Patel's affirmative defense numbers 3, 5, 6, 7, 8, 9, 10, 11 and 12; and (c) Defendant Mukesh Patel's affirmative defenses set out in paragraphs 28 and 30 of his answer to the amended complaint.

DATED this 12th day of December, 2014.

ZUPANCIC RATHBONE LAW GROUP, P.C.

By: s/ Marjorie A. Elken
    Marjorie A. Elken, OSB #073368
    Marjorie@zupgroup.com
    Telephone: 503-968-8200
    Facsimile: 503-968-8017

Of Attorneys for Plaintiff MALBCO HOLDINGS, LLC, a Washington limited liability company

# CERTIFICATE OF SERVICE

I certify that on December 12, 2014, I served or caused to be served a true and complete copy of the foregoing **PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES AND SUPPORTING MEMORANDUM** on the party or parties listed below as follows:

    ☑    Via CM / ECF Filing
    ☐    Via First Class Mail, Postage Prepaid
    ☐    Via Email
    ☐    Via Personal Delivery

Zachary W L Wright, OSB #941615
Tonkon Torp LLP
888 SW Fifth Avenue, Suite 1600
Portland, OR 97204

Of Attorneys for Defendants Bhupendra R. Patel and Nila B. Patel

Laura Caldera Taylor, OSB #993786
Thomas L. Hutchinson, OSB #994896
Bullivant Houser Bailey PC
888 SW Fifth Avenue, Suite 300
Portland, OR 97204

Of Attorneys for Defendants Heetan Patel and Heetal Patel-Manani

Nicholas J. Henderson, OSB #074027
Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204

Of Attorneys for Defendant Mukesh Patel

ZUPANCIC RATHBONE LAW GROUP, P.C.

By: s/ Marjorie A. Elken
    Marjorie A. Elken, OSB #073368
    Marjorie@zupgroup.com
    Telephone:  503-968-8200
    Facsimile:  503-968-8017

    Of Attorneys for Plaintiff MALBCO HOLDINGS, LLC, a Washington limited liability company