**Thomas L. Hutchinson**, OSB #994896
E-Mail: tom.hutchinson@bullivant.com
**Laura Caldera Taylor**, OSB #993786
E-Mail: laura.taylor@bullivant.com
BULLIVANT HOUSER BAILEY PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
Attorneys for Defendants Heetan B. Patel
and Heetal B. Patel

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MALBCO HOLDINGS, LLC**, a Washington limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>**BHUPENDRA R. PATEL** and **NILA B. PATEL**, husband and wife; **HEETAN B. PATEL**; **HEETAL B. PATEL-MANANI**; and **MUKESH PATEL**,<br><br>    Defendants. | Civil No.: 3:14-cv-947-PK<br><br>**DEFENDANTS HEETAN PATEL AND HEETAL PATEL'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES** |

Plaintiff Malbco Holdings, LLC moved to strike nine of defendants Heetan Patel and Heetal Patel's defenses on the grounds that those defenses are "legally insufficient" and improperly pled.  That motion should be denied because (1) the defenses are legally viable and (2) provide Malbco with fair notice of the nature of the defenses.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' AFFIRMATIVE DEFENSES
**Page 1**

## I.  INTRODUCTION

This case concerns a company, Malbco, which says that it was assigned Wells Fargo's interest in a promissory note and related trust deed and personal guaranties. *First Am. Compl.*, ¶ 14.  The borrower was Om Namah Laxmi LLC, the deed concerned an Idaho hotel, and the guarantors were Heetan and Heetal Patel's parents, Bhupendra (Bob) and Nila Patel.  *Id*. at ¶¶ 9-11.  By the time Wells Fargo assigned the note, it had started a receivership action against Om Namah Laxmi.  Bob and Nila Patel were not parties to that action.

As explained in the Response to Motion to Strike filed by Bob and Nila Patel (which Heetan and Heetal Patel join), Malbco then non-judicially foreclosed on the Idaho hotel for a $1,525,000 credit bid and obtained a deficiency judgment.  Prior to foreclosing, Malbco filed a request for a substitute receiver in the receivership action and had Jeffrey Lyman appointed as the new receiver.  Lyman was the Executive Vice President and Chief Operating Officer of Hospitality Associates.  According to its website, Malbco owner James Malloy joined Hospitality Associates in 1996 and is currently its Senior Vice President.  This information was not disclosed to the court in the receivership action—even though Idaho Code § 8-603 states that a receiver cannot be interested in the action—and, in fact, Lyman filed an Affidavit in which he testified that he was not "an interested party in the action."

Furthermore, in the receivership action Wells Fargo represented that the amount due and owing on the note was $4,575,893.48.  Wells Fargo also represented that the estimated value of the hotel was $2,100,000, and that the estimated value of the other collateral was $50,000.  Based on that, any deficiency judgment should not have exceeded $2,500,000.  Nevertheless, Malbco obtained a deficiency judgment in the amount of $3,903,294.12—and kept the Idaho hotel too.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**
**Page 2**

Malbco then filed this case, asserting claims under the Oregon Uniform Fraudulent Transfer Act against Heetan and Heetal Patel.  Heetan and Heetal Patel raised affirmative defenses (Third, Seventh, Ninth, and Tenth) that concern Malbco's conduct in connection with the non-judicial foreclosure sale, which resulted in an artificially low sales price for the Idaho hotel.  Those defenses are not a collateral attack on the deficiency judgment; instead, they set forth equitable and legal reasons that Malbco's ability to recover assets that were transferred to them should be reduced in whole or in part based on Malbco's conduct *in connection with the non-judicial foreclosure sale*.

Furthermore, Oregon law permits transferees to challenge the validity of a judgment upon which a fraudulent transfer action is based.  And even in jurisdictions where such a challenge is not permitted, Malbco's non-judicial foreclosure sale conduct constituted collusion.  As such, that conduct can be a basis for a reduction in the amount that Malbco may recover from Heetan and Heetal Patel even if these defenses constitute a collateral attack on the Idaho deficiency judgment.

## II.  LEGAL ANALYSIS

### A.    Standard of review.

Federal Rule of Civil Procedure 8 provides the "general rules of pleading."  Rule 8(a) governs pleadings that state a claim for relief (*e.g.*, complaints), Rule 8(b) governs responsive pleadings (*e.g.*, answers), and Rule 8(c) governs "affirmative defenses."  According to Rule 8(c), a defendant must "affirmatively state any avoidance or affirmative defense."  But unlike Rules 8(a) and 8(b), Rule 8(c) does not require a defendant to state its affirmative defenses in "short and plain" terms.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' AFFIRMATIVE DEFENSES
**Page 3**

Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense." Traditionally, a defense was considered sufficient under Rule 12(f) if it provided the plaintiff with "fair notice" of the defense. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The "fair notice" standard, however, was abrogated by the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)—and replaced with a heightened-pleading standard that requires a pleader to allege "plausible" grounds for the court's jurisdiction and a "plausible" claim for relief. Some courts—including courts in this district—have concluded that the *Twombly* and *Iqbal* heightened-pleading standard governs a Rule 12(f) motion to strike an affirmative defense.

