IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MALBCO HOLDINGS, LLC,
a Washington limited liability company,

                Plaintiff,                      6:14-cv-00947-PK

v.                                                   OPINION AND ORDER

BHUPENDRA PATEL and NILA PATEL;
HEETAN PATEL and HEETAL PATEL-MANANI;
and MUKESH PATEL,

                Defendants.

PAPAK, Magistrate Judge:

       Plaintiff Malbco Holdings, LLC ("Malbco") brings this diversity action against defendants alleging that they carried out fraudulent transfers in violation of Oregon law. Now

Page 1 - OPINION AND ORDER

before the court is Malbco's Motion to Strike Defendants' Affirmative Defenses (#31) ("motion to strike"). For the reasons that follow, Malbco's motion is granted in part and denied in part.

## BACKGROUND

This action arises out of a series of disputes surrounding a $4.3 million promissory note delivered to Wells Fargo in 2006, to which defendants Bhupendra and Nila Patel are guarantors. As part of that agreement, a trust deed was executed against real property in Idaho to ensure payment on the promissory note. In 2012, the note was assigned to Malbco. Subsequently, Bhupendra and Nila Patel failed to make payments on the note. Malbco brought a foreclosure suit in Ada County Circuit Court, an Idaho court ("the Idaho lawsuit"), against Bhupendra and Nila Patel and was awarded summary judgment in the amount of $3.9 million. *Malbco Holdings, LLC v. Om Namah Laxmi, LLC et al.*, No. CV OC 2014-17635 (Idaho 4th Dist. Dec. 3, 2013). That judgment remains unfulfilled.

Malbco alleges that, between 2010 and 2013, Bhupendra and Nila Patel transferred large amounts of property and assets for no consideration to defendants Heetan and Heetal Patel, their son and daughter. Amended Complaint, #26, 5. Additionally, Malbco alleges that Bhupendra Patel entered into a personal obligation with defendant Mukesh Patel, his brother, for a $500,000 line of credit which Bhupendra has allegedly paid down to $247,000. Malbco argues that all of these transfers were made in violation of ORS 95.240 and 95.230, based on Bhupendra and Nila Patel's unpaid debt arising from the Idaho judgment.

Malbco filed its amended complaint in the instant case on November 4, 2014. Defendant Mukesh Patel filed his answer on November 24, 2014 (#29). All other defendants filed their answers to Malbco's amended complaint on November 21, 2014. Malbco now moves to strike

Page 2 - OPINION AND ORDER

defendants' affirmative defenses, based on arguments of legal and pleading insufficiency, pursuant to Fedederal Rule of Civil Procedure ("Rule") 12(f).

## STANDARD

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter . . . on its own . . . or . . . on motion . . . ." Fed. R. Civ. P. 12(f).

Whether an affirmative defense is sufficiently pleaded may be determined by whether it gives plaintiff fair notice of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citation omitted). "An affirmative defense is legally insufficient only if it clearly lacks merit under any set of facts the defendant might allege." *Cyber Acoustics LLC v. Belkin Int'l. Inc.*, 988 F. Supp. 2d 1236, 1240 (D. Or. 2013); *Polk v. Legal Recovery Law Offices*, 291 F.R.D. 485, 489 (S.D. Cal. 2013) (internal quotation marks omitted).

## DISCUSSION

Malbco moves on several grounds to strike an array of affirmative defenses from the various answers filed by defendants. First, Malbco argues that four affirmative defenses, pleaded separately by defendants Heetan and Heetal Patel as well as Bhupendra and Nila Patel, should be stricken for legal insufficiency as they relate to the equitable doctrine of unclean hands. Those defenses are (1) failure to mitigate damages; (2) estoppel; (3) unjust enrichment; and (4) discharge.

