**Thomas L. Hutchinson**, OSB #994896
E-Mail: tom.hutchinson@bullivant.com
**Laura Caldera Taylor**, OSB #993786
E-Mail: laura.taylor@bullivant.com
BULLIVANT HOUSER BAILEY PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
Attorneys for Defendants Heetan B. Patel
and Heetal B. Patel

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MALBCO HOLDINGS, LLC**, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**BHUPENDRA R. PATEL** and **NILA B. PATEL**, husband and wife; **HEETAN B. PATEL**; **HEETAL B. PATEL-MANANI**; and **MUKESH PATEL**,<br><br>Defendants. | Civil No.: 3:14-cv-947-PK<br><br>**DEFENDANTS HEETAN PATEL AND HEETAL PATEL'S OBJECTIONS TO OPINION AND ORDER RE PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES** |

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), defendants Heetan Patel and Heetal Patel respectfully object to Magistrate Judge Papak's January 13, 2015 Opinion and Order, striking certain of their affirmative defenses. Heetan and Heetal Patel's objections are supported by the following arguments.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**OBJECTIONS TO OPINION AND ORDER RE MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**
**Page 1**

# I.  LEGAL STANDARD

The Article III Judge conducts a *de novo* review of the opinion and order of a Magistrate Judge that is dispositive of a claim or defense when a proper objection is timely filed.  28 U.S.C. § 636(b)(1)(C); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

# II.  LEGAL ANALYSIS

Plaintiff Malbco Holdings, LLC moved to strike nine of Heetan and Heetal Patel's affirmative defenses to Malbco's First Amended Complaint on the grounds that those defenses are "legally insufficient" and improperly pled.  Those defenses are as follows:

- No. 3 (failure to mitigate);
- No. 5 (doctrine of laches);
- No. 6 (satisfaction/discharge);
- No. 7 (estoppel);
- No. 8 (waiver);
- No. 9 (unjust enrichment);
- No. 10 (unclean hands);
- No. 11 (anti-deficiency statutes); and
- No. 12 (public policy).

Heetan and Heetal Patel agreed to dismiss their laches (Fifth Affirmative Defense) and waiver (Eighth Affirmative Defense) defenses.  And they agreed to replead their anti-deficiency (Eleventh Affirmative Defense) and public policy (Twelfth Affirmative Defense) defenses.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

OBJECTIONS TO OPINION AND ORDER RE MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES
Page 2

The opinion, however, also dismissed Heetan and Heetal Patel's affirmative defenses based on failure to mitigate (Third Affirmative Defense), satisfaction/discharge (Sixth Affirmative Defense), estoppel (Seventh Affirmative Defense), unjust enrichment (Ninth Affirmative Defense), and unclean hands (Tenth Affirmative Defense) on the ground that evidence of Malbco's collusion was not related to the transfers from Bhupendra (Bob) and Nila Patel to Heetan and Heetal Patel. *Opinion and Order*, Dkt. No. 41, at 5-6. And the opinion dismissed "defendants' affirmative defenses attempting to collaterally attack the final judgment arising from the Idaho lawsuit[.]" *Id*. at 12.

By dismissing the unclean hands-type defenses, the opinion denies Heetan and Heetal Patel the right to seek discovery that may show that Malbco, which is in the hotel business, developed a business strategy known as a "loan-to-own" scheme. The discovery may show that under this scheme Malbco bought distressed loans secured by hotels that Malbco believed would be valuable additions to its portfolio, and where the loan guarantors owned one or more additional hotels Malbco believed would also be valuable additions to its portfolio. Through the loan-to-own scheme, Malbco could buy the distressed loan for pennies on the dollar, foreclose on it, obtain an inflated deficiency judgment by improperly using parties it controlled to administer the valuation and sale of the collateral hotel, and then begin collection efforts against the guarantors to bring the other hotels owned by the guarantors into its portfolio—thus increasing its hotel holdings for substantially less than fair market value.

In this case, Heetan and Heetal Patel's unclean hands defenses allege and seek to discover evidence that Malbco bought the note secured by the Idaho hotel from Wells Fargo. At the time that Malbco bought that note, Wells Fargo had initiated a receivership action but

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**OBJECTIONS TO OPINION AND ORDER RE MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**
**Page 3**

had not initiated foreclosure proceedings (either judicial or non-judicial). After Malbco bought the note, it replaced Wells Fargo's receiver with its own receiver who—contrary to Idaho's statutory requirements—was an interested party. Further, at the time of the foreclosure Bob Patel was the registered agent of the borrower on the note, and as such notice of the non-judicial foreclosure proceeding (which was initiated without notice to the court monitoring the receivership) should have been provided to him by the foreclosure trustee (who coincidentally was Malbco's trial lawyer). However, notice was not provided to Bob Patel.

