IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MALBCO HOLDINGS, LLC, a
Washington Limited Liability Company,                    No.  03:14-cv-00947-PK

        Plaintiff,

   v.

BHUPENDRA PATEL and NILA PATEL;                          ORDER
HEETAN PATEL and HEETAL PATEL-MANANI;
and MUKESH PATEL,

        Defendants.

HERNANDEZ, District Judge,

      On January 13, 2015, Magistrate Judge Papak issued an Order (#41) in which he granted in part and denied in part Plaintiff's Motion to Strike Affirmative Defenses.  On January 27, 2015, Bhupendra Patel, Nila Patel, Heetan Patel, and Heetal Patel-Manani filed objections to the Order.  The matter is now before me pursuant to Federal Rule of Civil Procedure 72(a).

      In accordance with Rule 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating

1 - ORDER

the decision." Fed. R. Civ. P. 72(a). The standard of review for an order with objections is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A) (applying the "clearly erroneous or contrary to law" standard of review for nondispositive motions). If a ruling on a motion is not determinative of "a party's claim or defense," it is not dispositive and, therefore, is not subject to *de novo* review as are proposed findings and recommendations for dispositive motions under 28 U.S.C. § 636(b)(1)(B).[1]

I have carefully considered Defendants' objections and conclude they do not provide a basis to modify the Magistrate Judge's Order.

## CONCLUSION

The Court AFFIRMS Magistrate Judge Papak's Order [41].

IT IS SO ORDERED.

DATED this  19  day of  March , 2015.

*Marco Hernandez*
MARCO A. HERNANDEZ
United States District Judge

---

[1] In their Objections, Defendants suggest that my review should be *de novo*, the standard used when the matter before the Magistrate Judge disposes of a claim or defense. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). The case law, none of it controlling on this Court, is conflicting. E.g., Int'l Outdoor, Inc. v. City of Southgate, No. 2:11–CV–14719, 2012 WL 2367160, at *1 n.1 (E.D. Mich. Apr. 26, 2012) (motion to strike affirmative defenses is dispositive), adopted, 2012 WL 2367170 (E.D. Mich. June 21, 2012); Gagan v. United Consumers Club, Inc., No. 2:10–CV–026 JD, 2012 WL 729943, at *9 (N.D. Ind. Mar. 6, 2012) (court characterized motion to strike affirmative defenses as non-dispositive and reviewed magistrate judge's decision under a clearly erroneous/contrary to law standard).

I need not revolve the conflict because even construing Judge Papak's Opinion & Order as a Findings & Recommendation and reviewing it under the *de novo* standard used for dispositive issues, I reach the same conclusion and adopt his recommendation to grant in part and deny in part the motion to strike affirmative defenses.