IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MALBCO HOLDINGS, LLC,
a Washington limited liability company,

                     Plaintiff,                      6:14-cv-00947-PK

v.                                                   OPINION AND ORDER

BHUPENDRA PATEL and NILA PATEL;
HEETAN PATEL and HEETAL PATEL-MANANI;
and MUKESH PATEL,

                     Defendants.

PAPAK, Magistrate Judge:

       Plaintiff Malbco Holdings, LLC ("Malbco") brings this diversity action against

Page 1 - OPINION AND ORDER

defendants alleging fraudulent transfer in violation of Oregon law. Now before the court is Malbco's Motion to Compel (#67) pursuant to Federal Rule of Civil Procedure ("Rule") 37. For the reasons that follow, Malbco's motion is granted in part and denied in part.

## BACKGROUND

I adopt the facts set forth in my previous Opinion and Order (#41) in this case. Additionally, for the purposes of this motion, I adopt in part the facts set forth by Malbco in its Motion to Compel (#67).

## LEGAL STANDARD

### I. Motions to Compel

A motion to compel discovery may be appropriate if a party "fails to answer an interrogatory submitted under Rule 33" or, alternatively, "fails to permit inspection" of records requested pursuant to Federal Rule of Civil Procedure ("Rule") 34. Fed. R. Civ. P. 37(a)(3).

Federal courts sitting in diversity are charged with applying the law of the forum state when determining whether a holder has waived the right to claim the attorney-client privilege. *Tennenbaum v. Deloitee & Touche*, 77 F.3d 337, 340 (9th Cir. 1996).

### II. The Attorney-Client Privilege

The Oregon Supreme Court has explained that the purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *State ex rel OHSU v. Haas*, 325 Or. 492, 500, 942 P.2d 261 (1997) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L. Ed. 2d 584 (1981)). However, the privilege is not absolute, as a client may waive it voluntarily, OEC 511; *Haas*, 325 Or. at 498, 942 P.2d 261, and

Page 2 - OPINION AND ORDER

OEC 503 creates exceptions to it.

## DISCUSSION

Malbco moves to compel three broad categories of evidence: (1) communications between Defendants Bhupendra and/or Nila Patel and their attorneys that Defendants argue are protected by the attorney-client privilege; (2) communications between Bhupendra and/or Nila Patel and their attorneys in which Heetan and/or Heetal Patel were included; and (3) communications between Sundhara Linton, accountant for Defendants, and Defedants Bhupendra and Nila Patel's attorney. Malbco's arguments supporting their motion are that those categories of evidence are exempted from their various privileges for the following reasons: (1) the first category of communications is exempted from the attorney-client privilege based on the crime-fraud exception; (2) the second category of communications is exempted from the attorney-client privilege due to the inclusion of Heetan and/or Heetal Patel, who were not technically clients of the attorneys included therein; and (3) the third category of communications is exempted from the attorney-client privilege because no client was included in the communications. Additionally, Malbco moves to compel several miscellaneous categories of communications on the basis that Defendants' assertion of the attorney-client privilege is too broad. I address each category and each argument below.

### I. Crime-Fraud Exception

The party seeking to invoke the crime-fraud exception to the attorney-client privilege must affirmatively show "that the client, when consulting the attorney, knew or should have

known that the intended conduct was unlawful." *State ex rel. N. Pacific Lbr. v. Unis*, 282 Or. 457, 464, 579 P.2d 1291 (1978).

The exception relevant to the motion now before this court is:

> "(4) There is no privilege under this section:
>> "(a) If the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew or reasonably should have known to be a crime or fraud[.]"

OEC 503(4)(a).

*In camera* review, in which parties disclose allegedly privileged materials to a trial court to allow the court to determine the merits of a claim of privilege, is the least intrusive means for determining whether the crime-fraud exception applies. *Frease v. Glaser,* 330 Or. 364, 371, 4 P. 3d 56 (2000), citing *United States v. Zolin*, 491 U.S. 554, 572, 109 S.Ct. 2619, 105 L. Ed. 2d 469 (1989). Oregon courts and the United States Supreme Court require parties seeking *in camera* review to present sufficient evidence to "support a reasonable belief that *in camera* review may yield evidence that establishes the exception's applicability." 491 U.S. at 572.

The party invoking the crime-fraud exception must make a *prima facie* case of fraud. *State ex rel. N. Pac. Lumber Company v. Unis*, 282 Or. 457, 464, 569 P. 2d 1291, 1295 (1978). If the court determines, based on that evidence, to conduct an *in camera* review, then the court may weigh that evidence revealed from its review together with other evidence offered by the party invoking the exception to determine whether the crime-fraud exception to the attorney-client privilege applies. *Frease*, 330 Or. at 372.

