IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

MALBCO HOLDINGS, LLC,
a Washington limited liability company,


                Plaintiff,                        6:14-cv-00947-PK

v.                                         OPINION AND ORDER

BHUPENDRA PATEL and NILA PATEL;
HEETAN PATEL and HEETAL PATEL-MANANI;
and MUKESH PATEL,


                Defendants.

---

PAPAK, Magistrate Judge:

Plaintiff Malbco Holdings, LLC ("Malbco") brings this diversity action against

defendants alleging fraudulent transfer in violation of Oregon law. Now before the court is

Malbco's Motion to Compel (#67) pursuant to Federal Rule of Civil Procedure ("Rule") 37.

I have conducted an *in camera* review of the evidence submitted pursuant to my May 13, 2015,

Opinion & Order (#76), and I have reviewed all evidence and arguments submitted by the parties

Page 1 - OPINION AND ORDER

regarding Malbco's Motion. For the reasons that follow, Malbco's motion is granted in part and denied in part.

## BACKGROUND

I adopt the facts set forth in my previous Opinion and Order (#41) in this case.

On May 13, 2015, this court issued an Opinion and Order (#76) on Malbco's Motion to Compel (#67) ordering the production of an array of documents for *in camera* review to determine whether the attorney-client privilege applies to those documents. Opinion and Order, #76, 5, 7 (ordering that documents listed under items (c)(i) and (c)(ii) on page 19, and under item (a) on page 33 of Malbco's Motion (#67) be produced to the court). Following notification by the parties, this court issued an Amendment to that Order (#77) to include documents listed under item (c)(iii) on page 19 of Malbco's Motion.

Following that Order, the parties submitted the relevant documents and the court conducted an *in camera* review of those items. This matter is now ready for decision.

## LEGAL STANDARD

I.    **Motions to Compel and the Attorney-Client Privilege**

A motion to compel discovery may be appropriate if a party "fails to answer an interrogatory submitted under Rule 33" or, alternatively, "fails to permit inspection" of records requested pursuant to Federal Rule of Civil Procedure ("Rule") 34. Fed. R. Civ. P. 37(a)(3).

Federal courts sitting in diversity are charged with applying the law of the forum state when determining whether a holder has waived the right to claim the attorney-client privilege. Fed. R. Evid. 501; *McAdam v. State Nat. Ins. Co., Inc.*, 15 F. Supp. 3d 1009, 1014 (S.D. Cal. 2014); *Tennenbaum v. Deloitee & Touche*, 77 F.3d 337, 340 (9th Cir. 1996).

Page 2 - OPINION AND ORDER

The Oregon Supreme Court has explained that the purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *State ex rel OHSU v. Haas*, 325 Or. 492, 500, 942 P.2d 261 (1997) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L. Ed. 2d 584 (1981)).  However, the privilege is not absolute, as a client may waive it voluntarily.  Further, the Oregon Evidence Code ("OEC") and Oregon common law provide relevant exceptions to the attorney-client privilege.  *See* OEC 503, 511; *see also* Haas, 325 Or. at 498.

## DISCUSSION

Malbco moves to compel three broad categories of communications for which Defendants have claimed the attorney-client privilege.  Those categories are: (1) communications between Defendants and their attorneys; (2) communications between Defendants Bhupendra and/or Nila Patel and their attorneys in which Defendants Heetan and/or Heetal Patel were included; and (3) communications between Sundhara Linton, accountant for Defendants Bhupendra and Nila Patel, and Defendants Bhupendra and Nila Patel's attorney, as well as communications solely between Defendants and Linton, in which no attorney is included.  Malbco argues that category (1) is exempted from the attorney-client privilege based on the crime-fraud exception and that category (3) is not protected by the attorney-client privilege because no client was included in the communications.[1]  I now address the applicability of the attorney-client privilege to the remaining categories of communications, as informed by my *in camera* review.

---

[1]  The court's May 13, 2015, Opinion and Order (#76), denied Malbco's Motion as it applies to category (2), above, and stayed the Motion as it applies to categories (1) and (3) pending *in camera* review of the relevant documents.

Page 3 - OPINION AND ORDER

## I.    Crime-Fraud Exception

A party seeking to invoke the crime-fraud exception to the attorney-client privilege must affirmatively show "that the client, when consulting the attorney, knew or should have known that the intended conduct was unlawful." *State ex rel. N. Pacific Lumber Co. v. Unis*, 282 Or. 457, 464, 579 P.2d 1291 (1978). The crime-fraud exception is described in the Oregon Evidence Code as follows:

> There is no privilege under this section . . . [i]f the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew or reasonably should have known to be a crime or fraud[.]

