IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MALBCO HOLDINGS, LLC,
a Washington limited liability company,

                        Plaintiff,                          6:14-cv-00947-PK

v.                                                        OPINION AND ORDER

BHUPENDRA PATEL and NILA PATEL;
HEETAN PATEL and HEETAL PATEL-MANANI;
and MUKESH PATEL,

                        Defendants.

---

Plaintiff Malbco Holdings, LLC ("Malbco") brings this diversity action against defendants alleging fraudulent transfer in violation of Oregon law. Now before the court are three disputes: (1) Defendants' motion to quash or, in the alternative, substantially narrow Malbco's discovery requests ("Motion to Quash"); (2) the Parties' dispute over the language and breadth of a Proposed Protective Order ("Protective Order Dispute"); and (3) Malbco's motion to

OPINION AND ORDER - 1

compel interrogatory answers ("Motion to Compel"). I have reviewed the letters and exhibits filed by the parties. For the reasons discussed below, Defendants' Motion to Quash is denied, the Protective Order Dispute is resolved as described below, and Malbco's Motion to Compel is granted.

## BACKGROUND

As the parties are familiar with the history of this case, I adopt the facts set forth in my previous Opinion and Order (#41).

Defendants Bhupendra and Nila Patel ("the Patel Parents") addressed a June 9, 2015, letter to the court ("Patel Parents' Letter") describing the number of subpoenas submitted by Malbco and characterizing those subpoenas as overly broad and unduly burdensome and requesting the court to quash or narrow the subpoenas accordingly. The Patel Parents also requested the court to adopt revisions to a proposed Protective Order introduced by Heetan and Heetal Patel ("the Patel Children").

That same day, the Patel Children addressed a letter to the court ("Patel Childrens' Letter") objecting to the scope of financial information sought by Malbco in support of the Motion to Quash and addressing the Protective Order Dispute.

On June 16, 2015, Malbco provided a letter to the court ("Malbco's Letter") opposing Defendants' Motion to Quash, addressing the Protective Order Dispute, and asserting a Motion to Compel answers to interrogatories, to which this court has already ordered responses from Defendants (#51). Malbco claims, however, that responses filed by the Patel Parents to date have been insufficient.

OPINION AND ORDER - 2

## LEGAL STANDARD

### I. Scope of Permissible Discovery

Federal Rule of Civil Procedure ("Rule") 26(b) provides for the scope of discovery as follows: "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense ... and appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." *Id.* Under Rule 26(b)(2)(C) the court, on motion or on its own, must limit the frequency or extent of discovery if it determines any of the following: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C).

Rule 45 governs the issuance of subpoenas to nonparties in order to obtain documents. Fed R. Civ. P. 45(a)(1)(A)(iii). A court must quash a subpoena when it "subjects a person to an undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Parties do not have standing to quash a subpoena issued to a nonparty unless they are able to claim "some personal right or privilege with regard to the documents sought." *Crispin v. Christian Audigier, Inc.*, 717 F. Supp 2d 965, 973–74 (C.D. Cal. 2010).

If a party has standing to object, the moving party has the "burden of persuasion." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005). In evaluating whether or not

a subpoena is unduly burdensome, courts look to "relevance, the need of the party for the documents, the breadth of the document requested, the time period covered by it, the particularity with which the documents are described, and the burden imposed." *Id.* (internal quotations and citations omitted).

## DISCUSSION

### I. Motion to Quash / Objections to Discovery Requests:

Defendants' Motions to Quash generally object to 21 subpoenas served by Malbco against "three classes of common targets: (1) entities in which one or more of the defendants may have at one time held an ownership interest; (2) certain banks; and (3) other third-parties." Patel Childrens' Letter, 1. Defendants Bhupendra and Nila Patel ("the Patel Parents") generally object to the "extraordinarily broad scope of [the] subpoenas" and to Malbco's requests for specific documents, including meeting minutes. *Id.* at 5; Patel Parents' Letter, 1. Accordingly, Defendants move for an order "limiting the scope of Malbco's [discovery] requests to the general financial data" requested by Malbco thus far, including "loan statements, personal and business financial statements (including balance sheets and income statements), tax returns, or related correspondence transmitting or discussing draft or final version of such documents." Patel Childrens' Letter, 2.

