**C. Robert Steringer, OSB #983514**
**bob.steringer@harrang.com**
HARRANG LONG GARY RUDNICK P.C.
1001 SW Fifth Avenue, 16th Floor
Portland, OR 97204
Telephone:    503.242.0000
Facsimile:    503.241.1458

**Marjorie A. Elken, OSB #073368**
**melken@zrlawgroup.com**
ZUPANCIC RATHBONE LAW GROUP, P.C.
4949 Meadows Road, Suite 600
Lake Oswego, OR  97035
Telephone:    503-968-8200
Facsimile:    503-968-8017

Of Attorneys for Plaintiff Malbco Holdings, LLC,
a Washington limited liability company

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MALBCO HOLDINGS, LLC,** a Washington limited liability company,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>**BHUPENDRA R. PATEL** and **NILA B. PATEL,** husband and wife; **HEETAN B. PATEL; HEETAL B. PATEL-MANANI;** and **MUKESH PATEL,**<br><br>　　　　Defendants. | Case No. 3:14-cv-947-PK<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S JANUARY 14, 2016, ORDER**<br><br>**FILED UNDER SEAL** |

　　　　Malbco Holdings, LLC ("Malbco") responds to Defendants Bhupendra R. Patel's and

Nila B. Patel's Objections to Magistrate's Order on Plaintiff's Motion to Compel (Doc. No. 113)

("B. Patel Objections"), Defendants Heetan Patel and Heetal Patel's Objection to Magistrate's

Order on Plaintiff's Motion to Compel ("H. Patel Objections") and Defendant Mukesh Patel's

Objections to Magistrate Judge Papak's Order dated January 14, 2016 (Docket No. 113) ("M.

Patel Objections") as follows:

**Page 1 – PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S JANUARY 14, 2016, ORDER**

## I.    INTRODUCTION

On September 22, 2014, Defendant Mukesh Patel responded to Malbco's first request for production of documents and produced documents Bates stamped MUKESH000001-212. Included in those documents were copies of several agreements that documented a series of transactions between Mcloughlin Lodging Company ("MLC"), a company wholly owned by Defendant Mukesh Patel, and Budget Inn OMRS, LLC, a company wholly owned by Defendants Bhupendra and Nila Patel (the "Patel Parents").  Included in the documents were copies of a Note Purchase Agreement between MLC and Mountain West Bank ("MWB"); some of the pleadings from a foreclosure lawsuit that MWB was bringing against Budget Inn OMRS and the Patel Parents; an October 2013, Settlement Agreement of the lawsuit; various email communications related to the October 2013, Settlement Agreement; and a November 2013, Amended and Restated Line of Credit Agreement.

Prior to October 2015, neither Mukesh Patel nor any other defendant in this case produced a single document or communication that showed that Heetan Patel was involved in any way with MLC or its decision to purchase the MWB note.  Then, mere days before the discovery cut-off, defendants produce "updated" privilege logs identifying thousands of pages of communications between Heetan Patel and MLC's counsel regarding the various MLC/Budget Inn/MWB transactions.  Judge Papak properly determined that defendants waived the privilege over the documents on their late privilege logs, and that Malbco should be able to redepose Heetan Patel regarding the MLC/Budget Inn/MWB transactions.

## II.    LEGAL STANDARD

An Article III judge may reconsider a magistrate judge's non-dispositive order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

