**Marjorie A. Elken, OSB #073368**
mae@buckley-law.com
BUCKLEY LAW P.C.
5003 Meadows Road, Suite 200
Lake Oswego, OR 97035
Telephone:    503.620.8900
Facsimile:    503.620.4878

**C. Robert Steringer, OSB #983514**
bob.steringer@harrang.com
HARRANG LONG GARY RUDNICK P.C.
1001 S.W. Fifth Ave., 16th Floor
Portland, Oregon 97204
Telephone:    503.242.0000
Facsimile:    503.968.8017

Of Attorneys for Plaintiff MALBCO HOLDINGS, LLC,
a Washington limited liability company

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MALBCO HOLDINGS, LLC**, a Washington limited liability company,<br><br>        Plaintiff,<br><br>vs.<br><br>**BHUPENDRA R. PATEL and NILA B. PATEL,** husband and wife; **HEETAN B. PATEL; HEETAL B. PATEL-MANANI;** and **MUKESH PATEL,**<br><br>        Defendants. | Case No. 3:14-cv-947-PK<br><br>**PLAINTIFF'S COMBINED RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS CLAIMS FOR ATTORNEY FEES AND PUNITIVE DAMAGES** |

Page 1 –    **PLAINTIFF'S COMBINED RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS CLAIMS FOR ATTORNEY FEES AND PUNITIVE DAMAGES**

Malbco Holdings, LLC ("Malbco") responds to Defendants Heetan and Heetal Patel's Motion to Dismiss Malbco's Claims for Attorney Fees and Punitive Damages in Second Amended Complaint [Doc. No. 128], Defendants Bhupendra R. Patel's and Nila B. Patel's Motion to Dismiss Malbco's Claims for Attorney Fees and Punitive Damages in Second Amended Complaint [Doc. No. 129] and Defendant Mukesh Patel's Motion to Dismiss Malbco's Claims for Attorney Fees and Punitive Damages in Second Amended Complaint [Doc. No. 130], as follows:

## I. INTRODUCTION

On May 3, 2016, Malbco filed its Second Amended Complaint, which asks the Court to award Malbco attorneys' fees and punitive damages in this case. Defendants ask the Court to dismiss Malbco's requests on the basis that Oregon's Uniform Fraudulent Transfer Act ("UFTA") does not specifically allow for the recovery of either attorneys' fees or punitive damages. However, Oregon's UFTA states that this Court may award Malbco any "relief the circumstances may require." ORS 95.260(1)(c)(C). The Patel Family asks the Court to limit the powers granted to the Court under this provision and find that the Court is not authorized to award punitive damages or attorneys' fees. The Court should deny the Patel Family's motions because they are not supported by the plain language of UFTA or by case law.

## II. LEGAL STANDARD

Dismissal of a claim is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 929 (2016). There is a strong presumption against dismissing an action for failure to state a claim. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

### III. ARGUMENT

A. <u>Malbco is entitled to plead punitive damages for a transfer made with actual intent to defraud.</u>

Oregon's UFTA provides that principles of law and equity, including the law of fraud, supplement its provisions. ORS 95.290.

> "Unless displaced by the provisions of ORS 95.200, the principles of law and equity, including the law merchant and the law relating to principal and agent, estoppel, laches, fraud, misrepresentation, duress, coercion, mistake, insolvency or other validating or invalidating cause, supplement its provisions."

*Id.* Oregon's common law makes clear that punitive damages are available in cases involving fraud. *Donald H. Hartvig, Inc. v. Clackamas Town Ctr. Associates*, 101 Or. App. 79, 85, 789 P.2d 679, 683 (1990) (punitive damages allowed in fraud case). Fraudulent transfers are a species of fraud. *See, e.g. Husky Int'l Electronics, Inc. v. Ritz*, No. 15-145, slip op., 578 U.S. ___ (May 16, 2016) (holding that fraudulent conveyances performed with actual intent to hinder, delay or defraud creditors are non-dischargeable in bankruptcy because they constituted "actual fraud" as that term is used in 11 U.S.C. § 523(a)(2)(A)). Thus, under a plain reading of Oregon's UFTA, Malbco is entitled to seek an award of punitive damages in this case.

