Timothy J. Conway, OSB No. 851752
  Direct Dial:  503.802.2027
  Facsimile:   503.972.3727
  E-Mail:       tim.conway@tonkon.com
Zachary W.L. Wright, OSB No. 941615
  Direct Dial:  503.802.2041
  Facsimile:   503.972.3741
  E-Mail:      zach.wright@tonkon.com
TONKON TORP LLP
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR  97204

       Attorneys for Defendants Bhupendra R.
       Patel and Nila B. Patel

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### (Portland Division)

| | |
|---|---|
| MALBCO HOLDINGS, LLC, a Washington limited liability company, | |
|        Plaintiff, | Civil No.  3:14-cv-947-PK |
|    v. | DEFENDANTS BHUPENDRA R. PATEL'S AND NILA B. PATEL'S MOTION FOR JOINDER |
| BHUPENDRA R. PATEL and NILA B. PATEL, husband and wife; HEETAN B. PATEL; HEETAL B. PATEL-MANANI; and MUKESH PATEL, | ***ORAL ARGUMENT REQUESTED*** |
|      Defendants. | |

## <u>LOCAL RULE 7-1 CERTIFICATION</u>

     The parties have made a good faith effort to confer through telephone conferences and

have been unable to do resolve the issues presented in this motion.

PAGE 1 -   DEFENDANTS BHUPENDRA R. PATEL'S AND NILA B. PATEL'S MOTION
          FOR JOINDER

## MOTION

Pursuant to Federal Rule of Civil Procedure 19, Defendants Bhupendra ("Bob") R. Patel and Nila Patel (together the "Patel Parents"), move this Court for an order compelling plaintiff Malbco Holdings, LLC ("Malbco") to join certain creditors as necessary plaintiffs in this matter. Specifically, this motion seeks an order compelling plaintiff to join the Bank of Commerce; Bennett; Boston Trade International; Howard Johnson; InterContinental Hotel Group PLC; Idaho Hotel Holdings, LLC; Om Clackamas, LLC; Holiday Hospitality Franchising, LLC; Red Lion Hotels Corporation; the Small Business Administration; and Sterling Savings Bank to this lawsuit as plaintiffs. Each of the creditors listed above has an interest in the subject matter of this action, and their absence will prejudice both the creditors and the defendants. Moreover, the joinder of these creditors is feasible. This motion is supported by the Points and Authorities below and by the Declarations of Zachary W.L. Wright and Bhupendra R. Patel, filed herewith.

## POINTS AND AUTHORITIES

### A.    Introduction

This lawsuit invokes Oregon's Uniform Fraudulent Transfer Act ("UFTA") in an attempt to invalidate certain alleged transfers of assets between the Patel Parents, their children Heetan and Heetal Patel (the "Patel Children") and Mukesh ("Mike") Patel. Malbco alleges that the Patel Parents wrongfully transferred $250,000 in cash, a 90% interest in two LLCs that each owned a hotel, and a 90% interest in an LLC that owns real property. The lawsuit also alleges that Bob Patel's brother, Mike Patel, obtained a lien on certain property owned by the Patel Parents at a time when the Patel Parents had potential exposure on certain guaranties, including a loan guarantee (for a hotel in Idaho) that Malbco purchased in a distressed sale.

Malbco's case is based on an assumption that the transfers described above were made in bad faith to defraud creditors. The transfers were made at a time when the Patel Parents' creditors included a list of several holders of substantial guaranties, as described in more detail below. At least three of the most substantial creditors have asserted claims against the Patel Parents in various state courts, as well as in this court, demonstrating the urgency of joinder. The absent creditors are in the same position as Malbco with respect to the alleged UFTA claims—if Malbco prevails, then the transfers were also voidable in favor of the absent creditors. Joining them in this litigation will ensure that the interests of those creditors are protected. *See* Fed. R. Civ. P. 19(a)(1)(B)(i); *Shermoen v. United States*, 982 F.2d 1312, 1317-318 (9th Cir. 1992) (noting that "the finding that a party is necessary to the action is predicated only on that party having a *claim* to an interest."). It will also ensure that the defendants do not face a substantial risk of incurring double, multiple, or otherwise inconsistent obligations regarding the same set of transfers because of the absent creditors' claimed interests. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii); *Local 1351 Int'l Longshoremens Ass'n v. Sea-Land Service Inc.*, 214 F.3d 566, 570 (5th Cir. 2000) (ordering the joiner of a second union as plaintiff because both it and the union that filed had an interest in how work would be allocated and failure to join the second union would leave the defendant with inconsistent obligations). Accordingly, this Court should order Malbco to join the absent creditors to this lawsuit as plaintiffs so that the Patel Parents and the other parties can resolve these issues once and for all.[1]

/ / /

/ / /

---

[1]  If any creditor refuses to join the lawsuit as a plaintiff, it should be made a defendant. *See* Fed. R. Civ. Pro. 19(a)(2).

