THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MALBCO HOLDINGS, LLC,

        Plaintiff,

No. 3:14-cv-00947-PK

v.

**FINDINGS AND RECOMMENDATION**

BHUPENDRA R. PATEL, et al.,

        Defendants.

**PAPAK, Magistrate Judge:**

Plaintiff Malbco Holdings, LLC brings this diversity action asserting claims for fraudulent transfer under Oregon law against members of the Patel family. Plaintiff alleges that Bhupendra and Nila Patel (the Patel Parents) gave personal guaranties for a $4.3 million promissory note delivered to Wachovia Commercial Mortgage in 2006. As security for the promissory note, the Patel Parents executed a trust deed against real property in Idaho. In 2012, Wachovia's successor by merger, Wells Fargo Bank, N.A., assigned its interest in the promissory note to Plaintiff. When the Patel Parents were delinquent on payments due, Plaintiff brought an action in Idaho state court against them. Plaintiff prevailed at summary judgment, receiving a $3.9 million judgment against the Patel Parents. Plaintiff alleges that the Idaho judgment is unpaid.

Page 1 - FINDINGS AND RECOMMENDATION

Plaintiff alleges that between 2010 and 2013, the Patel Parents transferred assets worth several million dollars to their son and daughter, defendants Heetan Patel and Heetal Patel, and to Bhupendra Patel's brother, defendant Mukesh Patel, without adequate consideration, to avoid paying the Idaho state judgment against them.

Defendants now move to dismiss Plaintiff's claims for punitive damages and attorney's fees. I recommend denying Defendants' Motions to Dismiss.

## DEFENDANTS' MOTIONS TO DISMISS

Plaintiff asserts two claims against Defendants for fraudulent transfers in violation of the Oregon Uniform Fraudulent Transfer Act[1], Or. Rev. Stat. §§ 95.200 - 95.310 (UFTA). The operative complaint, Plaintiff's Second Amended Complaint, seeks punitive damages and attorney's fees for the UFTA claims. 2d Amend. Compl. ¶¶ 57, 58, 66, & 67, ECF No. 126.

### I. Legal Standards for Motions to Dismiss

When a defendant moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "the district court must accept all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party." *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Dismissal is proper when the complaint does

---

[1] The UFTA was "recently amended and renamed the Uniform Voidable Transfer Act." *Mosier v. Center St. Lending LLC*, No. SACV 15-1852-JLS (JCx), 2016 WL 3574627, at *3 n.3 (C.D. Cal. Mar. 3, 2016) (California adopted amended UVTA as of January 1, 2016); *Dan J. Sheehan Co. v. Fairlawn on Jones Condo. Ass'n, Inc.*, 780 S.E. 2d 35, 37 n.1 (Ga. App. 2015) (Georgia adopted amended UVTA, effective July 2015).

Page 2 - FINDINGS AND RECOMMENDATION

not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Chubb Custom Ins.*, 710 F.3d at 956.

## II. Motion to Dismiss Claim for Punitive Damages

The UFTA does not expressly authorize or prohibit awards of punitive damages. The parties do not cite, and I have not found, Oregon appellate authority on point. "'When a decision turns on applicable state law and the state's highest court has not adjudicated the issue, a federal court must make a reasonable determination of the result the highest state court would reach if it were deciding the case.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 885 n.7 (9th Cir.2000) (quoting *Aetna Cas. & Sur. Co. v. Sheft*, 989 F.2d 1105, 1108 (9th Cir.1993)). The federal court must use its "best judgment" to predict how the highest state court would decide the issue. *Med. Lab. Mgmt. Consultants v. Am. Broadcasting Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002).

Here, Plaintiff cites *Mitchell v. Burt & Gordon, P.C.* (In re *Stein*), Civ. No. 93-438-FR, 1997 WL 30822, at *1 (D. Or. Jan. 17, 1997) (*Mitchell*). In *Mitchell*, the bankruptcy trustee brought a claim for equitable relief under the Oregon UFTA, seeking to recover more than $1 million held in an interpleader account. The trustee also sought punitive damages.

This court denied a motion to dismiss the trustee's claim for punitive damages under the UFTA, concluding that "the relief sought by the trustee . . . constitutes the type of equitable relief that demonstrates harm to a person who does not have an adequate remedy at law." *Id.* This court determined that Oregon would allow a party who sought only equitable relief under the UFTA to recover punitive damages. *Mitchell* focused on the equitable relief issue and seemed to assume that punitive damages were generally available under the UFTA.

Page 3 - FINDINGS AND RECOMMENDATION

Without binding Oregon authority, I look to the text and context of the statute itself. *Gladhart v. Oregon Vineyard Supply Co.*, 332 Or. 226, 233, 26 P.3d 817, 819 (2001) (statute's wording is "the best evidence of the legislature's intent" (citation omitted)). Based primarily on the UFTA's broad "catch-all" remedies provision, quoted below, I agree with Plaintiff that the Oregon Supreme Court would conclude that the UFTA allows awards of punitive damages.