Other courts, however, have concluded that the heightened-pleading standard does not govern a Rule 12(f) motion to strike an affirmative defense. *See*, *e.g*., *Trustmark Ins. Co. v. C & K Market, Inc*., 2011 WL 587574 (D. Or. (Mosman, J.) 2011) (declining to extend *Twombly* to affirmative defenses until the Ninth Circuit overrules *Wyshak*); *Doe ex rel. Christina H. v. Medford School Dist. 549C*, 2011 WL 1002166 (D. Or. (Clarke, J.) 2011) (same); *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 566 (S.D. Cal. 2012) (declining to extend *Twombly* to affirmative defenses) *Lane v. Page*, 272 F.R.D. 581, 589 n. 5 (D. N.M. 2011) (same). This Court should decline to apply the *Twombly* and *Iqbal* heightened-pleading standard to the challenged affirmative defenses because (1) *Wyshak* has not been overruled by the Ninth Circuit and (2) Rule 8(c), which governs affirmative defenses, is subject to a different standard than that for complaints under Rule 8(a) or answers under Rule 8(b). Simply put, Rule 8(c) does not require a "short and plain" statement and, therefore, is not subject to *Twombly* and *Iqbal*.

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**
**Page 4**

Furthermore, if the Court is in doubt as to whether the challenged defense may raise an issue of fact or law, the motion to strike should be denied, leaving the assessment of the sufficiency of the allegations for adjudication on the merits after proper development of the factual nature of the defense through discovery. *See generally Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010). Finally, even if one or more affirmative defenses are vulnerable to Malbco's motion to strike, courts freely grant leave to amend stricken pleadings unless it would prejudice the opposing party. *Wyshak*, 607 F.2d at 826; *see also* Fed. R. Civ. P. 15(a)(2).

**B.     The challenged defenses are legally sufficient.**

   **1.     Oregon law permits a transferee to "look behind a judgment" to determine if the amount of a debt is correct.**

ORS 95.290 states that "principles of law and equity, including … estoppel, laches, fraud, misrepresentation, duress, coercion, mistake, insolvency or other validating or invalidating cause, supplement" the Oregon Uniform Fraudulent Transfer Act. Several of Heetan and Heetal Patel's affirmative defenses (Third, Seventh, Ninth, and Tenth) implicate Malbco's misconduct in connection with the non-judicial foreclosure sale, which resulted in the Idaho hotel being sold for an amount less than its fair market value.

In its Motion to Strike, Malbco identifies a number of out-of-jurisdiction cases that have concluded that a transferee may only look behind a judgment if the judgment is tainted by fraud or collusion. *Mot. to Strike*, Dkt. # 31, at 6-8. But according to a pre-UFTA Oregon Supreme Court decision (discussed in Bob and Nila Patel's Response), a transferee against whom a fraudulent transfer claim is brought may also look behind a judgment to determine the validity of the debt that a creditor bases its claim upon. *Davis v. Davis*, 20 Or.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' AFFIRMATIVE DEFENSES
Page 5

78, 83-84, 25 P. 140 (1890). Here, Heetan and Heetal Patel raise defenses that challenge Malbco's conduct in connection with the non-judicial foreclosure sale, which resulted in a low sales price for the Idaho hotel, which increased the amount that Malbco seeks to recover from Heetan and Heetal Patel in this action. Those defenses, therefore, challenge the validity of the debt on which Malbco bases its claim—and are proper under Oregon law.

Under these circumstances, the challenged defenses should not be stricken as legally insufficient on the basis that they are invalid as a matter of law.

### 2. The defenses raise collusion issues.

In the cases cited by Malbco for the proposition that a transferee in a fraudulent transfer case is bound to the underlying judgment and may not collaterally attack it, an exception is noted for judgments obtained by fraud *or collusion*. *See Mansfield v. Pierce*, 1998 WL 433304, at *5 (4th Cir. 1998) (so noting); *Commerce Bank of Lebanon v. Halladale A Corp.*, 618 S.W.2d 288, 291 (Mo. Ct. App. 1981) (same); *Nelson v. Boe*, 226 Ala. 582, 587 (1933) (same). Here, certain of Heetan and Heetal Patel's affirmative defenses (Third, Seventh, Ninth, and Tenth) concern the apparent collusion between Malbco and the receiver for the Idaho hotel (discussed in Bob and Nila Patel's Response). As a result of that collusion, Malbco was the only bidder in the foreclosure sale and obtained the hotel at a below-market price.