Second, Malbco generally challenges "all affirmative defenses that seek to attack the state court judgment." Pl.'s Motion to Strike, #31, 4 n.1. To that end, Malbco moves against: (1) affirmative defense numbers 3–7, 9–12, and 14 asserted by defendants Bhupendra and Nila Patel

Page 3 - OPINION AND ORDER

in their answer (#28); (2) affirmative defense numbers 3, 5–7, and 9–1 2 asserted by Heetan and Heetal Patel in their answer (#27); and (3) the affirmative defenses contained in ¶¶ 28 and 30 of Mukesh Patel's answer (#29). *Id.*

Third, Malbco argues that the remaining affirmative defenses fail under its interpretation of the pleading standards for affirmative defenses. I will address each issue in turn.

I.  **Legal Sufficiency of Affirmative Defenses**

In its challenge , Malbco moves to strike defendants' affirmative defenses arising under the equitable doctrine of unclean hands, arguing that those defenses are legally insufficient insofar as they fail to satisfy the requirements for that doctrine. Additionally, Malbco moves against all affirmative defenses that purportedly seek to attack the judgment rendered against defendants Bhupendra and Nila Patel in the Idaho lawsuit. Pl.'s Motion to Strike, #31, 4 n.1. Malbco asserts that all such defenses intended to undermine or circumvent the outcome of the Idaho lawsuit are legally insufficient because they are barred by the doctrines of *res judicata* and collateral estoppel. *Id.*; Def. H. and H. Patel's Response in Opp. to Pl.'s Motion to Strike ("H.H. Response"), #36, 5.

A.  **Unclean Hands Defenses**

To attack defendants' unclean hands defense, Malbco refers to various aspects of a letter sent to this Court on December 9, 2014, by defendants Heetan and Heetal Patel's counsel, Laura Caldera Taylor. Pl.'s Motion, #31, 9. Specifically, counsel's letter and subsequent response in opposition to plaintiff's motion suggest that Malbco appointed a receiver, an executive of Hospitality Associates, who may have been interested in the outcome of the action, in violation of Idaho law, due to Malbco's owner's involvement in that entity as an executive. *See* H.H.

Response, #36, 2; Letter from L. Caldera Taylor to Judge Paul Papak at 2 (Dec. 9, 2014). Counsel states that "[t]hese facts are concerning . . . [and] raise questions about whether notice was properly given." *Id.* Additionally, counsel alleges, the judgment awarded to Malbco in the amount of approximately 3.9 million was excessive due to the fact that the original loan amounted to approximately 4.3 million dollars and allowed Malbco to keep the property, a hotel, for which the loan was secured. Malbco retained the hotel and it allegedly "remains a featured property in Hospitality Associates' portfolio today." *Id.*

I find that these allegations are legally insufficient to give rise to the equitable defense of unclean hands. Contrary to the applicable law governing *res judicata*, discussed below, Oregon law governs the legal sufficiency of defendants' unclean hands defense. Accordingly, it is a well established principle that "a party's unclean hands will preclude him from obtaining equitable relief only when the wrongdoing is related to the transaction giving rise to the claim . . . ." *North Pac. Lumber Co. v. Oliver*, 286 Or. 639, 653 (1979). To support an unclean hands theory, the alleged bad conduct must arise from the transaction complained of. *Id.* In this case, the transactions at issue are the alleged fraudulent transfers. Defendants do not allege that Malbco was involved in those transfers.

Defendants contend that I should consider their allegations of Malbco's collusion in the receivership action in relation to the alleged asset transfers at issue. H.H. Response, #36, 9. In support of their contention, defendants compare the facts of this case to those of *GE Capital Commercial, Inc. v. Worthington National Bank.* 2011 WL 5025153 (N.D. Tex. Oct. 20, 2011). There, the court properly applied the doctrine of unclean hands against a plaintiff that participated in the same alleged fraudulent transfers giving rise to its claim for relief. The court

Page 5 - OPINION AND ORDER

found that participation created a "sufficient nexus" between the plaintiff and the transfers at issue, thus sullying the plaintiff's hands in satisfaction of the doctrine. *Id.* at *6–7. I find that case distinguishable. Here, Malbco brings an action alleging fraudulent transfers between the various defendants in violation of Oregon law and a prior judgment in Malbco's favor. Importantly, defendants did not raise these allegations in the Idaho lawsuit, nor did they flag any of these concerns after those proceedings in an attempt to overturn that judgment. For these reasons, I decline to draw a nexus between defendants' allegations of collusion and the fraudulent transfers giving rise to Malbco's claim. As such, the doctrine of unclean hands is inapplicable in this case.