Finally, Heetan and Heetal Patel's unclean hands defenses are based on the assertion that if proper notice had been provided, and if a disinterested receiver had been in place, Malbco would not have been able to buy the Idaho hotel at a price substantially below fair market value and Heetan and Heetal Patel's exposure to Malbco's fraudulent transfer claim would be for substantially less than is currently at issue.

Since the Court will review *de novo* the arguments raised by the parties concerning Malbco's motion to strike, Heetan and Heetal Patel will not repeat those arguments here. Instead, they focus on key issues that demonstrate points on which they believe the Magistrate erred.

A.  **Issue #1:  Erroneous finding that Malbco's conduct is unrelated to its Oregon Uniform Fraudulent Transfer Act claims.**

In the opinion, the Magistrate found that allegations related to Malbco's conduct in connection with the non-judicial foreclosure sale—which resulted in an artificially low sales price for the Idaho hotel and thus, a larger judgment against Bob and Nila Patel—were not

///

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**OBJECTIONS TO OPINION AND ORDER RE MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**
**Page 4**

related to Malbco's UFTA claims against Heetan and Heetal Patel. *Op*., at 5-6. That finding took an impermissibly narrow view of Oregon law regarding the unclean hands defense.

According to the Oregon Supreme Court, a plaintiff's unclean hands will preclude it from obtaining equitable relief if it has engaged in improper conduct that is related to the transaction giving rise to the plaintiff's claim. *N. Pac. Lumber Co. v. Oliver*, 286 Or. 639, 653, 596 P.2d 931 (1979). In *Oliver*, the court concluded that a lumber wholesaler's practice of monitoring its employees' telephone calls was not related to a former employee's employment (since the employee who was the target of the claim was not subjected to the monitoring), and therefore didn't justify application of the unclean hands doctrine against the lumber wholesaler to bar its claim for enforcement of a covenant not to compete. But the court noted that the critical question is whether the "improper conduct 'sufficiently affected the equitable relations between the parties' to justify the trial court's refusal to grant relief." *Id*. at 659.

Malbco argued, and the Magistrate agreed, that the transactions at issue in this case are only the alleged fraudulent transfers from Bob and Nila Patel to Heetan and Heetal Patel. But that is a much too narrow interpretation of what is "related to" a transaction giving rise to a UFTA claim, particularly when Malbco's improper conduct in connection with the underlying deficiency judgment "sufficiently affected the equitable relations between the parties." Parents transfer assets to their children all the time, and that is not the basis of a UFTA claim *unless* there is a creditor with an unpaid debt owed by the parents. Both of the statutes on which Malbco relies for its UFTA claim—ORS 95.230 and 95.240—require it to be a "creditor." A "creditor" is "a person who has a claim against a debtor." ORS 95.200(4). A "claim" is a "right to payment." ORS 95.200(3). Thus, in order to prevail in the current

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**OBJECTIONS TO OPINION AND ORDER RE MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**
**Page 5**

lawsuit, Malbco must prove both a right to payment—*i.e.*, an unpaid debt owed by Bob and Nila Patel—*and* that there was a fraudulent transfer from Bob and Nila Patel to Heetan and Heetal Patel within the limitations period. In the context of proving its claim for an unpaid debt, Malbco's misconduct with respect to the receivership and the non-judicial foreclosure sale—which resulted in an artificially low sales price for the Idaho hotel and thus, a larger deficiency judgment against Bob and Nila Patel—is conduct that affects the equitable relations between Malbco and Heetan and Heetal Patel, and therefore is legally sufficient to support the unclean hands-type defenses.

In sum, because the transaction "related to" the UFTA claim includes Malbco's status as a creditor and the amount of the unpaid debt, the Magistrate erred in finding that only the transfers themselves are related to the UFTA claim. That finding should be reversed.

**B.    Issue #2:  Erroneous finding that Heetan and Heetal Patel cannot collaterally attack the amount of Malbco's "claim" on the basis that the amount was improperly increased by Malbco's collusion with the Idaho hotel's receiver.**

In the opinion, the Magistrate concluded that, under Idaho law, "judgments against debtor-transferors are conclusive as to transferees unless they are tainted by fraud or collusion." *Op.*, at 9. To reach that conclusion, the Magistrate looked to decisions outside of Idaho, *Mansfield v. Pierce*, 1998 WL 433304 (4th Cir. 1998) and *Commerce Bank of Lebanon v. Halladale A Corp.*, 618 S.W.2d 288 (Mo. Ct. App. 1981).