Based on the reasons advanced by Malbco, Pl.'s Motion to Compel, #67, 16, I find

Page 4 - OPINION AND ORDER

sufficient evidence to support a reasonable belief that *in camera* review of the documents listed under items (c)(i) and (c)(ii) on page 19 of Malbco's Motion (#67) may yield evidence establishing that the crime-fraud exception to the attorney-client privilege applies to the first category of communications, listed above. I therefore order that Defendants produce said documents for *in camera* review no later than May 30, 2015. At the present time, however, I withhold decision on Malbco's request that I conduct *in camera* interviews of attorneys Wayne Kinkade and Jonathan Mishkin until after *in camera* review of the requested documents.

## II.     Communications Including Heetan and/or Heetal Patel

Regarding the second category of communications, Malbco argues that all relevant and allegedly privileged attorney-client email communications on which Defendants Heetan and/or Heetal Patel are copied are exempted from the privilege, which only extends to "communication not intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary to the transmission of the communication." OEC 503(1)(b).

Malbco asks the court not to extend that privilege to Defendants Bhupendra and Nila Patel's adult children on several grounds, including that the Oregon legislature looked to the California Code of Evidence when drafting its privilege language, which has been interpreted by California courts to exclude adult children from the privilege. Pl.'s Motion to Compel, 67, 24 (citing Laird C. Kirkpatrick, Oregon Evidence, § 503.06(1), Art. V (6th ed. 2013); *Marshall v. Marshall*, 140 Cal. App. 2d 475, 480 (1956)).

More recent California case law, however, extends the privilege to communications made in the presence of family members "who were legitimately kept informed of the progress" of

Page 5 - OPINION AND ORDER

legal "matters of joint concern . . . ." *Insurance Co. of North America v. Superior Court*, 108 Cal. App. 3d 758, 766–67 (1980). I agree with the analysis of this and other more recent decisions and find that the inclusion of a client's family members on privileged communication regarding matters of joint concern fall within the scope of OEC 503(1)(b).

Based on the reasoning of the recent California cases and the arguments set forth in Defendants' response, I find that Defendants Heetan and Heetal Patel had a joint interest in those communications requested by Malbco involving the various companies owned by Bhupendra Patel. Thus, Malbco's Motion to Compel is denied insofar as it seeks to exempt communications on which Heetan and/or Heetal Patel are copied.

### III.   Communications Involving Third-Parties

Malbco next moves to compel communications between Attorney Wayne Kinkade and Sundhara Linton, who was an accountant preparing Defendants Bhupendra and Nila Patel's personal gift tax returns at the time the communications were made, arguing such communications are not privileged. Pl.'s Motion to Compel, #67, 33.

Defendants argue that Linton was "reasonably necessary" to Kinkade's communications and provision of professional services to Defendants Bhupendra and Nila Patel, and that their communication falls within the privilege.

Malbco argues that "[c]ommunications that include an accountant are privileged only if the accountant's presence is reasonably necessary to facilitate communication between the lawyer and client or to assist the lawyer in the rendition of legal services." *Klamath Cty. School Dist. v. Teamey*, 207 Or. App. 250, 140 P.3d 1152, 1158 (2006); *State v. Kovel*, 282 F.2d 918, 922 (2nd

Page 6 - OPINION AND ORDER

Cir. 1961). Contrary to Defendants' assertions, Malbco argues that Linton was not necessary to the Kinkade's rendition of services, rather Kinkade was advising Linton.

The resolution of this argument turns on a determination of whether Linton was assisting Kinkade in the rendition of his legal services or whether Kinkade was enlisted to advise Linton in her work preparing gift tax returns. In the latter case, Linton is not a client and she was not assisting Kinkade in rendition of his legal services. Given the evidence and arguments provided by Malbco and Malbco's request in the alternative to review these communications *in camera*, I order *in camera* review to determine whether the attorney-client privilege applies to those communications listed under item (a) on page 33 of Malbco's Motion (#67). Accordingly, I order that Defendants produce those documents for *in camera* review no later than May 30, 2015.

## CONCLUSION

As explained above, Malbco's request for this court to conduct an *in camera* review of the documents listed under items (c)(i) and (c)(ii) on page 19 of Malbco's Motion to Compel (#67) is GRANTED, and those documents should be submitted to the court no later than May 30, 2015. Accordingly, I will conduct an *in camera* review of those communications and provide an order pertaining to Malbco's Motion as it applies to the crime-fraud exception to the attorney-client privilege based on that review. That aspect of Malbco's Motion is therefore STAYED pending my review.

Further, Malbco's Motion to Compel (#67) is DENIED in part as it applies to the second category of communications, discussed above.

Finally, Malbco's request regarding the third category of communications, made in the alternative, for this court to conduct an *in camera* review of those documents listed under item

Page 7 - OPINION AND ORDER

(a) on page 33 of Malbco's Motion is GRANTED, and those documents should be submitted to the court no later than May 30, 2015. Malbco's Motion concerning the third category of communications is STAYED pending an *in camera* review of those materials.

Dated this 13th day of May, 2015.

Honorable Paul Papak
United States Magistrate Judge

Page 8 - OPINION AND ORDER