OEC 503(4)(a).

I previously found (#76) that Malbco met its burden of producing sufficient evidence to "support a reasonable belief that *in camera* review may yield evidence that establishes the exception's applicability." *United States v. Zolin*, 491 U.S. 554, 572 (2000). That evidence included the following: (1) Defendants Bhupendra and Nila Patel transferred 90% of their assets to Defendants Heetan and Heetal Patel in or around June 2012, approximately one month after being sued by Mountain West Bank for approximately $500,000; (2) Defendants did not inform their companies' "primary lenders" of the transfers at issue; (3) Defendants Bhupendra and Nila Patel gifted their children over one quarter of a million dollars around that time; (4) Defendants Bhupendra and Nila Patel were rendered unable to pay their personal bills as a result of the transfers; (5) Defendants Bhupendra and Nila Patel granted Defendant Mukesh Patel, Bhupendra's brother, a lien on all remaining assets and provided him equity in their home; and (6) Defendants Bhupendra and Nila Patel were rendered assetless and judgment proof as a result of these transfers. Malbco additionally alleges that Defendants communicated with their

Page 4 - OPINION AND ORDER

accountants and attorneys in an attempt to minimize tax refunds to avoid debt collection. *See* Pl.'s Motion to Compel, #67, 22. Malbco points to the various communications between Defendants and their attorneys, particularly Wayne Kinkade, in the relevant time period, the subjects of discussion in those communications, and the alleged outcome of those communications: the transfer of nearly all of Defendants' assets. *Id.* Specifically, Malbco alleges that Defendants

> were using their attorneys (whether or not the attorneys knew it) to further their scheme to defraud creditors. Additionally . . . it is likely that one or both of the attorneys advised defendants on fraudulent transfers. Malbco believes that defendants used that advice as a roadmap on how to fabricate evidence, and in particular the handwritten transfer documents, so they could claim that the transfers occurred before they incurred most of their debt.

Pl.'s Motion to Compel, #67, 22–23.

I now must evaluate that evidence together with the information gleaned from my *in camera* review of the documents subject to Malbco's motion to compel, and the briefing submitted by the parties, to determine whether the crime-fraud exception applies to the otherwise privileged documents in this case.

### A.     Showing Necessary to Invoke the Crime-Fraud Exception

First, I must address what kind of showing is otherwise necessary to invoke the crime-fraud exception to the attorney-client privilege. The parties dispute the relevant burden of proof for the application of the exception. Malbco variously seeks to apply both a "sufficient evidence" and a "reasonable cause" burden of proof. *Compare* Pl.'s Motion to Compel, #67, 21 *with* Pl.'s Repsonse to Def.'s Supp. Briefing, #85, 3. Defendants argue that a preponderance of the evidence standard applies, and cite to federal case law in support of that

Page 5 - OPINION AND ORDER

premise.  Def.'s Supp. Briefing, #83, 2 (citing *In re Napster, Inc. Copyright Litigation*, 479 F.3d

1078 (9th Cir. 2007), *abrogated on other grounds by Mohawk Industries, Inc. v. Carpenter,* 558

U.S. 100 (2009)).  The "sufficient evidence" standard is the applicable burden under Oregon law.

*State ex rel. N. Pacific Lbr. v. Unis*, 282 Or. at 463; *see also Tennenbaum v. Deloitee & Touche*,

77 F.3d 337, 340 (9th Cir. 1996).[2]  The comments to OEC's rule on attorney-client privilege

state: "in diversity cases where the litigation in question turns on a substantive question of State

law, and is brought in the Federal courts because the parties reside in different States, the

committee believes it is clear that State rules of privilege should apply . . . ."  Fed. R. Evid. 501.

Because this is a diversity case and the cause of action arises under state law, the "sufficient

evidence" burden applies to this case.  *State ex rel. N. Pacific Lbr. v. Unis*, 282 Or. at 463; *see*

*also* Gardner, The Crime or Fraud Exception to the Attorney-Client Privilege, 47 Jul-A.B.A. J.

708, 710–11 (1961) ("there must be at least some evidence from which a permissible inference

might reasonably be drawn as to the client's harboring a wrongful purpose in seeking the

consultation.").

### B.    Evaluation of the Evidence

Next, I must evaluate the evidence presented to determine whether Malbco has made a

showing sufficient to invoke the exception to the privilege.