Malbco has served 540 document requests—225 of which were served on the Patels—and at least 33 subpoenas, containing a total of 316 document requests, have been served to third-parties. Patel Parents' June 9, 2015, Letter, 1–2. Malbco initially served approximately 93 document requests to an array of third-parties and received thousands of documents in response. More recently, Malbco served 18 new subpoenas containing 223 document requests. Defendants now seek the Court's assistance by way of moving to quash aspects of the following subpoenas:

| | |
|---|---|
| The Patel Children: | Airport OMRS, LLC; Best Western Sandy Inn OMRS, LLC; Boomerang Management Corp.; HMB Hospitality Group, LLC; |
| The Patel Parents: | Bank of America N.A.; Budget Inn OMRS, LLC; Eide Bailly LLP; Janak and Pravin, LLC; KeyCorp Finance Inc.; Om Namah Laxmi, LLC; Om Shiv Ganesh, LLC; Om Clackamas, LLC; OMRS, Inc.; Umpqua Bank; Wells Fargo, N.A.; Val-U-Inn Shree Raj, LLC |
| Mukesh Patel: | Motschenbacher & Blattner LLP; McLoughlin Lodging Co., LLC |

Defendants assert that the court should look to the relevance of the information requested, which bears on the determination of whether discovery is necessary. *Wood v. Vista Manor Nursing Ctr.*, 2007 WL 832933 at *3 (N.D. Cal. 2007).

Malbco argues that, because this case involves transfers of three different companies, granting of various security interests in the Patels' assets, and at least six transfers of cash, "[e]ach of those transfers needs to be evaluated" and, "[g]iven the complexity of the lawsuit, the discovery requests to date are not unreasonable." Malbco's Letter, 1. Malbco further argues that the Defendants are generally attempting to evade and purposefully delay discovery and cites to a litany of such delays in support of that assertion.[1]

Insolvency is directly at issue in a claim brought under ORS 95.240, and Malbco provides that determining the Patel Parents' solvency before and after the alleged transfers drives the breadth of these discovery requests. Beyond that, the value of the transferred hotels—Airports OMRS, LLC and Best Western OMRS, LLC—are directly relevant. The parties do not dispute that Malbco's requests for balance sheets and income statements from the relevant time period are discoverable and relevant. *See* Patel Parents' Letter, 5. Rather, Defendants argue that

---

[1] This includes (1) 600 pages produced in response to an August 14, 2014, RFP followed later by an additional 1500 pages produced the morning of Heetan Patel's deposition, which was continued; (2) the night before the continuation of that deposition the Patel Children produced another 1800 pages of documents and during the break of the continuation, the Patel Children produced another 72 pages of documents; (3) the Patel Childrens' failure to confer and arrive at depositions; (4) approximately 650 "I don't know" and "I don't remember" answers by the Patel Children and Mukesh Patel as well as a statement by Mukesh Patel stating "[counsel] doesn't want me to . . ." respond to an inquiry.

OPINION AND ORDER - 5

Malbco's requests for "any and all Communications referring to any of those balance sheets and income statements," among an array of other requests, "goes too far." *Id.*

In resolving this set of discovery disputes I apply the factors articulated in *Moon*—relevance, necessity, breadth, time period, particularity, and burden—to determine discoverability. *Moon v. SCP Pool Corp.*, 232 F.R.D. at 637. Accordingly, I find that Malbco's requests seek relevant documents in relation to the Patel Parents' insolvency allegedly rendered as a result of the transfers at issue; the complicity of all Defendants and their various companies, in which they are sole members, in the transfers at issue; and issues of fraudulent intent. Further, Malbco clearly has a need for such documents due to that relevance and the apparent difficulty it has had with Defendants in discovery compliance to date. The timeline of these requests is tailored to the period leading to the date of transfers, as that date is separately alleged by the parties, and after the transfers took place. The documents requested are not simply formalized balance sheets, but items related to the formation of those balance sheets, and Malbco provides particularized requests where not otherwise clear. Finally, in response to the sheer number of subpoenas, particularly to companies for which Defendants act as representatives and sole members, I agree with Malbco that it should not be prevented from seeking discovery simply because Defendants' business holdings are highly diversified. Malbco's subpoenas and discovery requests may well be a burden, but that does not render them an undue burden given the complexity and breadth of this case. For all of these reasons, Defendants' Motion to Quash is denied.