## III.    ARGUMENT

**A.    The "law of the case" doctrine is not applicable to Malbco's Motion to Compel.**

"Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same proceeding." *U.S. v. Smith*, 389 F.3d 944 (9th Cir. 2004).  Defendants Heetan and Heetal Patel claim that Judge Papak determined in his Opinion and Order on Malbco's Motion to Strike [ECF. No. 41] that state court proceedings cannot be collaterally attacked in this proceeding.  *H. Patel Objections*, p. 6.  In fact, Judge Papak's ruling was far narrower.  He determined that "Idaho law governing *res judicata* bars defendants from relitigating issues from the [underlying] Idaho Lawsuit in this case." *Opinion and Order* [ECF No. 41], p. 7.  He also determined that under Idaho law "judgments against debtor-transferors are conclusive as to transferees unless they are tainted by fraud or collusion" and that the fraud must "appear on the face of the judgment." *Id.* at 9.  He found that Defendants Heetan and Heetal Patel were bound by the judgment in the underlying litigation because they were in privity with their parents in that case. *Id.* at 12.  Finally, because defendants were barred from relitigating the Idaho lawsuit in this proceeding, Judge Papak denied defendants discovery on "matters decided by the Idaho lawsuit or contained within the Idaho judgment." *Id* at 15.

Nothing about those rulings is relevant to – or determinative of – Malbco's Motion to Compel.  First, *res judicata* is not applicable here: Malbco seeks discovery of issues related to the MWB litigation, which was resolved by settlement agreements, not by a judgment.  Second, even if *res judicata* was applicable, the relevant law would be Oregon law, not Idaho law, since the MWB litigation was pending in Oregon.  Finally, Malbco was not in privity with any party to the Oregon action.  In short, Defendants Heetan and Heetal's "law of the case" argument is without merit.

**B.      Judge Papak did not err in allowing Malbco to re-depose Heetan Patel.**

For nearly two years during discovery in this case – including through multiple depositions – defendants tried to hide Heetan Patel's involvement in the various transactions between MLC and Budget Inn OMRS.  Then, on the eve of the discovery cut-off date, defendants provided Malbco with "updated" privilege logs which make clear that Heetan Patel was intimately involved in MLC's business, and regularly communicating with MLC's counsel. Defendant Mukesh Patel submitted a declaration in the underlying briefing explaining Heetan's role in the company:

> "I instructed my nephew, Heetan Patel ("Heetan") to organize MLC, and he did so on August 16, 2012.  At all times since its organization, MLC was wholly owned by me.  At my instruction, Heetan also worked with MLC's legal counsel in conducting its legal affairs, including consummating the purchase of the MWB loan documents."

*Declaration of Mukesh Patel in Support of Response to Plaintiff's Motion to Compel* [ECF No. 110], ¶ 4.

Yet, during depositions, defendants told a very different story.  When Malbco asked Mukesh Patel who had formed MLC, he did not identify Heetan.  Instead, he stated:

> "Q Who is McLoughlin Lodging Company? A better question is what is McLoughlin Lodging Company?
>
> A It is McLoughlin Lodging Company. We formed that lodging company.
>
> Q Who formed that lodging  company?
>
> A I think lawyers.
>
> Q Okay. When you say we, are you referring --
>
> A Like lawyer.
>
> Q -- to you and your lawyer?
>
> A  Yes."

*Declaration of Marjorie A. Elken in Support of Plaintiff Malbco Holdings, LLC's Motion to Compel* [ECF No. 100] ("MAE Decl."), Ex. 14 [M. Patel Dep. Tr. 32:16-25]. Malbco also asked Mukesh Patel whether anyone was familiar with MLC's business and affairs aside from him and his lawyers, and Mukesh answered with an unqualified "no." *Id.* at Ex. 14 [M. Patel Dep. Tr. 33:7-19]. Heetan testified that he had no part in the decision to purchase the MWB notes (in direct contradiction to Mukesh Patel's declaration). *Id.* at Ex. 15 [H. Patel Dep. Tr. 89:25-90:4]. Finally, Defendant Bhupendra Patel testified that his brother was the only representative of MLC with whom he worked:

> "Q Have you dealt with somebody else -- well, when you deal with McLoughlin Lodging Company, have you dealt with somebody other than your brother?
>
> A I have dealt with my counsel.
>
> MR. WRIGHT: And that is as far as you should answer.
>
> Q BY MS. ELKEN: When you were working with McLoughlin Lodging Company, have you spoken with somebody else who is a representative of McLoughlin Lodging Company other than your brother?
>
> A No."