Oregon state courts have not addressed whether punitive damages are available under Oregon's UFTA. However, this Court has allowed a trustee to pursue a request for punitive damages under Oregon's UFTA. *In re Stein*, 1997 WL 30822 (D. Or. Jan, 17, 1997) (allowing a trustee to pursue a request for punitive damages). Additionally, several other states with fraudulent transfer statutes that have similar language to Oregon's UFTA have determined that punitive damages can be plead and awarded in a fraudulent transfer case. For example, In *Locafrance U.S. Corp. v. Interstate Distribution Servs., Inc.*, 6 Ohio St.3d 198, 202, 451 N.E.2d

1222, 1226 (1983), the Ohio Supreme Court determined that punitive damages were authorized under Ohio's UFTA.[1]

In *Locafrance U.S. Corp.*, the court determined that the defendant's willful transfer of its assets to avoid paying on a judgment supported an award of punitive damages. *Id.* The court stated:

> "Considering the facts in this case, punitive damages are appropriate to deter the delinquent judgment debtor from attempting to avoid paying the judgments. Setting aside the conveyance and other remedies set forth in R.C. 1336.10 and 1336.11 would not be a sufficient deterrent to discourage appellants and other debtors from making fraudulent conveyances to avoid creditors. Without punitive damages as a deterrent, the purpose of the Fraudulent Conveyance Act would be severely weakened."

*Id.*

Several other states have also allowed an award of punitive damages in UFTA cases. *Kekona v. Bornemann*, 135 Hawai'i 254, 265, 349 P.3d 361, 372 (2015), *recons. den.*, 135 Hawai'i 326, 349 P.3d 1181 (2015), and *recons. granted*, 135 Hawai'i 405, 353 .P3d 408 (2015) (affirming an award of punitive damages in a fraudulent transfer claim, and finding "HRS § 651C–8 (Supp.1985) limits a defrauded creditor's actual damages to 'the value of the asset transferred ... or the amount necessary to satisfy the creditor's claim, whichever is less.' In other words, at worst the fraudulent debtor is forced to pay what he or she already owed. Without the possibility of significant punitive damages, it would be difficult to deter this conduct."); *Johnson*

---

[1] The version of the Ohio UFTA in effect at the time of this decision had similar language to Oregon's UFTA. It provided: "[i]n any case not provided for in [the Ohio UFTA], the rules of law and equity including the law merchant, and in particular the rules relating to the law of principal and agent, and the effect of fraud, misrepresentation, duress, or coercion, mistake, bankruptcy, or other invalidating cause shall govern." *Locafrance U.S. Corp.*, 6 Ohio St.3d at 201 (*quoting* R.C. 1336.11). It also included a similar remedies provision that allowed the court to "[m]ake any order which the circumstances of the case may require." *Id.* at n.2 (*quoting* R.C. 1336.09).

Page 4 –  **PLAINTIFF'S COMBINED RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS CLAIMS FOR ATTORNEY FEES AND PUNITIVE DAMAGES**

*v. Ventling*, 852 N.W.2d 20 (Iowa Ct App 2014) (affirming an award of punitive damages in a fraudulent transfer case); *McCain Foods USA, Inc. v. Cent. Processors, Inc.*, 275 Kan 1, 2, 61 P3d 68, 70 (2002) (affirming award of punitive damages under Kansas's UFTA); *Henderson v. Henderson ex rel. Estate of Adams*, 2001 WL 1719192 (Me. Super. Ct. 2001) (awarding punitive damages in fraudulent transfer case brought under Maine's UFTA); *Volk Constr. Co. v. Wilmescherr Drusch Roofing Co.*, 58 S.W.3d 897, 900 (Mo. Ct. App. E.D. 2001) ("[W]e hold that the UFTA does not prohibit the award of punitive damages"); *Rolleston v. Estate of Sims*, 253 Ga. App. 182, 187, 558 S.E.2d 411, 416 (2001) (allowing punitive damages in fraudulent transfer case).

Defendants fail to address any of this case law, and instead focus on an August 20, 2013, Memorandum from the Chair of the UFTA Drafting Committee ("August 2013 Memorandum"). In the Memorandum, the Committee declined to recommend a revision to UFTA to include an express provision for punitive damages. However, the Committee specifically recognized that some courts had already determined that UFTA's provisions, as written, authorized an award of punitive damages, and the Committee did not disagree with that interpretation. Nothing in the August 2013 Memorandum prohibits – or suggests to prohibit – a court from awarding punitive damages in an UFTA claim.

In sum, as detailed above, no Oregon court has held that punitive damages cannot be plead in an UFTA case. Instead, several courts, including this Court, have allowed a party damaged by a scheme to defraud creditors to seek punitive damages. Defendants' motion seeking to dismiss Malbco's request for punitive damages should be denied.