**B.      Background Facts Regarding Absent Creditors**

The Patel Parents are subject to claims from several creditors with an interest in the claims brought by Malbco in this litigation.  Specifically, the creditors set forth in the schedule attached to the Declaration of Bob Patel filed herewith were creditors of the Patel Parents at the time of the alleged improper transfers and accordingly have the same interest as Malbco in the subject matter of this lawsuit.  (Declaration of Bhupendra Patel in Support of Motion for Joinder ("Patel Dec."), Ex. A.)  Indeed, to the extent Malbco's claims against the Patel Parents are valid, the absent creditors have the exact same set of claims against the Patel Parents as Malbco.  For purposes of the argument below, these creditors shall be referred to herein as the "Absent Creditors."

The Absent Creditors each hold some form of personal guaranty by or judgment against the Patel Parents.  (Patel Dec. Ex. A.)  At least three of the Absent Creditors have already pursued litigation against the Patel Parents.   The facts regarding collection efforts by these three creditors are set forth below for illustrative purposes.

First, in July 2016, the United States on behalf of the Small Business Administration ("SBA") filed a complaint in the matter of *United States v. OMRS, Inc. et al*., U.S. District Court for the District of Oregon Civ. No. 3:16-CV-01370 JE.  (Declaration of Zachary W.L. Wright in Support of Motion for Joinder ("Wright Dec") Ex. A.)  As set forth in the complaint, the SBA alleges that Om Shiv Ganesh LLC executed a promissory note in the original principal amount of $1,801,000, which defendant Bob Patel personally guaranteed in March 2008.  *Id.*  The complaint alleges that Bob Patel now owes over $2,000,000 as a full guarantor of a defaulted debt owed by Om Shiv Ganesh.  *Id.*

A second example is Idaho Hotel Holdings, LLC ("IHH").  According to a complaint it filed in Bonneville County, Idaho in April 2015, IHH is an Idaho limited liability company with its registered office and principal place of business in Los Angeles County, California.  (Wright Dec. Ex. B.)  IHH is a successor beneficiary under a deed of trust, promissory note, and security agreement regarding real property in downtown Idaho Falls, Idaho consisting of a hotel called Hotel on the Falls.  *Id*.  In June 2008, defendant Bob Patel executed a personal guaranty of the note, which IHH alleged absolutely and unconditionally guaranteed payment and performance of the note.  *Id*.

In January 2015, IHH foreclosed upon the Hotel on the Falls through a trustee sale and purchased the hotel itself for $2,100,000.  *Id*.  It sold the Hotel to a third party for $2,310,000 the same day.  *Id*.  IHH then sued Bob Patel and others for a deficiency judgment, seeking a judgment of $1,368,209.

Defendants in the Idaho litigation filed a motion for summary judgment, arguing that IHH could not lawfully pursue the claim for deficiency judgment because it had violated Idaho's licensing laws when it failed to obtain a license from the Idaho Department of Finance prior to attempting to collect the debt.  (Wright Dec. ¶ 4.)  In May 2016, the Bonneville County Circuit Court agreed with the Idaho defendants, issuing an order granting defendants' motion for summary judgment.  (*Id*. Ex. C.)  On July 25, 2016, the court entered an amended judgment, dismissing the case without prejudice and awarding attorney fees and costs.  (*Id*. Ex. D.)  IHH will likely appeal this judgment and/or refile if it can secure the required license.

The third Absent Creditor to pursue claims against the Patel Parents is Holiday Hospitality Franchising, LLC ("HHF").  According to a complaint filed in DeKalb County, Georgia, HHF is a limited liability company organized under the laws of Delaware with its

principal office located in Atlanta, Georgia. (Wright Dec. Ex. E.) In April 2014, HHF filed a lawsuit against Om Namah Laxmi, LLC ("ONL"), the Patel Parents, and others. *Id*. HHF alleged that it licensed to ONL certain rights with respect to running a Holiday Inn Express & Suites brand hotel in Meridian, Idaho. *Id*. HFF also alleged that "[a]s an inducement to [HHF] to execute the License Agreement, the Guarantors executed a Guaranty, dated as of July 27, 2010." *Id*. Defendants Bob and Nila Patel are two of the guarantors listed in the Georgia litigation. *Id*.