The UFTA provision on remedies for creditors, Or. Rev. Stat. § 95.260, provides:

> (1) In any action for relief against a transfer or obligation under ORS 95.200 to 95.310, a creditor, subject to the limitations provided in ORS 95.270, may obtain:
> (a) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim.
> (b) An attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with the procedure prescribed by any applicable provision of any other statute or the Oregon Rules of Civil Procedure.
> (c) Subject to applicable principles of equity and in accordance with applicable rules of civil procedure:
>   (A) An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;
>   (B) Appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or
>   *(C) Any other relief the circumstances may require.*

(Emphasis added.)

The statutory phrase "[a]ny other relief the circumstances may require" is broad enough to encompass punitive damages. Courts in other jurisdictions have focused on this provision in holding that the UFTA authorizes punitive damages. *See, e.g., Klein v. Weidner*, 729 F.3d 280, 295 (3d Cir. 2013) (concluding the Pennsylvania Supreme Court would hold that the UFTA permits punitive damages, reaching "the same result as the courts of Maine, Missouri, Ohio, and Utah"). In addition, the UFTA provides that unless specifically displaced by the UFTA, "the principles of law and equity, including the law merchant and the law relating to principal and agent, estoppel, laches, fraud, misrepresentation, duress, coercion, mistake, insolvency or other

Page 4 - FINDINGS AND RECOMMENDATION

validating or invalidating cause, supplement its provisions." Or. Rev. Stat. § 95.290.

Defendants respond that the UFTA does not specifically authorize punitive damages. Defendants are correct, but the UFTA's failure to specifically authorize punitive damages does not resolve the issue.

Defendants contend that the "any other relief" provision must be read in light of an Oregon Supreme Court decision holding that punitive damages are not a "remedy" under the Remedy Clause of the Oregon Constitution, but instead are "a means of vindicating society's interest in punishing and deterring especially egregious conduct." Defs.' Reply 5 (quoting *DeMendoza v. Huffman*, 334 Or. 425, 446, 51 P.3d 1232, 1244 (2002) (interpreting Or. Const. art. I, § 10)). In *DeMendoza*, the Oregon Supreme Court determined that the Remedy Clause did not prohibit the deduction of a percentage of punitive damages awards for a state fund for crime victims. I conclude that *DeMendoza* is not relevant here.

Defendants note that the Uniform Law Commission, which drafted the UTFTA, recently declined to amend the UFTA to expressly authorize punitive damages (or attorney's fees, the other claim at issue here). One report submitted to the Uniform Law Commission noted a split among the states on this issue, with the majority favoring punitive damages. The report stated, "Not surprisingly, however, other courts have concluded they lack power to award punitive damages due to the absence of express reference in the UFTA." Kenneth Kettering, *Developments at and after the Annual Meeting* 3 (Aug. 13, 2013), attached to Def.'s Motion to Dismiss, ECF No. 128, at 25. I find the minority position on punitive damages unpersuasive in light of the UFTA's broad relief provision.

I conclude that the Oregon Supreme Court would hold that the UFTA authorizes punitive damages. I recommend denying Defendants' Motion to Dismiss Plaintiff's claim for punitive

Page 5 - FINDINGS AND RECOMMENDATION

damages under the Oregon UFTA.

### III. Motion to Dismiss Claim for Attorney's Fees

Defendants move to dismiss Plaintiff's claim for attorney's fees. The UFTA does not expressly allow or prohibit awards of attorney's fees.

The parties did not cite, and I did not find, Oregon appellate decisions on this issue. In the *Mitchell* decision cited above, this court declined to address whether attorney's fees were available on a fraudulent transfer claim, stating, "this court decides matters relating to attorney fees after the entry of judgment. The court will not address this issue at this stage in the proceedings." *Mitchell*, at *2.

I agree with *Mitchell* that this court may defer ruling on attorney's fees until entry of judgment. I recommend denying Defendants' motions to dismiss Plaintiff's claim for attorney's fees at this time, with leave to renew after entry of judgment.

## CONCLUSION

For the reasons provided above, Defendants Heetal B. Patel-Manini and Heetan B. Patel's Motion to Dismiss Malbco's Claims for Attorney Fees and Punitive Damages in Second Amended Complaint, ECF No. 128; Defendants Bhupendra R. Patel and Nila B. Patel's Motion to Dismiss Malbco's Claims for Attorney Fees and Punitive Damages in Second Amended Complaint, ECF No. 129; and Defendant Mukesh Patel's Motion to Dismiss Malbco's Claims for Attorney Fees and Punitive Damages in Second Amended Complaint, ECF No. 130, should be denied, with leave to renew the motions to dismiss Plaintiff's claim for attorney's fees after entry of judgment.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any,

are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 31st day of August, 2016.

Honorable Paul Papak
United States Magistrate Judge