These defenses should therefore be permitted to proceed, Heetan and Heetal Patel should be permitted to obtain discovery on them, and they should be permitted to present evidence during trial proving collusion. *See Bolton v. Logan*, 46 Cal. App.2d 739, 740, 116 P.2d 801 (1941) (in a case involving a challenge to a judgment of foreclosure, the court held that evidence of collusion involved in a foreclosure proceeding was properly admitted).

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**
**Page 6**

### 3. Heetan and Heetal Patel are not issue precluded from challenging the foreclosure proceeding or the deficiency judgment.

Although Malbco argues that Heetan and Heetal Patel are issue precluded from challenging the Idaho proceedings, they misinterpret the law regarding issue preclusion. First, they offer no authority supporting the notion that issue preclusion bars challenges to judgments obtained through fraud or collusion; indeed, if it did, then issue preclusion would take away the recognized bases for a collateral attack on a judgment. Second, even if issue preclusion could apply, it couldn't bar challenges based on fraud or collusion unless those issues were actually litigated in the prior proceedings (which they weren't). Third, there was no judicial determination regarding the Idaho hotel's fair market value in the Idaho proceeding. Fourth, Heetan and Heetal Patel are not in "privity" with their parents with respect to the foreclosure proceeding or the Idaho judgment. They have an independent interest in those proceedings because the impact of Malbco's collusion with the receiver is the possibility of a greater judgment against them in this proceeding. And again, allowing them to address the collusion and fair market value issues in this proceeding will not entail the "relitigating" of any issue decided in the Idaho case.[1]

---

[1] Finally, even if the Court concludes that the challenged defenses are impermissible collateral attacks on the deficiency judgment, the defendants should be permitted to look behind the judgments to determine when Malbco became a "creditor"—and whether it attained the status as a creditor prior to entry of the deficiency judgment. The timing of Malbco's acquisition of any debt relative to the dates of various challenged transfers is relevant (a) to the question of which statutes will be applied to which transactions and (b) which limitations period will apply. Thus, as part of defending Malbco's claims, defendants should be able to inquire whether Malbco was a creditor (or even an anticipated future creditor) prior to judgment. That inquiry would include any failure to demand payment by Bob and Nila Patel and failure of an effective assignment of the guaranties to Malbco.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**
**Page 7**

    **4.**    **The "transaction at issue" with respect to the unclean hands doctrine includes Malbco's conduct in obtaining the "claim" on which it brings its UFTA action.**

"[A party] who comes into equity must come with clean hands." *McKee v. Fields*, 187 Or. 323, 326, 210 P.2d 115 (1949). The unclean hands doctrine applies to a broad range of misconduct. *See Martin v. Allbritton*, 124 Or. App. 345, 351-52, 862 P.2d 569 (1993) (quoting *Baxter v. Redevco, Inc.*, 279 Or. 117, 121, 566 P.2d 501 (1977) ("[A] litigant may be denied relief by a court of equity on the ground that his conduct has been inequitable, unfair and dishonest, or fraudulent and deceitful as to the controversy in issue.")); *see also N. Pac. Lumber Co. v. Oliver*, 286 Or. 639, 651, 596 P.2d 931 (1979) (noting that courts have applied doctrine of unclean hands when plaintiff's conduct constituted a crime, fraud, or bad faith). The purpose of the doctrine "is to deny equitable relief to a party that, by its actions, has disqualified itself from the assistance of a court of conscience." *Thompson v. Coughlin*, 144 Or. App. 348, 352, 927 P.2d 146 (1996), *rev'd on other grounds*, 329 Or. 630, 997 P.2d 191 (2000). The doctrine "is applied for the protection of the court and not for the benefit of the defendant, who may in fact be equally affected with the improper transaction," *Oliver*, 286 Or. at 650; thus, the trial court "may invoke the doctrine on its own motion," *Merimac Co. v. Portland Timber*, 259 Or. 573, 580, 488 P.2d 465 (1971).