Finally, defendants assert that Malbco may be "engaged in a business practice of targeting small hotel business owned by families of Indian descent by purchasing and foreclosing on distressed debt owned by the families." Caldera Letter 3 (Dec. 9, 2014). In response, Malbco argues that "[d]efendants were already in breach of their personal guaranties when Malbco purchased the loan" and that Malbco entered into the foreclosure proceedings after its "predecessor-in-interest had already started taking steps based on the defaulted note." Pl.'s Motion, #31, 11. Defendants' allegations of racial targeting to support their unclean hands defense are legally insufficient, as Malbco's purchase of defendants' distressed loan was entirely unrelated to the alleged fraudulent transfers in the instant case.

Thus, Malbco's motion to strike is granted as to defendants' affirmative defenses asserting unclean hands, namely: (1) failure to mitigate damages; (2) estoppel; (3) unjust enrichment; and (4) discharge. Defendants may amend their answers and replead any dismissed affirmative defenses, but only to the extent those affirmative defenses are not based on the

receivership action and the Idaho judgment. Additionally, discovery related to those defenses is denied.

### B. *Res Judicata* and Collateral Estoppel

Federal courts may not employ their own rules of *res judicata* in determining the effect of state judgments, but must instead look to the laws of the state in which the judgment was rendered. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S.Ct. 1327, 1331–32 (1985); *see U.S. ex rel. Robsinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244 (9th Cir. 1992). In this case, the legal sufficiency of affirmative defenses seeking to subvert the judgment from the Idaho lawsuit is governed by Idaho law. *See generally Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481–82, 102 S. Ct. 1883, 1889 n.6 (1982) (explaining that federal courts are required "to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged").

Malbco argues, and I agree, that Idaho law governing *res judicata* bars defendants from relitigating issues from the Idaho lawsuit in this court. "The general rule is that once a judgment is entered it is *res judicata* with respect to all issues which were or could have been litigated." *Compton v. Compton*, 101 Idaho 328, 333 (1980); *Magic Valley Radiology, P.A. v. Kolouch*, 123 Idaho 434, 436–37 (1993). Further, Idaho applies the "transactional" approach to *res judicata*, which maintains that "[i]n an action between the same parties upon the same claim or demand, the former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim but also as to every matter which might and should have been litigated in the first suit." *Weldon v. Bonner County Tax Coalition*, 855 P.2d 868, 872

Page 7 - OPINION AND ORDER

(Idaho 1993).

Defendants Heetan and Heetal Patel argue that, as transferees, they are not similarly bound to the Idaho judgment as defendants Bhupendra and Nila Patel, who were parties to the original suit, and that they should be allowed to collaterally attack the Idaho judgment. H.H. Response, #36, 6. The parties agree that Idaho law is unclear as to whether transferees of fraudulent conveyances are bound by an underlying judgment against a debtor-transferor. In support of their respective positions, the parties argue that I should apply principles from other jurisdictions that have explicitly decided this issue. *See Mansfield v. Pierce*, 1998 WL 433304, *5 (4th Cir. July 27, 1998); *Commerce Bank of Lebanon v. Halladale A Corp.*, 618 S.W.2d 288, 291 (Mo. Ct. App. 1981).[1] In *Mansfield v. Pierce*, a case arising under North Carolina law regarding alleged fraudulent transfers in violation of a judgment from Florida, the Fourth Circuit specifically notes that state law had not answered whether transferees of fraudulent conveyances had a right to attack a judgment against a debtor-transferor. Nonetheless, in the absence of such guiding law, the court applied the following principle:

> A judgment which has been obtained by a defrauded creditor is, as against the transferee of the property, conclusive as to the fact of