*Mansfield* involved an effort by a white supremacist religious organization to hide assets in order to avoid paying a $1 million judgment a mother obtained after her son was murdered. In that case, although the transferee was not a party to the underlying case, the Fourth Circuit based its decision to bar the transferee from challenging the mother's judgment as "conclusive of the indebtedness upon which it is based" because "the judgment

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**OBJECTIONS TO OPINION AND ORDER RE MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES
Page 6**

has been rendered by a court of competent jurisdiction, and … there is ***nothing to show fraud or collusion.***" 1998 WL 43304, at *5 (emphasis added). Likewise, in *Commerce Bank*, the Missouri Court of Appeals similarly analyzed whether there were allegations of fraud or collusion before concluding that a transferee was bound by a judgment establishing an underlying debt against the transferor:

> ***A judgment obtained without fraud or collusion***, and which concludes the debtor, whether rendered upon default confession, or after contestation, is upon all questions affecting the title to his property, conclusive evidence to establish the relation of creditor and debtor between the parties to the record and the amount of the indebtedness, and cannot be collaterally impeached by third parties in a subsequent suit in which such relation and indebtedness are called in question. The grantee cannot show error or irregularity in the rendition of the judgment, or laches in making defense against it, or that the court was mistaken as to the law and the rights of the parties, ***in the absence of fraud or collusion.***

*Commerce Bank of Lebanon*, 618 S.W.2d at 291 (emphasis added).

After analyzing these cases, the Magistrate found that "although Idaho courts have not explicitly decided this issue, I find that Idaho law regarding the preclusive effect of judgments supports the application of the above theories, specifically that judgments against debtor-transferors are conclusive as to transferees unless they are tainted by fraud or collusion." *Op.*, at 9. That, of course, is precisely what Heetan and Heetal Patel allege here (*i.e.*, that the judgment is tainted by collusion). However, the Magistrate then merged the separate fraud and collusion bases for a challenge to a judgment into a single "fraud on the face of the judgment" basis. The Magistrate then found that Malbco's collusion with the

///

///

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**OBJECTIONS TO OPINION AND ORDER RE MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**
**Page 7**

receiver and failure to give proper notice was insufficient as a matter of law to permit a challenge to the Idaho judgment.[1]

But Malbco's collusion with the receiver (who had a duty to get the best possible price for the Idaho hotel in the foreclosure sale but who, because of his connection with Malbco, was motivated to get the lowest possible price) resulted in an artificially low sales price for the hotel, which resulted in a higher deficiency judgment against Bob and Nila Patel, which results in a larger claim against Heetan and Heetal Patel.  Although the Magistrate termed this causal chain "tenuous at best," it is actually a direct application of Idaho foreclosure law (which determined the amount of offset against the unpaid debt and, thus, the amount of the underlying deficiency judgment) and the Oregon UFTA (which allows a transfer to be set aside "to the extent necessary to satisfy the creditor's claim").

Even the caselaw cited to the Magistrate by Malbco acknowledges that collusion that affects a judgment is sufficient as a matter of law to permit a transferee to challenge the amount of a judgment tainted by the collusion.  The Magistrate therefore erred by merging the fraud and collusion bases for attacking a judgment into a single "fraud on the face" basis. The resulting finding that the collusion at issue here is not legally sufficient should be reversed.

---

[1] Prior to foreclosing, Malbco filed a request for a substitute receiver in the receivership action and had Jeffrey Lyman appointed as the new receiver.  Lyman was the Executive Vice President and Chief Operating Officer of Hospitality Associates.  Malbco owner James Malloy joined Hospitality Associates in 1996 and is currently its Senior Vice President.  This information was not disclosed to the court in the receivership action—even though Idaho Code § 8-603 states that a receiver cannot be interested in the action—and, in fact, Lyman filed an Affidavit in which he testified that he was not "an interested party in the action."

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**OBJECTIONS TO OPINION AND ORDER RE MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**
**Page 8**

### C.   Issue #3:  Erroneous finding that Heetan and Heetal Patel, as transferees, are bound by and cannot collaterally attack the Idaho judgment.

The opinion also erred by concluding that Heetan and Heetal Patel, who were neither parties nor in privity with any party to the Idaho litigation (as explained in the next section), are barred from collaterally attacking the Idaho judgment.  Under Idaho law, "A stranger to the record, who was not a party to the action in which the judgment was rendered or in privity with a party is not prohibited from impeaching the validity of the judgment in a collateral proceeding; but in order to do so he must show that he has rights, claims, or interests which would be prejudiced or injuriously affected by the enforcement of the judgment, and which accrued *prior to its rendition*."  *Treece v. Treece*, 84 Idaho 457, 373 P.2d 750 (1962) (quoting 49 C.J.S. Judgments § 414) (emphasis added).  And Idaho also recognizes the "well-settled general rule that whenever the rights of third persons are affected they may collaterally attack a judgment for fraud committed by one party, or for collusion of both parties."  *Id.* (quoting 30A Am.Jur., Judgments, § 879).