As the Oregon Supreme Court has declared, the exception is applicable if the "client,

when consulting the attorney, knew or should have known that the intended conduct was

unlawful." *State ex rel. N. Pacific Lbr.*, 282 Or. at 464.  The crime-fraud exception is limited to

---

[2]  The "reasonable cause" burden applies to grand jury proceedings in the Ninth Circuit.
*U.S. v. Chen*, 99 F.3d 1495, 1503 (9th Cir. 1996); *see also In re grand Jury Proceedings*, 87 F.3d
at 382.

Page 6 - OPINION AND ORDER

communications "in furtherance of intended, or present, continuing illegality." *In re Grand Jury Proceedings (The Corporation)*, 87 F.3d 377, 382 (9th Cir. 1996), *citing U.S. v. Hodge & Zwieg*, 548 F.2d 1347 (9th Cir. 1977). Mere allegations or suspicion that the communications at issue fall within the exception is insufficient. *In re grand Jury Proceedings*, 87 F.3d at 380. Conversely, requiring proof beyond a reasonable doubt exceeds the relevant standard for application of the crime-fraud exception. *Id.* Finally, the crime-fraud exception may apply even if the attorney is unaware of the alleged wrongdoings and takes no affirmative step to further them. *Id.* at 379.

Under Oregon law, "[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation . . . [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor." ORS 95.230(1)(a). Courts determine actual intent in a variety of ways, but the statute provides factors suggesting that courts consider whether: (a) the transfer or obligation was to an insider; (b) the debtor had retained possession or control of the property transferred after the transfer; (c) the transfer or obligation was disclosed or concealed; (d) before the transfer was made or the obligation was incurred, the debtor was sued or threatened with suit; (e) the transfer was of substantially all the debtor's assets; (f) the debtor had absconded; (g) the debtor had removed or concealed assets; (h) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (i) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (j) the transfer had occurred shortly before or shortly after a substantial debt was incurred; and (k) the debtor had

Page 7 - OPINION AND ORDER

transferred the essential assets of the business to a lienor who had transferred the assets to an insider of the debtor. ORS 95.230(2)(a)–(k).

The evidence revealed from my *in camera* review of the relevant documents shows that the attorney-client communications at issue served the purpose of documenting and ostensibly legitimizing the alleged fraudulent transfers at issue in this case. Defendants sought the services of an attorney to provide formalized versions of handwritten asset and interest transfers dated well before the legal services in question were sought. Defendants' attorney was asked to update many admissions agreements to reflect extensive transfers, often amounting to at least a 90% share of an asset or stake in Defendants' various companies. These handwritten documents were dated, without exception, January 1, 2011, but were not presented to the attorney to be recorded and formalized until Spring 2012, as reflected both by communications and time stamps on the documents. Further, it is apparent from the communications that Defendants' accountant was unaware of these transfers and was only made aware of them more than one year after their recorded date, even after Defendants' attorney was made aware of the transfers. The communications reflect that the timing of the transfers alarmed both the accountant and the attorney for varying reasons. While the communications reflect some basis for the transfers other than evasion of creditors, including attempts to take advantage of gift tax credits, I note that these transfers were documented and brought to the accountant's attention only after the tax deadline for the tax year during which the transfers were allegedly made, thus undermining that argument.

These facts, viewed alongside the chronology of the suit by Mountain West Bank and in light of Malbco's *prima facie* case discussed above, provide the evidence necessary to meet Malbco's "sufficient evidence" burden of proof, and indeed would suffice to meet any of the

Page 8 - OPINION AND ORDER

above described burdens of proof. For all of these reasons, the crime-fraud exception to the

attorney-client privilege applies in this case.

### C.   Application of Ruling

I note that the attorney-client communications for which production is sought must be

"sufficiently related to" and, as mentioned above, must have been made in furtherance of the

intended, or present, continuing illegality. *In re Grand Jury Proceedings*, 87 F.3d at 381. Thus,

Malbco's Motion is granted in part only as it applies to the subset of documents listed in the

Conclusion section of this Order, which include communications between Defendants and their

attorney regarding the transfers at issue, the timing of the transfers, strategy for updating various

admissions agreements to reflect handwritten transfers, and strategy for complying with gift tax

requirements related to the transfers. The parties must accordingly produce those documents.

However, this order excludes from production all other items submitted for *in camera* review

that are not listed below due to their unrelatedness to the relevant communications and the

limited reach of the crime-fraud exception. *See In re Grand Jury Proceedings*, 87 F.3d 377 at

382.