## II.   Protective Order Dispute

Defendants next dispute the proper form and contents of a Protective Order. The Patel Childrens' counsel proposes language regarding restrictions of the use of items discovered in the

OPINION AND ORDER - 6

current case in future litigation. Patel Childrens' Letter, 7. Malbco resists these restrictions and further argues that two of the proposals improperly shift privilege burdens.

The first issue with the proposed Protective Order is a clawback provision proposed by Defendants that Malbco argues directly conflicts with Rule 26(b)(5), which allows a party to clawback inadvertently disclosed documents that are privileged. The language proposed in the order requires that the receiving party may not, under any circumstances, use or disclose information regarding or derived from clawback material in the action. I resolve this dispute by ordering the parties to refer to the model protective orders made available by this court.[2] I find that no additional inadvertent disclosure or clawback provisions are necessary in this case, and I therefore reject the relevant additions to the protective order offered by Defendants.

Second, Malbco argues that the protective order should not limit Malbco's ability to use discovery obtained in this case in ancillary proceedings. Malbco would like the order to specify that it may use discovery in this proceeding in three additional instances:

1. Any proceeding to enforce or collect on a judgment obtained in this case;
2. Any proceeding to enforce or collect on the Idaho judgment; and
3. Any bankruptcy filed by any of the parties to this case.

Malbco cites cost-efficiency and the burden related to a protective order barring the use of discovery in this case from other cases. There is no clear prohibition against using discovery items obtained in the course of one case in another case, and Malbco argues that allowing such reuse promotes efficiency and avoids waste. I agree with this conditional allowance of the use of discovered material in this case in the three types of ancillary proceedings listed above.

Based on the foregoing, I resolve the Protective Order Dispute as follows: (1) regarding the proposed clawback and waiver provisions proposed by Defendants, the parties shall draft the

---

[2] I refer the parties to the Model Single-Tier Protective Order, ¶ 11, and the Model Two-Tier Protective Order, ¶ 12, *available at* https://www.ord.uscourts.gov/index.php/filing/forms/civil-forms.

OPINION AND ORDER - 7

Protective Order consistent with the model protective order provided by this court; (2) the parties shall include in the Protective Order a provision specifying the re-use of discovered materials in the three types of ancillary proceedings listed above.

### III. Motion to Compel Interrogatory Answers

Finally, Malbco moves the court to compel the Patel Parents to provide adequate answers to six interrogatories provided to them in October 13, 2014, pursuant to a March 3, 2015, Order from this court (#51). The Patel Parents have complied with that Order in part, providing requested exhibits and signatures on the interrogatory answers, but have failed to comply with that Order by providing answers to six of the interrogatories merely stating that they "will produce business records" sufficient to answer the interrogatories. *See* Malbco's Letter, Ex. 3, 2–6. Malbco argues that those answers are insufficient, and therefore lodges a *third* motion to compel sufficient answers to those interrogatories.

Parties may refer to records in order to answer interrogatories, but they must do so "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." *Rainbow Pioneer v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902, 906 (9th Cir. 1983). Accordingly, to the extent the Patels do not specify by category and location the records from which answers to the interrogatory questions can be derived, they have failed to comply with discovery requirements. I therefore grant Malbco's Motion to Compel adequate answers to the six interrogatories at issue. The Patel Parents must provide sufficient answers within fourteen (14) days of the date of this Order. I deny Malbco's request for sanctions under Rule 37(a) at this time, but I will reconsider that request if I find further discovery violations in this case.

OPINION AND ORDER - 8

## CONCLUSION

For the foregoing reasons, I resolve the parties' three current discovery disputes, which were informally submitted to the court in Defendants' June 9, 2015, letters and Malbco's June 16, 2015, letter, as follows:

1. Defendants' Motion to Quash is denied;

2. Protective Order Dispute is resolved as follows: (1) regarding the proposed clawback and waiver provisions proposed by Defendants, the parties shall draft the Protective Order consistent with the model protective orders provided by this court, (2) the parties shall include in the Protective Order a provision specifying the re-use of discovered materials in the three types of ancillary proceedings listed above;

3. Malbco's Motion to Compel adequate answers to the six specified interrogatories submitted to Defendants Bhupendra and Nila Patel on October 13, 2014, is granted and those defendants are ordered to provide sufficient answers within fourteen (14) days of this order.

Dated this 12th day of August, 2015.

_____
Honorable Paul Papak
United States Magistrate Judge

OPINION AND ORDER - 9