*Declaration of Marjorie A. Elken in Support of Response to Defendants' Objections to Magistrate Judge's January 14, 2016, Order* ("M. Elken Decl."), ¶ 2, Ex. 1 [B. Patel Dep. Tr. 39:6-16].[1] Yet, the privilege logs show that Bhupendra Patel was copied on some of Heetan Patel's communications with MLC's counsel. *See, e.g., MAE Decl.*, Ex. 13 [M. Patel Priv. Log p. 5 MUKESH000255-266; p. 6 MUKESH 000295, 000297; p. 8 MUKESH000325].

Defendants' testimony was misleading at best, and flat out false at worst. Given this testimony, and the late disclosure of Heetan Patel's involvement in the MLC transactions, Judge

---

[1] This section of deposition testimony was not included in the underlying briefing, but Malbco discussed it with the Court in the December 7, 2015, hearing on Malbco's Motion to Compel.

Zupancic Rathbone Law Group, P.C.
4949 Meadows, Ste. 600
Lake Oswego, OR 97035
Tel: 503-968-8200 Fax: 503-968-8017

Papak did not err in ordering Heetan Patel to sit for another deposition related to those transactions.

**C.      The requested documents are relevant.**

Defendants' relevancy argument misses the boat.  Defendants say the documents Judge Papak ordered them to produce are not relevant because Malbco has mischaracterized the various transactions reflected in the documents.  *M. Patel Objections*, p. 4.  However, that argument simply raises a question of fact about defendants' intent with the various transactions. Defendants admit that if Malbco's version of events is true, the documents are relevant.  This is not a motion for summary judgment – the Court is not in a position to determine whose version of the facts is correct.  Judge Papak did not err in determining that the documents are relevant – they are directly relevant to Malbco's theory of the case.

**D.      Malbco's discovery has not been out of proportion to the needs of this case.**

As an initial matter, this argument was not raised below, and it should not be considered here.  More importantly, the argument is without merit.  This case involves the fraudulent transfers of millions of dollars of assets.  One of Malbco's claims requires a solvency analysis of Bhupendra and Nila Patel (the "Patel Parents") at the time of the various transfers.  The insolvency analysis in this case will be complex because the Patel Parents have owned interests in up to nine different companies during the relevant time periods.  To date, defendants have provided a combined total of 15,000 pages of documents.  That is not a substantial amount of documentation given the complexities of the case, and defendants' behavior, as explained more thoroughly below.

Mukesh Patel is really complaining that Malbco has issued too many discovery requests in this case.  However, that issue has already been argued to Judge Papak through a motion to quash, and Judge Papak denied the motion.  *See Opinion and Order* [ECF No. 90].  Defendants did not object to that opinion, and cannot re-raise that issue here.

**Page 6 – PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S JANUARY 14, 2016, ORDER**

Moreover, the amount of discovery in this case has stemmed from defendants' own behavior. Malbco took depositions in this case in March 2015 (after defendants cancelled depositions set for the end of February, the day before the depositions). Defendants were extremely evasive in their depositions: The five defendants answered that they either did not know the answer to the question, or they could not remember the answer to the questions more than 650 times. Defendants Mukesh Patel alone answered either "I don't know" or "I don't remember" more than 200 times. At one point during the deposition he asked to take a break so his counsel could refresh his memory on something. When he came back, he testified "I don't remember and he [his counsel] won't refresh my memory. * * * [H]e says just remember what you remember and that is perfect. You know, he doesn't want me to – " at which point his counsel stopped him from saying anything further.

Since defendants could not answer simple deposition questions such as whether a particular asset had liens on it, Malbco needed to issue discovery requests to obtain that information. It also had to issue several subpoenas because defendants refused to produce documents that they had control over in their role as representatives of their solely-owned companies. They insisted that Malbco issue subpoenas to each of those companies, so Malbco did. Defendants then moved to quash the subpoenas and the new discovery requests on the basis that they were too broad. Judge Papak properly denied that motion.