B.      <u>Malbco is entitled to plead attorneys' fees in its fraudulent transfer lawsuit.</u>

Defendants move to dismiss Malbco's request for fees because they say fees may only be awarded if a statute expressly allows them, and they say Oregon's UFTA does not expressly

Page 5 –   **PLAINTIFF'S COMBINED RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS CLAIMS FOR ATTORNEY FEES AND PUNITIVE DAMAGES**

allow for attorneys' fees.[2] *Mot. to Dismiss* [Doc. No. 128], pp. 2-3. To prevail on their motion, defendants must show that there is no legal basis for Malbco's request for fees. Defendants have not made – and cannot make – that showing.

First, while Oregon state courts have not determined whether a court may award attorneys' fees under the UFTA provision allowing "any other relief the circumstances may require,"[3] other courts have looked at that issue and have allowed an award of fees. *See, e.g., In re Berg*, 376 BR 303, 310 (Bankr D Kan 2007) (finding that a Court may award attorneys' fees under Missouri's UFTA which allows a court to award "any other relief the circumstances may require"); *In re Youngstown Osteopathic Hosp. Ass'n*, 280 BR 400, 410 (Bankr ND Ohio 2002) ("[T]he court may order the party that committed the fraudulent transfer to pay attorney fees and punitive damages.").

Defendants ignore this case law and instead focus on a June 6, 2012, memorandum issued by the Chair of the Study Committee on choice of Law for Fraudulent Transfer (the "June 2012 Memorandum"). In the June 2012 Memorandum, the Study Committee determined that it was not "clearly necessary" to revise the Uniform Law Commission's UFTA to include an express attorneys' fees provision. *See* June 2012 Memorandum §§ II and IV.B. However, the June 2012 Memorandum also acknowledges that some courts are awarding fees under the current

---

[2] As an initial matter, it appears that Defendants' motion is too early. FRPC 54(d)(2) provides that the court determines liability for fees <u>after</u> judgment. In *In re Stein*, 1997 WL 30822 (D. Or. Jan, 17, 1997), this Court, relying on FRCP 54, denied a motion for judgment on the pleadings challenging a claim of attorney fees in a fraudulent transfer action on the basis that the issue was raised too early and should be addressed after judgment.

[3] In *Norris v. R & T Mfg., LLC*, 266 Or. App. 123, 125, 338 P.3d 717, 718 (2014), *review denied sub nom, Norris v. R & T Mfg.*, LLC, 335 Or. 111, 346 P.3d 1212 (2015), the court declined to consider the issue because it had not been properly preserved for appeal. ("Assuming, without deciding, that an award of attorney fees could be considered a remedy and encompassed within ORS 95.260(1)(c)(C) … we decline to consider plaintiff's argument ….")

Page 6 –   **PLAINTIFF'S COMBINED RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS CLAIMS FOR ATTORNEY FEES AND PUNITIVE DAMAGES**

version of the UFTA, and nothing in the memorandum suggests that the Committee disagreed with those courts or felt their interpretations of the UFTA were erroneous. Further, read as a whole, the June 2012 Memorandum shows that the Committee's decision to decline to add an attorneys' fees provision was not based on any sentiment that attorneys' fees should not be awarded in UFTA cases, but rather was based on the Committee's decision to limit the number of substantive revisions to the UFTA. *See* June 2012 Memorandum § IV.F ("The generally successful functioning of the UFTA, long continued, means that its terms should not be altered absent a substantial need, and the suggestions did not, in the Study Committee's opinion, reach that high threshold.").

The second problem with defendants' motion is that it ignores the fact that this Court has inherent powers to award attorneys' fees, even when it is sitting in diversity. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 52-53, 111 S. Ct. 2123, 115 L.Ed.2d 27 (1991) (court may award attorneys' fees for bad faith, irrespective of state law since the court's equitable powers transcend the applicable state law under those circumstances).

In sum, there are cognizable legal theories for Malbco's request for attorneys' fees, and defendants' motions to dismiss Malbco's request for fees must be denied.

//
//
//
//
//
//

Page 7 –   **PLAINTIFF'S COMBINED RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS CLAIMS FOR ATTORNEY FEES AND PUNITIVE DAMAGES**

## IV. CONCLUSION

For the reasons stated above, Malbco respectfully requests the Court to deny defendants' motions to dismiss.

DATED this 6th day of June, 2016.

        BUCKLEY LAW, P.C.

        By: _____
        Marjorie A. Elken, OSB No. 073368
        mae@buckley-law.com
        5300 Meadows Rd., Suite 200
        Lake Oswego, OR 97035
        Tel: (503) 620-8200/Fax: (503) 620-4878
           Of Attorneys for Plaintiff MALBCO
           HOLDINGS, LLC,
           a Washington limited liability company

/817673