In December 2011, HHF terminated the license agreement with ONL. *Id*. HFF demanded that ONL and the guarantors pay it approximately $70,000 for "unpaid system fees" and approximately $19,000 in "unpaid finance charges." *Id*. In addition, HFF sought over $300,000 in liquidated damages. *Id*.

In November 2014, the State Court of DeKalb County entered an order of default against the Patel Parents on the ground that the Patel Parents did not file a responsive pleading. (*Id*. Ex. F.) The court ordered the clerk to enter a final judgment against the Patel Parents in the amount of $389,922, plus prejudgment interest of approximately $65,000, plus attorney fees in the amount of approximately $39,000. *Id*.

### C.    Argument

#### 1.    Legal Standard

In general, Rule 19 contains two sections which set out the standards for determining whether parties are necessary (section a) and indispensable (section b). The Ninth Circuit has noted that a motion seeking joinder under Rule 19 requires three successive inquiries. *See EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2010) ("*Peabody*"). "First, the court must determine whether a nonparty should be joined under Rule 19(a)." *Id*. A nonparty who satisfies

Rule 19(a) is deemed "necessary," in the sense that such person's joinder is "desirable in the interest of just adjudication."  *Id.*

Under Rule 19(a), there are three different grounds upon which a party may be "necessary."  First, a party is necessary if, in its absence, the court cannot accord complete relief among existing parties.  *See* Fed. R. Civ. P. 19(a)(1)(A).  Second, a party is necessary if it "claims an interest relating to the subject of the action" and resolving the action in its absence may as a practical matter impair or impede its ability to protect that interest.  *See* Fed. R. Civ. P. 19(a)(1)(B)(i).  Third, a party is necessary it "claims an interest relating to the subject of the action" and resolving the action in its absence may leave an existing party subject to inconsistent obligations because of that interest.  *See* Fed. R. Civ .P. 19(a)(1)(B)(ii).  These three grounds are analyzed separately—if one applies, then the nonparty is a required or "necessary" party.  *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 110-111, 88 S.Ct. 733, 738-739 (1968).

If the court finds that a nonparty should be joined as a "necessary" party, then "the second stage is for the court to determine whether it is feasible to order that the absentee be joined. *Peabody*, 400 F.3d at 779.  The third and final inquiry relates to cases in which joinder is not feasible.  In such cases, the court must determine whether the case can proceed without the absentee, or whether the absentee is an "indispensable party" such that the case must be dismissed.  *Id.* at 779-780.

/ / /

/ / /

/ / /

/ / /

PAGE 7 -   DEFENDANTS BHUPENDRA R. PATEL'S AND NILA B. PATEL'S MOTION
           FOR JOINDER

2.      **The Absent Creditors are "Necessary" Parties Under Rule 19(a).**

a.      **Denying the Joinder Motion will Impair or Impede the Claims of the Absent Creditors.**

Courts have determined that "the transferee and <u>any other party who may claim an interest in the property conveyed</u>" are necessary parties in a fraudulent conveyance action.  *See United States v. Mazzeo*, No. 98-CV-3060(JS), 2001 WL 393671, at *5 (E.D.N.Y. Jan. 10, 2001).  In this case, the Absent Creditors may claim an interest in the assets of the Patel Parents and have potentially identical claims to those raised by Malbco in this litigation.  *See* Fed. R. Civ. P. 19(a)(1)(B)(i).  As set forth in the Patel Declaration, the guaranties signed by the Patel Parents predate the transfers at issue in this case.  Therefore, resolving the UFTA claims without the Absent Creditors may as a practical matter impair or impede the Absent Creditors' ability to protect their interests by claiming entitlement to the transferred assets.