    Under the Oregon Uniform Fraudulent Transfer Act, a "creditor" is defined as "a person who has a claim against a debtor." ORS 95.200(4). A "claim," in turn, is defined as "a right to payment." ORS 95.200(3). Only "creditors" with a "claim" can pursue a UFTA action against a transferee. *See* ORS 95.230; 95.240. Thus, in order to prove its UFTA claim, Malbco will need to prove that it is a "creditor" with a "claim"—and it will need to prove that the amount of its claim is valid.

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**
**Page 8**

*GE Capital Commercial, Inc., v. Worthington National Bank*, No. 3:09-CV-0572-L, 2011 WL 5025153, at *1 (N.D. Tex. Oct. 20, 2011) (Lindsay, J.) is instructive.  There, GE Capital sought the equitable remedy of avoiding the transfer of approximately $2.5 million Worthington National Bank received in repayment of a line of credit it extended to a company called Wright & Wright.  Worthington National Bank argued that GE Capital came to the court with unclean hands because it made three transfers to Wright and Wright's deposit account at Worthington, all of which were applied to repay the credit line, because each wire provided instructions from GE Capital that the funds were to be applied by Worthington as a "payoff on loan."

GE Capital moved to strike Worthington's unclean hands defense arguing, as Malbco does here, that the court should take a restrictive view of the doctrine.  GE Capital argued that it was not a party to the transfers it sought to avoid, which occurred after the three transfers identified above, and as such the three transfers it made should not be considered as part of Worthington's unclean hands defense.  The court disagreed finding that there was "a sufficient nexus between the three wire transfers from GECC to Wright & Wright and the payoff of the line [of] credit to establish that they are connected.  The court therefore determines that the doctrine of unclean hands applies and requires consideration of GECC's conduct in relation to the three original transfers from GECC to Wright & Wright's account at Worthington." *Id.* at * 7.

Accordingly, the "transaction at issue" in this case is not just the asset transfers between Bob and Nila Patel and their children, but also includes Malbco's collusion with the receiver which resulted in an inflated "claim."  And because the unclean hands doctrine embraces all inequitable, unfair, and dishonest conduct that relates to the parties, the

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**
**Page 9**

"transaction at issue" should also be broad enough to include Malbco's racial targeting of Bob and Nila Patel and their effort to take other hotels owned by the Patel family.

Under these circumstances, the unclean hands defense should not be stricken.

**C.    The challenged defenses provide Malbco fair notice of the nature of the defenses.**

An affirmative defense is insufficiently pleaded only if it fails to give the plaintiff fair notice of the nature of the defense. *See Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (citing *Wyshak*, 607 F.2d at 827). A Rule 12(f) motion will not "be granted if there is a substantial question of fact or a mixed question of law and fact that cannot be resolved, even if it is possible to determine the issue by drawing inferences from acts and statements that are not disputed." *Cyber Acoustics, LLC v. Belkin Intern., Inc.*, 988 F. Supp.2d 1236, 1239-40 (D. Or. 2013) (quoting C. Wright, A. Miller, et al., 5C *Fed. Prac. & Proc. Civ.* § 1381 (3d ed.).

As an initial point, it is apparent that Malbco understands that Heetan and Heetal Patel's failure to mitigate (Third Affirmative Defense), estoppel (Seventh Affirmative Defense), unjust enrichment (Ninth Affirmative Defense), and unclean hands (Tenth Affirmative Defense) all relate to Malbco's conduct in connection with the foreclosure proceeding. In Malbco's Motion to Strike, it makes reference to counsel's December 9, 2014 letter to the Court, in which the foreclosure-related conduct is discussed. If the Court finds that these defenses do not adequately give Malbco fair notice of the nature of these defenses, then Heetan and Heetal Patel request leave to amend them. Malbco cannot claim prejudice if leave to amend is allowed, since the defenses were first raised in September and not challenged until December—after Malbco filed an amended complaint (which only corrected

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**
**Page 10**

Nila Patel's name and added a few additional transfer allegations) in November and defendants raised identical affirmative defenses in their answer to that pleading.[2]

### 1. Failure to mitigate.

A party injured by a breach of contract (such as a promissory note) has the burden of proving what damage, if any, it suffered as a result of the breach, *Kulm v. Coast-to-Coast Stores Central Organization, Inc.*, 248 Or. 436, 442, 432 P.2d 1006 (1967), and has a duty to make reasonable efforts to minimize its loss, *Schafer v. Sunset Packing Co.*, 256 Or. 539, 542, 474 P.2d 529 (1970). A plaintiff who fails to mitigate cannot recover for that portion of the loss it reasonably could have avoided. *Schafer*, 256 Or. at 542.[3]

Malbco foreclosed on property that secured the note, and thereby mitigated a portion of the damages caused by the breach of the note. However, by engaging in collusion with the receiver and driving down the sale price for the hotel, Malbco increased its alleged damages that it sought in the deficiency action and, now, in this action. By doing so, and by manufacturing a situation where there were no competitive bids on the property, Malbco failed to mitigate its damages.