---

[1] Defendants, in their responses to Malbco's motion, rely on *Davis v. Davis,* an 1890 Oregon Supreme Court case deciding whether a transferee in a fraudulent transfer case could "look behind" a judgment to determine whether a debt arising from that judgment actually existed. 20 Or. 78, 83 (1980). The *Davis* court held that, for the limited purposes of that case, a defendant was allowed to inquire into a promissory note upon which the judgment was founded. *Id.* The court made clear that it allowed the inquiry simply to determine if a debt existed under the note in question, as the only evidence supporting the existence of the debt was the testimony of the plaintiff. *Id.* at 83–84. Although the principles of *Davis* shed a light on Oregon's jurisprudence in the context of collateral attacks by fraudulent transferees, I find the circumstances distinguishable. Whether a debt existed between defendants Bhupendra and Nila Patel and Malbco is not in contention, nor is there an instrument solely supported by evidence proffered by an interested party, as in *Davis*. *Davis* is therefore unpersuasive in this case.

Page 8 - OPINION AND ORDER

> indebtedness on which it is based, provided that the judgment has been rendered by a court of competent jurisdiction, and that there is nothing to show fraud or collusion . . .

*Mansfield v. Pierce*, 1998 WL 433304, *5. Additionally, the Missouri Court of Appeals has analyzed this issue and applied the same principle, reasoning that

> Solemn adjudications would be of little force if judgment debtors, owning property to which the lien of the judgment did not attach, could donate it and the donee could then compel the judgment creditor to relitigate questions which were appropriately triable in the original proceeding. This, in effect, would be an improper method of securing a new trial without resorting to the usual legitimate course of filing a motion for new trial in the original proceeding. . . The judgment is conclusive, not only as between the parties to it, but as against the grantees to whom the judgment debtors conveyed the property sought to be subjected to its payment.

*Commerce Bank of Lebanon v. Halladale A Corp.*, 618 S.W.2d 288, 291.

Although Idaho courts have not explicitly decided this issue, I find that Idaho law regarding the preclusive effect of judgments supports the application of the above theories, specifically that judgments against debtor-transferors are conclusive as to transferees unless they are tainted by fraud or collusion. The Idaho Supreme Court has held that a judgment may only be directly attacked if it was rendered by a court without jurisdiction or if the judgment is corrupted by extrinsic fraud. *Tingwall v. King Hill Irr. Dist.*, 66 Idaho 76, 82–83 (1945). Here, defendants' affirmative defenses alleging collusion are collateral attacks on the Idaho judgment. *See Wright v. Atwood*, 33 Idaho 455 (1921) (defining "collateral attack" as "an attempt to impeach a decree in a proceeding not instituted for the express purpose of annulling, correcting, or modifying the decree or enjoining its execution"). In Idaho, a collateral attack alleging collusion or fraud upon the court is subject to a higher bar than a direct attack, and is proper only if extrinsic fraud appears on the face of the judgment. *Tingwall*, 66 Idaho at 83 (collecting

Page 9 - OPINION AND ORDER

cases). Taking into account the collusion allegations posited by defendants in support of both their unclean hands defense and their defenses challenging the binding nature of the Idaho judgment, I find that no such fraud appears on the face of the Idaho judgment.[2] While I attach primary importance to Idaho's strict requirements for collateral attacks on judgments, I also note that the collusion alleged here does not necessarily go to the judgment itself. Instead, defendants raise defenses that challenge Malbco's alleged conduct in connection with the non-judicial foreclosure sale, which allegedly resulted in a low sales price for the Idaho hotel, which allegedly increased the amount that Malbco now seeks to recover from defendants Heetan and Heetal Patel. H.H. Response, #36, 6. This causal chain is tenuous at best, and certainly does not rise to the level of fraud on the face of the Idaho judgment. Thus, I decline to entertain defendants' collateral attacks on the Idaho judgment.