Here, Heetan and Heetal Patel took their interest before the underlying deficiency judgment was rendered, and were therefore neither parties nor in privity with any party to the Idaho litigation—even under the cases cited in the opinion.  *See First Nat'l Bank v. Hays*, 7 Idaho 139, 61 P. 287 (1900) (grantees took property *after* and subject to judgment); *Smith v. Kessler*, 22 Idaho 589, 127 P. 172 (1912) (assignee of tax sale certificate obtained interest two years *after* judgment was entered).  The fact that Heetan and Heetal Patel took their interests before the judgment was entered is established by the First Amended Complaint, where Malbco alleges that the transfers occurred as early as 2010 but no later than "late 2013," and that the judgment was not entered until December 3, 2013.  *See First Am. Compl.*,

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**OBJECTIONS TO OPINION AND ORDER RE MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**
**Page 9**

Dkt. No 26, at ¶¶ 17 and 24. Thus, it is undisputed that Heetan and Heetal Patel have rights, claims, or interests which accrued prior to its rendition. And those rights would be prejudiced or injuriously affected by the enforcement of the judgment. Accordingly, under Idaho law, they are not barred from collaterally attacking the judgment.

Finally, the opinion erred to the extent it concludes that Idaho law requires enforcement of a judgment obtained by fraud upon the court unless the fraud is extrinsic and appears on the face of the judgment. Idaho's Rule 60(b) permits a party to file a motion seeking relief from judgment for various enumerated reasons, including fraud on the court. Idaho's Rule 60(b) expressly states that it "does not limit the power of the court to entertain an independent action to relieve a party from a judgment, order or proceeding … *or to set aside a judgment for fraud on the court.*" *Campbell v. Kildew*, 141 Idaho 640, 115 P.3d 731 (2005). In *Campbell*, the Idaho Supreme Court upheld a lower court's decision to grant a Rule 60(b) motion to set aside a "sham" arbitration award that was later confirmed by a district court. In that case, a development company was able to begin development of several new subdivisions and avoid certain notice, comment, and review obligations by engaging in a sham arbitration. When neighboring property owners, who were not parties to the arbitration, learned of this they sought redress in district court. The court recognized the loss of rights and lack of due process and exercised its powers under Rule 60(b) to set aside the judgment.

Thus, Idaho law does not limit a court's authority to entertain an independent action to set aside a judgment for fraud upon the court. Here, Heetan and Heetal Patel seek the opportunity to show that Malbco stepped into the receivership action, replaced the prior receiver with its own interested receiver (contrary to Idaho law), failed to provide the

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**OBJECTIONS TO OPINION AND ORDER RE MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**
**Page 10**

required notice of the foreclosure sale to Bob Patel (the LLC's registered agent), and orchestrated a sham foreclosure sale that resulted in an artificially deflated sales price—none of which was disclosed either to the court supervising the receivership or to the court issuing the Idaho judgment at issue here.

**D.     Issue #4:   Erroneous finding that Heetan and Heetal Patel are barred by *res judicata* or collateral estoppel from asserting their unclean hands-type defenses.**

Heetan and Heetal Patel agree with the Magistrate that Idaho law must be used to determine whether they are barred by *res judicata* or collateral estoppel from asserting their unclean hands-type defenses.  Under Idaho law, "there are two aspects to the doctrine of '*res judicata*.'  Under the principle of '*res judicata*' or claim preclusion, a judgment on the merits in a prior proceeding bars a subsequent lawsuit between the same parties or their privies upon the same cause of action.  The doctrine of collateral estoppel, or issue preclusion, prevents the relitigation of issues actually litigated and decided in another action, even in connection with a different claim or cause of action between the same parties in any subsequent suit."  *Foster v. City of St. Anthony*, 122 Idaho 883, 841 P.2d 413 (1992).  Under either claim or issue preclusion, litigants who were parties to a prior action and those in privity with them are prevented from bringing or having to defend subsequent litigation regarding the same issues or claims that were resolved in the prior suit.  *Id.*; *see also Gubler By and Through Gubler v. Brydon*, 125 Idaho 107, 867 P.2d 981 (1994).