### II.   Communications Involving Defendants' Accountant

Malbco next moves to compel allegedly privileged communications between Defendants'

counsel and their accountant, Sundhara Linton, who was charged with preparing personal gift tax

returns in late 2012. Malbco also moves to compel allegedly privileged communications made

between Defendants and Linton that did not involve an attorney. Malbco argues that such

communications are not privileged because they are not attorney-client communications. Pl.'s

Motion to Compel, #67, 33.

Page 9 - OPINION AND ORDER

## A.   Communications Between Attorney and Accountant

"Communications that include an accountant [and an attorney] are privileged only if the accountant's presence is reasonably necessary to facilitate communication between the lawyer and client or to assist the lawyer in the rendition of legal services." *Klamath Cty. School Dist. v. Teamey*, 207 Or. App. 250, 140 P.3d 1152, 1158 (2006); *State v. Kovel*, 282 F.2d 918, 922 (2nd Cir. 1961).

In my May 13, 2015, Opinion & Order (#76) on Malbco's Motion to Compel, I found that the resolution of the parties' dispute concerning the communications between Defendants' attorney and Linton turned on the determination of whether Linton was assisting the attorney in the rendition of his legal services or whether the attorney was enlisted to advise Linton in her work preparing Defendants' gift tax returns. Given the evidence and arguments provided by Malbco in support of its request for this court to conduct an *in camera* review, and given the evidence presented to me as part of that review, I find that the attorney was asked by Linton on behalf of Defendants to assist in his legal capacity with the preparation of gift tax documents. The attorney, therefore, was necessarily rendering legal services by and through those communications. If not for the applicability of the crime-fraud exception in this case, those communications would otherwise fall within the scope of the attorney-client privilege. The exception applies, however, to the subset of these communications that were clearly made in furtherance of the preparation of formal gift tax documents for the alleged fraudulent transfers. All such communications are part of the same sequence of communications regarding the ongoing transfer activity.

Therefore, Malbco's Motion is granted in part as it applies to the subset of documents

Page 10 - OPINION AND ORDER

listed in the Conclusion section of this Order, which includes the relevant communications between the attorney and the Linton regarding the formalized transfers and gift tax strategy behind them, and the parties must accordingly produce those documents.

## B.    Communications Between Defendants and Accountant

As to the communications on which Defendants' counsel is not included and is not carbon copied, I find that the attorney-client privilege does not apply. The attorney-client privilege protects "communication not intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary to the transmission of the communication." OEC 503(1)(b). There is no evidence to suggest that Linton was employed by Defendants' attorney to assist him in the rendition of legal services. *See* OEC 503(1)(e) (defining "representative of the lawyer" to include individuals employed to assist the lawyer in the rendition of professional legal services). I therefore find no basis for extending the privilege to communications that obviously do not include an attorney or a representative of an attorney, were not prompted by an attorney in the rendition of his legal services, and are not made for the purpose of facilitating the rendition of professional legal services to the client. *See* OEC 503(1)–(2).

Therefore, Malbco's Motion is granted in part as it applies to the subset of documents listed in the Conclusion section of this Order under this category, particularly HeetanIP_000262, and the Defendants must accordingly produce those documents.

///

///

///

Page 11 - OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, and as a result of my *in camera* review, Malbco's Motion to Compel (#67) is denied in part as it applies to the documents not listed below. Malbco's request that this court perform an *in camera* interview of named counsel is denied as moot in light of my findings regarding the application of the crime-fraud exception to select communications. Malbco's Motion is granted in part as it applies to the documents listed below, and the parties are Ordered to produce the following documents for discovery:

(1)    Defendants are Ordered to produce:

HeetalP_000256–63; HeetanP_000344–51; BHB0007470–71; BHB0015077–88; BHB0015977–78; BHB0016004–14; BHB0016494–96; BHB0018501; BHB0018504; BHB18657–703; BPATEL000018–19; BPATEL002425–69.

(2)    Saalfield Griggs PC is Ordered to produce:

SG01204–12; SG01213–14; SG01261–71; SG01272–76; SG01277–1301; SG01302–07; SG01310; SG01399–1404; SG02211–33; SG02421–26; SG02427; SG02455–56; SG03010–11; SG03015; SG03086–88; SG03089–93; SG03101–05; SG03111–12; SG03129–31.

Finally, pursuant to Fed. R. Civ. P. 72(a)–(b)(2), this Order is stayed for fourteen (14) days from service upon the parties or, if objections to this Order are filed, until such time as those objections are resolved, whichever period is longer.

IT IS SO ORDERED.

Dated this 21st day of July, 2015.

Honorable Paul Papak
United States Magistrate Judge