The bottom line is that discovery has been expensive in this case – as a result of defendants' behavior – but the amount of discovery has been proportional to the needs of the case.

E.      **Judge Papak did not err in ordering production of the privileged documents.**

      1.      **The record contains sufficient evidence to question Heetan Patel's role as an agent of MLC.**

Defendants say that Malbco has presented no evidence to challenge Heetan Patel's status as an agent of MLC. This is simply untrue. Defendants' own testimony in this case questions

**Page 7 – PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S JANUARY 14, 2016, ORDER**

whether Heetan was an agent of MLC or his uncle, Mukesh Patel.  Heetan flat out denied that he had any part of the decision for MLC to purchase the MWB notes.  His father said that he never dealt with any representative of MLC other than Mukesh Patel.  Mukesh testified that nobody besides him and his lawyer were familiar with the business and affairs of MLC and that he could not remember anyone else other than himself and his lawyers who made decisions related to the MWB litigation.  Yet, a review of Mukesh Patel's privilege log shows that thirty percent of the documents consist of communications between Heetan Patel and Mukesh/MLC's counsel on which Mukesh was not even copied.  These communications include subject matters such as "Note Purchase Project," "Budget Inn Note Purchase Due Diligence," "Note Buyer Entity Structure," "Potential Purchase of MWB Notes," "Mountain West/Budget Inn," "Letter to Receiver," and "Kanti & Bharti' answer to MWB complaint" attached.

Either Heetan Patel is not an agent of MLC (as was the clear testimony in the depositions) and therefore the communications are not privileged, or defendants were being untruthful in their depositions.  In either event, Judge Papak's decision that defendants waived the privilege over the communications was not clear error.

### 2.    Judge Papak was correct in determining that defendants' communications were not covered by the common interest privilege.

The common interest privilege covers confidential communications between parties and their counsel where the parties share a common legal interest.  *Port of Portland v. Oregon Ctr. For Envtl. Health*, 238 Or. App. 404, 414, 243 P.3d 102, 109 (2010).  As described in more detail in Malbco's Motion to Compel pages 18 through 22, defendants seek to use the common interest privilege to create a blanket privilege covering all communications between the family members, all of their companies and their lawyers on a series of transactions – on some of which the various parties were adverse.  Further, some of defendants' alleged "common interests" were not shared *legal interests*.  For example, defendants say they had a shared interest in MLC purchasing the MWB notes because MLC would be a less aggressive creditor – that is a shared

Zupancic Rathbone Law Group, P.C.
4949 Meadows, Ste. 600
Lake Oswego, OR  97035
Tel: 503-968-8200 Fax: 503-968-8017

commercial interest, not a shared legal interest. *In re F.T.C.*, 2001 WL 396522, at *5 (S.D.N.Y. Apr. 19, 2001) (common economic interest not sufficient to support common interest privilege). Judge Papak did not err in finding that defendants' communications were not covered by a blanket common interest privilege.

**3.    Defendants waived the attorney-client privilege by failing to claim the privilege in a timely manner.**

Defendants say that they have not waived the privilege because the communications set out in their "updated" privilege logs were not responsive to Malbco's August 2014, discovery requests. *M. Patel Objections*, p. 9. However, in response to those requests, defendants provided the note purchase agreement, the two line of credit agreements and the two settlement agreements. The requests sought all documents <u>and</u> communications. Defendants produced the documents, but now want to say that the communications about those documents were not responsive. Judge Papak did not err in finding that the communications listed on defendants' "updated" privilege logs were responsive to Malbco's first requests for production of documents, and that defendants' failure to provide a privilege log identifying those communications for over a year constituted a waiver of the privilege.