Joinder is appropriate where an absent party claims an interest and such claim is not patently frivolous.  *See, e.g.*, *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 998 (10th Cir. 2001) (noting that Rule 19 "does not require the absent party to actually *possess* an interest; it only requires the movant to show that the absent party *'claims an interest'* relating to the subject of the action" and consequently Rule 19 excludes only claimed interests that are patently frivolous.)  The Absent Creditors have asserted claims against the Patel Parents based upon unpaid personal guaranties that were signed prior to the disputed transfers.  At least three have gone so far as to institute lawsuits against the Patel Parents relating to the guaranties.  One, HFF, secured a default judgment against the Patel Parents.  Under the plain language of Rule 19, absent parties must be joined where they can *claim* an interest in the subject of the litigation.

/ / /

PAGE 8 -    DEFENDANTS BHUPENDRA R. PATEL'S AND NILA B. PATEL'S MOTION
            FOR JOINDER

Each of the Absent Creditors has the same claims Malbco has asserted in its complaint, to the extent such claims are valid.

Moreover, courts frequently order joinder or dismiss cases for failure to join an indispensable party when there are multiple claims to a limited fund, such as is the case here. *See, e.g.*, *Wach v. Byrne, Goldenberg & Hamilton, PLLC*, 910 F. Supp. 2d 162, (D. Ct. D.C. 2012) (in a case involving competing claims to settlement proceeds, noting that "courts in this Circuit typically require joinder of an absent party where the claims of a party and the absent party to a common fund or asset are conflicting"); *see also In re Republic of Philippines*, 309 F.3d 1143, 1153 (9th Cir. 2002). The rationale behind these orders is that a judgment obtained by one claimant might exhaust a fund or necessarily determine the amount of the fund remaining for other creditors. *See, e.g.*, *Newland v. Edgar*, 362 F.2d 911, 913-914 (9th Cir. 1966); *Johnson v. Middleton*, 175 F.2d 535, 537 (7th Cir. 1949). Joinder therefore protects the absent parties vis-à-vis claims brought by creditors already in the litigation.

There is precedent for joining multiple creditors to a fraudulent transfer action. In *Wells Fargo Bank, N.A. v. Thomasson*, for example, the District of Maryland ordered that absent creditors were necessary parties to a case brought by Wells Fargo against the estate of a debtor. Civ. CCB-12-967, 2012 WL 5995238 (D. Md. Nov. 29, 2012). The court reasoned that since awarding Wells Fargo relief would practically improve its position vis-à-vis other absent creditors, doing so would violate Maryland law regarding creditors of an estate. *Id*. at *3. Because other creditors "could have an equal claim for fraudulent transfer against [the defendant]," but their joinder would destroy diversity jurisdiction, the court granted a motion to dismiss. *Id*.

/ / /

PAGE 9 -   DEFENDANTS BHUPENDRA R. PATEL'S AND NILA B. PATEL'S MOTION
          FOR JOINDER

Although this is not a probate matter, the reasoning applied in *Wells Fargo* is relevant. Malbco is seeking to improve its position vis-à-vis the Absent Creditors by excluding them from the litigation.  Moreover, the disputed asset transfers constitute a single fund with multiple creditors holding claims to the fund.  The Absent Creditors should therefore be joined.

> **b.    Denying the Joinder Motion Will Expose the Defendants to a Risk of Double, Multiple, or Otherwise Inconsistent Obligations.**

Second, resolving Malbco's UFTA claims in the absence of the Absent Creditors will leave the defendants subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.  *See* Fed. R. Civ .P. 19(a)(1)(B)(ii).  Joinder is appropriate in such a case.  *See, e.g.*, *Vari-Build, Inc. v. Reno*, 108 F.R.D. 68, 70 (D. Ct. Nv. 1985); *In re Torcise*, 116 F.3d 860, 865 (11th Cir. 1997).

In the *Vari-Build* case, a plaintiff pursued claims in Nevada federal court under the Civil Rights Act and for negligence, alleging that the City of Reno wrongfully refused to issue a business license for an apartment complex after having issued a building permit.  108 F.R.D at 69.  A company called NFT financed construction of the apartment complex and became the owner after Vari-Build defaulted on its payments.  *Id*.  NFT later sued the City of Reno and various city officials in state court claiming damages that stemmed, in part, from the city's denial of a business license.  The City of Reno alleged in the federal lawsuit that NFT was a "necessary" party under Rule 19.  *Id*. at 70.  The court agreed with the city, holding that a comparison of the claims held by Vari-Build and NFT revealed that both were seeking damages stemming from the same alleged wrong; accordingly, allowing the federal case to proceed without NFT meant the City of Reno was "faced with a substantial risk of incurring double obligations." *Id*.