If the Court finds that this defense does not adequately give Malbco fair notice of the nature of the defense, Heetan and Heetal Patel request leave to amend it.

---

[2] Heetan and Heetal Patel agree to dismissal of their laches (Fifth Affirmative Defense) and waiver (Eighth Affirmative Defense) defenses.

[3] As discussed above, the transaction at issue here is not simply the transfers to Heetan and Heetal Patel—but includes Malbco's collusion with the receiver which resulted in an inflated "claim" on which it seeks to recover in this action.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**
**Page 11**

### 2. Satisfaction.

By foreclosing on the Idaho hotel, Malbco obtained at least partial satisfaction for the underlying loan. Heetal and Heetan Patel are entitled to a credit in the amount of the hotel's non-collusive fair market value in the event that Malbco proves its Oregon UFTA claims against them. If the Court finds that this defense does not adequately give Malbco fair notice of the nature of the defense, Heetan and Heetal Patel request leave to amend it.

### 3. Estoppel.

Under Oregon law, equitable estoppel can be found in circumstances where there has "been some omission, misconduct, misrepresentation, or fraud by the party against whom the estoppel is asserted … which caused another to be misled and, because of being misled, to have been induced to have altered his position." *Security S. & T. Co. v. Portland Flour Mills Co.*, 124 Or 276, 292, 261 P 432, 437 (1927). "The very basis of an equitable estoppel is that the party against whom it is urged, or someone in privity with him, has said or done something which he ought not to have said or done, or has omitted to say or do something which he ought to have said or done, and because thereof, some other person has been misled and thereby induced to change his position in some material respect." *Id*.

Here, Malbco's conduct in connection with the foreclosure sale resulted in an artificially low sale price for the Idaho hotel, which in turn resulted in an Idaho court being misled into entering a deficiency judgment that was higher than it should have been, and would have been, without Malbco's misconduct.

If the Court finds that this defense does not adequately give Malbco fair notice of the nature of the defense, Heetan and Heetal Patel request leave to amend it.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**
**Page 12**

### 4. Unjust enrichment.

"The elements of the quasi-contractual claim of unjust enrichment are (1) a benefit conferred, (2) awareness by the recipient that she has received the benefit, and (3) it would be unjust to allow the recipient to retain the benefit without requiring her to pay for it." *Cron v. Zimmer*, 255 Or. App. 114, 130, 296 P.3d 567 (2013).

Here, by obtaining property that was more valuable than the extent to which the underlying debt was reduced, Malbco obtained a benefit when it foreclosed on the Idaho hotel and paid an artificially low purchase price. That benefit came at the expense of Bob and Nila Patel (the loan guarantors) and Heetan and Heetal Patel (if Malbco is allowed to recover against them). Malbco should be required to credit the full market value of the Idaho hotel as an offset against the amounts it seeks to recover in this lawsuit.

If the Court finds that this defense does not adequately give Malbco fair notice of the nature of the defense, Heetan and Heetal Patel request leave to amend it.

### 5. Unclean hands.

As explained above, the unclean hands defense encompasses Malbco's collusion with the receiver which resulted in an inflated "claim." And because the unclean hands doctrine embraces all inequitable, unfair, and dishonest that relates to the parties, it also includes Malbco's racial targeting of Bob and Nila Patel and their effort to take other hotels owned by the Patel family.

If the Court finds that this defense does not adequately give Malbco fair notice of the nature of the defense, Heetan and Heetal Patel request leave to amend it.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**
**Page 13**

**6.     Anti-deficiency statutes.**

Malbco's only challenge to this defense is that the defendants have failed to specify the applicable anti-deficiency statute at issue. Heetan and Heetal Patel request leave to amend this defense to do so.

**7.     Public policy.**

Malbco's only challenge to this defense is that the defendants have failed to specify the applicable public policies at issue. Heetan and Heetal Patel request leave to amend this defense to do so.

### III.  CONCLUSION

For the foregoing reasons, Malbco's motion to strike should be denied.

DATED:  December 19, 2014

                BULLIVANT HOUSER BAILEY PC


                By   */s/ Laura Caldera Taylor*
                    **Thomas L. Hutchinson,** OSB #994896
                    **Laura Caldera Taylor,** OSB #993786
                    Telephone: 503.228.6351
                    Attorneys for Defendants Heetan B. Patel
                    and Heetal B. Patel

15351509.1

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**
**Page 14**