Malbco correctly asserts that Idaho courts have applied the rule against collateral attacks both to parties to the original suit as well as their privies. Pl's Reply, #37, 3 (citing *State ex rel. Rich v. Wolfe*, 80 Idaho 563, 568 (1959)). Malbco argues that defendants Heetan and Heetal Patel are in privity with defendants Bhupendra and Nila Patel and are therefore barred from collaterally attacking the Idaho judgment. For a defendant who was not a party to the prior suit to be in privity with respect to that action, Idaho law requires a showing that the new defendant

---

[2] Malbco points the Court to Idaho case law requiring parties to show an extreme degree of fraud in independent actions to set aside final judgments. *See* Pl.'s Reply, #37, 4 (citing to *Bodine v. Bodine*, 105 Idaho 477, 478 (1983)). Because I construe any potential efforts by defendants to attack the final judgment arising from the Idaho lawsuit through affirmative defenses as collateral attacks, I do not reach this "degree of fraud" issue. Equally, I do not reach several cases proffered by defendants on the subject of motions to set aside default judgments. *E.g., Cuevas v. Barraza*, 146 Idaho 511 (Ct. App. 2008).

"derived a direct interest in the outcome of the former litigation from the prior defendants." *Gubler By and Through Gubler v. Byrdon*, 125 Idaho 107, 110 (1994). Defendants Heetan and Heetal Patel contend that they

> are not in 'privity' with their parents with respect to the foreclosure proceeding or the Idaho Judgment. They have an independent interest in those proceedings because the impact of Malbco's collusion with the receiver is the possibility of a greater judgment against them in this proceeding.

H.H. Response, #36, 7. This characterization of defendants' interest belies their argument against privity. Defendants Heetan and Heetal Patel have no interest in relitigating aspects of the Idaho lawsuit that is independent of that judgment's effect on their parents, Bhupendra and Nila Patel, as transferors. Because a judgment in the present case against Bhupendra and Nila Patel as alleged fraudulent transferors in violation of the Idaho judgment would only impact Heetan and Heetal Patel as alleged transferees, Heetan and Heetal's collective interest in the Idaho judgment derives directly from their parents as prior defendants in that suit and therefore places them squarely within Idaho's legal framework for establishing privity. *See, e.g., First Nat'l Bank v. Hays*, 7 Idaho 139, 61 P. 287 (1900) (grantees were deemed privies to a judgment lien entered against their grantor); *see also Smith v. Kessler*, 22 Idaho 589, 127 P. 172 (1912) (assignee of tax sale certificate is in privity with assignor); *cf. Commerce Bank of Lebanon v. Halladale A Corp.*, 618 S.W.2d 288, 291 (finding privity where "[d]efendants claim the property in controversy under the judgment debtors. . . . At the time of the transfer, the [property] was liable for the payment of the debts of the grantors. The conveyance being voluntary, the grantees took the property subject to the right, implied by law, in existing creditors, to have it appropriated to the

Page 11 - OPINION AND ORDER

payment of such demands as might in good faith be adjudged in their favor against the grantors"). Thus, I conclude that no reasonable jury could find that defendants Heetan and Heetal Patel are not in privity with defendants Bhupendra and Nila Patel with respect to their interest in the Idaho judgment. Further, I extend this reasoning to defendant Mukesh Patel and the affirmative defenses asserted in ¶¶ 28 and 30 of his Answer to Amended Complaint (#29). Although Mukesh Patel failed to respond to Malbco's motion pursuant to Local Rule 7-1(e), his defenses are subject to the same collateral estoppel and *res judicata* analysis as defendants Heetan and Heetal Patel given the fact that Mukesh Patel's interest in the Idaho judgment derives directly from Bhupendra and Nila Patel as parties to that action.

Therefore, under relevant Idaho law governing claim and issue preclusion, as well as Idaho law governing collateral attacks alleging fraud upon the court, defendants' affirmative defenses attempting to collaterally attack the final judgment arising from the Idaho lawsuit are legally insufficient. Malbco's motion to strike those defenses is granted and discovery related to those issues is denied. All defendants are granted leave to amend their answers and replead affirmative defenses in a manner that is consistent with this opinion and that does not attempt to relitigate issues from the Idaho lawsuit.