Here, neither Heetan nor Heetal Patel were parties to the Idaho proceeding.  Thus, claim or issue preclusion will only bar their affirmative defenses if they were in privity with Bob and/or Nila Patel.  But as explained above, they took their interest in the property before the judgment was entered, and were therefore not privities within the meaning of the cases

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**OBJECTIONS TO OPINION AND ORDER RE MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**
**Page 11**

cited by the Magistrate. *See First Nat'l Bank v. Hays*, 7 Idaho 139 (grantees took property *after* and subject to judgment); *Smith v. Kessler*, 22 Idaho 589 (assignee of tax sale certificate obtained interest two years *after* judgment was entered). Furthermore, even if Heetan and Heetal Patel could be found to be in privity with Bob and Nila Patel, it is too early to decide the privity issue because "the issue of privity is a question of fact, which courts cannot usually resolve summarily." *Gubler*, 125 Idaho 107 (*citing Foster*, 122 Idaho 883). In *Gubler* two parents filed a lawsuit (*Gubler I*) against a doctor and his clinic for alleged medical malpractice in the treatment of their son. The district court dismissed the case on the third day of trial because the parents failed to make a *prima facie* case of liability. Then, in *Gubler II*, the son filed a complaint (through his parents) against two different doctors alleging medical malpractice during the same period addressed in *Gubler I*, and sought the same relief. Additionally, the parents sought the same relief for themselves as in *Gubler I*. At the time *Gubler II* was filed, the statute of limitations barred their claims.

The defendant doctors in *Gubler II* filed a motion for summary judgment, arguing that claim preclusion barred the claims against them. In support of their motion, they included affidavits testifying to the existence of a partnership which allegedly exposed them to potential liability in *Gubler I*. Based on these affidavits, the district court found that the doctors sued in *Gubler II* and *Gubler I* were partners when the facts giving rise to both causes of action accrued. As a result, the court held that the doctors in *Gubler II* were, as a matter of law, in privity with the defendants in *Gubler I* and further held that claim preclusion barred the claims against the doctors. On appeal, the Idaho Supreme Court held that "the issue of privity is a question of fact, which courts cannot usually resolve summarily. … We are unable to hold, construing all reasonable inferences in Gubler's favor, that

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**OBJECTIONS TO OPINION AND ORDER RE MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**
**Page 12**

reasonable minds could not differ on the nature and extent of the relationships that might create privity. Accordingly, the district court should have denied [the doctors'] motion for summary judgment." 125 Idaho 107.

Likewise, *Foster* addressed a Rule 12(b) motion to dismiss where the parties did not dispute any of the facts relating to privity. The Idaho Supreme Court held that those facts were insufficient for the court to conclude, as a matter of law, that the parties were in privity. 122 Idaho 883. Just as in *Foster*, the issue of privity in this case arose on a Rule 12(b) motion to dismiss. But, unlike *Foster*, the factual issues in this case are disputed. And the pleadings do not establish that Heetan and Heetal Patel are in privity with Bob and Nila Patel regarding the Idaho litigation. (Indeed, if transferees were generally found to be in privity with the transferor, then there would never be an opportunity to collaterally attack a judgment that was tainted by fraud or collusion.)

Further, the opinion erred to the extent that it concluded that issues regarding notice and collusion were actually litigated in the Idaho proceeding. There is no evidence that they were. Accordingly, the opinion is in error.

E.  **Issue #5: Erroneous findings of "fact" in a pleading motion opinion.**

In the opinion, the Magistrate recited a number of facts in the "background" section. *Op*., at 2-3. Bob and Nila Patel have filed objections to that portion of the opinion, and Heetan and Heetal Patel join in those objections.

### III.  CONCLUSION

For the reasons discussed in this brief, and based on the Court's *de novo* review of the underlying pleadings, the Magistrate's finding that Heetan and Heetal Patel's unclean hands-type defenses (the Third, Sixth, Seventh, Ninth, and Tenth Affirmative Defenses) should be

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**OBJECTIONS TO OPINION AND ORDER RE MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**
**Page 13**

reversed, and Heetan and Heetal Patel should be permitted to pursue discovery on those defenses. The sufficiency of factual support for those defenses can be addressed through a summary judgment motion. But they should not be dismissed at the pleading stage.

DATED: January 27, 2015

By  /s/ Laura Caldera Taylor
**Thomas L. Hutchinson,** OSB #994896
**Laura Caldera Taylor,** OSB #993786
Telephone: 503.228.6351
Attorneys for Defendants Heetan B. Patel
and Heetal B. Patel

15398586.1

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**OBJECTIONS TO OPINION AND ORDER RE MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**
**Page 14**