**4.    Defendants have implicitly waived the privilege by using it as both a shield and a sword.**

Malbco is claiming that the purchase of the MWB note, the two line of credit agreements and the two settlement agreements were a series of sham transactions that were meant to encumber all of the Patel Parents' assets. In defense, defendants claim that the note purchase and the resulting settlements and lines of credit were undertaken to remove the receiver that was running the Budget Inn hotel and to pursue a claim against Kanti Patel. However, defendants say Malbco is not entitled to discovery on either of those alleged goals because all of defendants' communications are subject to the common interest privilege. In other words, defendants claim that their intent in pursuing the various transactions was not related to defrauding creditors

(sword), but because that intent was a common one, it and all communications about it, are privileged (shield). That is the epitome of the sword-shield doctrine.

Defendants try to argue that the sword-shield doctrine only applies if a client uses an advice of counsel as defense. Defendants are wrong. The focus of the doctrine is not on the type of communication involved, but on whether the party has put the privileged communications at issue in the case, either through an affirmative claim or a defense. *Gomez v. Vernon*, 255 F.3d 1118, 1131 (9th Cir. 2001). For example, in *Roberts v. Legacy Meridian Park Hosp., Inc.*, the Court determined the doctrine applied to a defendants' communications with his counsel about a settlement agreement where the plaintiff was suing to enforce the settlement agreement, and defendant responded that no settlement occurred because his attorney lacked authority to agree to the settlement. *Roberts*, 97 F. Supp. 3d 1245, 1255-56 (D. Or. 2015).

Judge Papak did not err in determining that defendants have put their alleged privileged communications at issue in this case, and therefore implicitly waived the privilege over those communications.

## CONCLUSION

Defendants have not shown any clear error in Judge Papak's decision. Accordingly, for the reasons set forth herein and in Malbco's Motion to Compel, the Court should affirm Judge Papak's January 14, 2016, Order.

DATED this 16th day of February, 2016.

ZUPANCIC RATHBONE LAW GROUP, P.C.


By: ___/s/ Marjorie A. Elken_____
  Marjorie A. Elken, OSB #073368
  melken@zrlawgroup.com
  Telephone: 503-968-8200
  Facsimile: 503-968-8017

Of Attorneys for Plaintiff MALBCO HOLDINGS, LLC, a Washington limited liability company

Zupancic Rathbone Law Group, P.C.
4949 Meadows, Ste. 600
Lake Oswego, OR 97035
Tel: 503-968-8200 Fax: 503-968-8017

## ATTORNEY CERTIFICATE OF SERVICE

I certify that on February 16, 2016, I served or caused to be served a true and complete copy of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S JANUARY 14, 2016, ORDER** on the party or parties listed below as follows:

☑    Via CM / ECF Filing (UNDER SEAL)
☑    Via First Class Mail, Postage Prepaid
☐    Via Email
☐    Via Personal Delivery

Zachary W L Wright, OSB #941615
Tonkon Torp LLP
888 SW Fifth Avenue, Suite 1600
Portland, OR 97204

Of Attorneys for Defendants Bhupendra R.
Patel and Nila B. Patel

Laura Caldera Taylor, OSB #993786
Thomas L. Hutchinson, OSB #994896
Bullivant Houser Bailey PC
888 SW Fifth Avenue, Suite 300
Portland, OR 97204

Of Attorneys for Defendants Heetan Patel
and Heetal Patel-Manani

Nicholas J. Henderson, OSB #074027
Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204

Of Attorneys for Defendant Mukesh Patel

ZUPANCIC RATHBONE LAW GROUP, P.C.

By:    /s/ Marjorie A. Elken
       Marjorie A. Elken, OSB #073368
       melken@zrlawgroup.com
       Telephone:  503-968-8200
       Facsimile:  503-968-8017

       Of Attorneys for Plaintiff MALBCO
       HOLDINGS, LLC, a Washington limited
       liability company

Page 1- CERTIFICATE OF SERVICE