PAGE 10 -  DEFENDANTS BHUPENDRA R. PATEL'S AND NILA B. PATEL'S MOTION
          FOR JOINDER

A similar analysis is appropriate in a fraudulent transfer case.  In the *In re Torcise* case, for example, the Eleventh Circuit denied a Rule 19 motion brought by a bank to join to the litigation a secured creditor on the ground that the creditor's absence left the bank open to a substantial risk of double, multiple, or otherwise inconsistent obligations.  *Id.*  After noting that all claimants to a fund must be joined to determine the disposition of the fund, the court reasoned that joinder was inappropriate in the circumstances present in *Torcise*  because, unlike in the *Vari-Build* case, the absent creditor's causes of action (tort and conspiracy claims) were <u>not</u> <u>identical</u> to the fraudulent conveyance claims against the bank by plaintiff unsecured creditors committee.  *Id.*  The implication of *Torcise* is that if creditors have identical claims against identical parties in a fraudulent transfer case, as Absent Creditors do here, they should be joined to the action.

To avoid future litigation relating to the same fund (consisting of the allegedly wrongfully transferred assets), the Absent Creditors should be joined to this lawsuit so that the defendants may finalize matters relating to the allegedly wrongful transfers in a single venue. The Absent Creditors have the same claims as Malbco (to the extent such claims are valid) against the same parties.  If the Absent Creditors are not joined to this lawsuit, then they will not later be bound by *res judicata* and could theoretically succeed in later litigation against one or more of the defendants relating to the very same transfers at issue in this case, exposing such defendants to a very real risk of double obligations.  *See Haas v. Jefferson Nat'l Bank of Miami Beach*, 442 F.2d 394, 398 (5th Cir. 1971) (affirming joinder where absence of a party would expose the defendant bank to a risk of future litigation).

/ / /

/ / /

PAGE 11 -  DEFENDANTS BHUPENDRA R. PATEL'S AND NILA B. PATEL'S MOTION
        FOR JOINDER

**3.**       **Joinder of the Absent Creditors is Feasible**

Finally, the joinder of the Absent Creditors is Feasible.  This court is well equipped to handle litigation amongst the competing creditors and to determine the competing creditors' rights, if any, to the transferred assets.  Pursuant to Federal Rule of Civil Procedure 19(a), the Absent Creditors should be joined to the litigation.

**CONCLUSION**

For the reasons set forth below, this Court should order Malbco to join the Absent Creditors as plaintiffs to this litigation.

DATED this 8th day of August, 21016.


TONKON TORP LLP



By:_____*/s/ Zachary W.L. Wright*_____
      Timothy J. Conway, OSB No. 851752
      Zachary W.L. Wright, OSB No. 941615

      Attorneys for Defendants Bhupendra R. Patel and
      Nila B. Patel

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS BHUPENDRA R.**

**PATEL'S AND NILA B. PATEL'S MOTION FOR JOINDER** on the parties listed below:

C. Robert Steringer, OSB No. 983514
Harrang Long Gary Rudnick, P.C.
1001 SW Fifth Avenue, 16th Floor
Portland, OR 97204
bob.steringer@harrang.com

Nicholas J. Henderson, OSB No. 074027
Motschenbacher & Blattner LLP
117 SW Taylor, Suite 200
Portland, OR 97204
nhenderson@portlaw.com
        Attorneys for Defendant Mukesh Patel

Marjorie A. Elken, OSB No. 073368
Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, OR  97035
mae@buckley-law.com
        Attorneys for Plaintiff

Laura Taylor, OSB No. 993786
Tom Hutchinson, OSB No. 994896
Bullivant Houser Bailey
888 SW Fifth Avenue, Suite 300
Portland, OR 97204
laura.taylor@bullivant.com
tom.hutchinson@bullivant.com
        Attorneys for Defendants Heetan B.
        Patel and Heetal B. Patel-Manani

☑   by electronic means through the Court's Case Management/Electronic Case File system
     on the date set forth below; and

☑   by causing a copy thereof to be e-mailed to each attorney at said attorney's last-known
     email address on the date set forth below.

DATED this 8th day of August, 2016.

TONKON TORP LLP

By:_____/s/ Zachary W.L. Wright_____
        Timothy J. Conway, OSB No. 851752
        Zachary W.L. Wright, OSB No. 941615
        Attorneys for Defendants Bhupendra R. Patel and
        Nila B. Patel

037065/00002/7435060v2