### C. The Idaho Judgment and Malbco's Status as a Creditor

Defendants further employ *Davis v. Davis* to support the argument that they "are entitled to offer evidence and discover information regarding whether or not Malbco is now a creditor and for what sum" as well as "when Malbco became a creditor and for what sum." Def. B. and N. Patel's Response in Opp. to Pl.'s Motion to Strike ("B.N. Response"), #35, 3, 6 (emphases

omitted); H.H. Response, #36, 5. As discussed above, defendants are barred from attempting to relitigate items established by the Idaho judgment, including but not limited to whether a debt existed; whether defendants Bhupendra and Nila Patel were unconditional guarantors on that debt; whether and when the note was transferred from Wachovia to Wells Fargo; and whether and when the debt was defaulted upon. *See Malbco Holdings, LLC v. Om Namah Laxmi, LLC et al.*, No. CV OC 2014-17635 at *3.

I agree with defendants that "it will be imperative to determine Malbco's 'creditor' status at the time of each challenged transfer" to inform defendants which aspects of relevant Oregon fraudulent transfer law must be proven against them. B.P. Response, #35, 7. However, the Idaho judgment, which remains sound and unaffected by defendants' attempted collateral attacks, offers much of the information for which defendants now seek discovery. Absent a formal showing that additional information is necessary, discovery of information already established by the Idaho judgment is denied.

## II.  Pleading Sufficiency of Affirmative Defenses

Next, Malbco argues that this court should "strike defendants' affirmative defenses because they have not been plead in a manner that gives Malbco any notice of what they are actually about." Pl.'s Motion, #31, 11. Malbco cites to unsettled case law governing notice pleading to argue that defendants must do more than allege mere legal conclusions and boilerplate assertions of legal principals. *Id.*

Malbco argues that I should apply the "plausibility" pleading standard established by *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* to defendants' affirmative defenses. 550 U.S.

544 (2007); 556 U.S. 662 (2009). I decline to do so. While Malbco is correct that other courts have applied the principles of those cases to affirmative defenses, I remain bound by *Wyshak v. City National Bank*, 607 F.2d 824 (9th Cir. 1979). In that case, the Ninth Circuit declared that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827 (citing *Conley v. Gibson*, 355 U.S. 41, 78 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).[3]

Under these standards, Malbco's motion to strike defendants' affirmative defenses for insufficient pleading is denied as it applies to the vast majority of defendants' affirmative defenses because, as pleaded, those defenses give Malbco fair notice under the *Wyshak* standard. However, Malbco's motion is granted as it applies to defendants' affirmative defenses invoking anti-deficiency statutes and public policy because those defenses fail to specify the relevant statutes or policies at issue. As requested in their response, defendants are granted leave to amend those defenses. Otherwise, defendants have sufficiently pleaded their remaining affirmative defenses and put Malbco on fair notice thereof, per *Wyshak*. 607 F.2d at 827.

## CONCLUSION

For the reasons discussed above, Malbco's motion to strike (#31) is granted in part as it applies to defendants Heetan, Heetal, Bhupendra and Nila Patel's affirmative defenses of (1) unclean hands, (2) anti-deficiency, (3) public policy, and (4) all such defenses that constitute

---

[3] I note that *Wyshak's* holding was not explicitly dislodged by the abrogation of *Conley v. Gibson*. Of primary importance is the dissimilarity between Rule 8(a), on which *Twombly* and *Iqbal* solely focus, and Rule 8(c). *Compare* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief *must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief*") *with* Fed. R. Civ. P. 8(c) ("[A] party must *affirmatively state* any avoidance or affirmative defense"). (emphases added).

Page 14 - OPINION AND ORDER

attempts to relitigate issues from the Idaho lawsuit. Malbco's motion is also granted as to the affirmative defenses pleaded by Mukesh Patel in ¶¶ 28 and 30 of his answer. Discovery is denied as to matters decided by the Idaho lawsuit or contained within the Idaho judgment. Defendants are granted leave to amend their affirmative defenses in a manner consistent with this opinion.

Additionally, Malbco's motion is denied insofar as it requests this court to apply "plausibility" pleading standards to defendants' affirmative defenses.

Dated this 13th day of January, 2015.

_____
Honorable Paul Papak
United States Magistrate Judge