THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MALBCO HOLDINGS, LLC,

    Plaintiff,

v.

BHUPENDRA R. PATEL, et al.,

    Defendants.

No. 3:14-cv-00947-PK

**OPINION & ORDER**

**PAPAK, Magistrate Judge:**

Plaintiff Malbco Holdings, LLC brings this action under the Oregon Uniform Fraudulent Transfer Act, Or. Rev. Stat. §§ 95.200 - 95.310 (UFTA), against members of the Patel family. Bhupendra and Nila Patel (the Patel Parents) were guarantors of a $4.3 million promissory note for the construction of a hotel in Boise, Idaho. The promissory note and guaranties were later assigned to Plaintiff. When the Patel Parents breached their personal guaranties, Plaintiff brought an action against them in Idaho state court. Plaintiff prevailed and obtained a judgment for $3.9 million, which the Patel Parents have not paid. In this action, Plaintiff alleges the Patel Parents have attempted to avoid paying Plaintiff by transferring assets for less than reasonably equivalent value to their children, Heetal Patel and Heetan Patel, and to Bhupendra Patel's brother, Mukesh Patel.

Page 1  - OPINION & ORDER

Plaintiff now moves for partial summary judgment or in the alternative for an order treating specified facts as established on four issues. Because I construe Plaintiff's motion as requesting the alternative order, which is not case dispositive, I address the motion by opinion and order and hereby grant Plaintiff's Motions One, Two, and Three, and deny Motion Four.

Defendants move for joinder of "absent creditors" under Federal Rule of Civil Procedure 19, and I hereby deny Defendants' motion for Joinder.

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

In its motion for partial summary judgment, Plaintiff seeks the following rulings:

**Motion One**: Plaintiff seeks an order declaring that it is a creditor of the Patel Parents, and that Plaintiff's claims arose before the challenged transfers occurred.

**Motion Two**: Plaintiff seeks an order declaring that the Patel Parents transferred their membership interests in Airport OMRS, L.L.C.; Best Western Sandy Inn OMRS, LLC, and HMB Hospitality Group, LLC, to their children, Defendants Heetan and Heetal Patel, in June 2012.

**Motion Three**: Plaintiff seeks an order declaring that the Patel Parents transferred real property on the corner of Highway 26 and Langensand Road in Sandy, Oregon, to the HMB Hospitality Group, LLC, on June 11, 2012.

**Motion Four**: Plaintiff seeks an order declaring that the Patel Parents' transfer of the following assets were for less than reasonably equivalent value:

(a) membership interests in Airport OMRS, L.L.C.; Best Western Sandy Inn, OMRS, LLC; and in HMB Hospitality Group, LLC.

(b) multiple cash gifts to Heetan and Heetal Patel, for a total of more than $270,000.

## I. Legal Standards for Motions for Partial Summary Judgment

Under Federal Rule of Civil Procedure 56(g), "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case." Partial summary judgment rulings allow the court to limit the number of facts at issue for trial. *See National Union Fire Ins. Co. v. Ready Pac Foods, Inc.*, 782 F. Supp. 2d 1047, 1051–52 (C.D. Cal. 2011). The court has discretion in deciding whether to grant partial summary judgment. "Even if the court believes that a fact is not genuinely in dispute it may refrain from ordering that the fact be treated as established. The court may conclude that it is better to leave open for trial facts and issues that may be better illuminated by the trial of related facts that must be tried in any event." Fed. R. Civ. P. 56(g) advisory committee's cmt. to 2010 amendment.

## II. Discussion

At the hearing, counsel for Defendants did not oppose Motions One, Two, and Three, but did oppose Motion Four.

### A. Motion One

In Motion One, Plaintiff seeks an order declaring that it is a creditor of the Patel Parents, and that Plaintiff's claims arose before the challenged transfers. Defendants admit that Plaintiff's claim arose before the challenged transfers. Defendants take no position, however, on when Plaintiff became a creditor of the Patel Parents. Plaintiff contends that it became a creditor in 2006, when the Patel Parents executed personal guaranties on the promissory note between Om Namah Laxmi, LLC, and Wachovia Bank, N.A. The other possible date for Plaintiff's claim is March 2012, when Wells Fargo Bank, N.A., Wachovia Bank's successor-by-merger, assigned its

Page 3   -   OPINION & ORDER

interests in the promissory note and the personal guaranties to Plaintiff.

This court need not resolve the timing issue because using either date, Plaintiff's claim arose before the challenged transfers. I therefore grant Motion One.

### B. Motion Two

In Motion Two, Plaintiff seeks an order declaring that the Patel Parents transferred their membership interests in Airport OMRS, L.L.C.; Best Western Sandy Inn OMRS, LLC; and HMB Hospitality Group, LLC, to their children, defendants Heetan and Heetal Patel, in June 2012. It is undisputed that the transfers were not effective until Heetan and Heetal Patel signed the LLC membership agreements in June 2012. Defendants concede Motion Two. I therefore grant Motion Two.

### C. Motion Three

In Motion Three, Plaintiff seeks an order declaring that the Patel Parents transferred real property on the corner of Highway 26 and Langensand Road in Sandy, Oregon (the Sandy Parcel), to the HMB Hospitality Group, LLC, on June 11, 2012.

The Patel Parents recorded the transfer of the Sandy Parcel in June 2012, so that is the effective date of the transfer. *See* Or. Rev. Stat. § 95.250. Defendants concede Motion Three. I therefore grant Motion Three.

### D. Motion Four

In Motion Four, Plaintiff seeks an order declaring that the specific transfers of assets by the Patel Parents were for less than reasonably equivalent value, including their transfers of membership interests in Airport OMRS, L.L.C.; in Best Western Sandy Inn, OMRS, LLC; and HMB Hospitality Group, LLC; and cash transfers to their children, a total of about $168,000 to

Heetan Patel and $104,500 to Heetal Patel. Defendants contend that disputed issues of material facts preclude granting partial summary judgment on Motion Four.

Defendants correctly note that under the UFTA, a transfer of an asset does not include a debtor's property "to the extent that it is encumbered by a valid lien," which may include a security interest created by agreement. Defs. Resp. 7, ECF No. 151. Defendants contend that because two of the LLCs owned hotels encumbered by liens, the membership interests in these LLCs are not "assets" under the UFTA. Defendants also argue that they have retained an expert on valuation who will "likely" testify that the LLC memberships had no monetary value when the transfers occurred because the LLCs' assets were encumbered. At the hearing, Defendants made an oral motion under Federal Rule of Civil Procedure 56(d) to delay ruling on this motion until expert discovery closing November 1, 2016, when their expert will submit a report.

Plaintiff responds that encumbrances on the hotels owned by the LLCs are not encumbrances on the LLC membership interests themselves. Plaintiff cites Defendants' interrogatory responses, which stated that the transferred LLC membership interests were not encumbered. Elken Reply Decl., Exs. 1, 2, 3, & 4, ECF No. 164-1 through -4. Plaintiff also cites federal gift tax returns filed by the Patel Parents indicating that the LLC memberships had value.

Defendants dispute the evidentiary weight of these documents, arguing that the valuations were done in January 2011, instead of the transfer date in June 2012. Defendants also contend that the Patel Parents' responses to interrogatories were based on an unsophisticated understanding of valuing assets.

I therefore deny Motion Four because Defendants have raised disputed issues of material

Page 5 - OPINION & ORDER

fact. I further deny as moot Defendants' oral motion under Rule 56(d) to delay this court's ruling.

## DEFENDANTS' MOTION FOR JOINDER

Defendants move to join other creditors of the Patel Parents as necessary plaintiffs under Federal Rule of Civil Procedure 19. Defendants contend that failure to join these "absent creditors" will prejudice both the absent creditors and Defendants. For the reasons stated below, I deny Defendants' motion for joinder.

### I. Background

Defendants move for the following absent creditors to be joined as necessary plaintiffs, or as defendants if they refuse to join voluntarily: Bank of Commerce; Boston Trade International; Howard Johnson; InterContinental Hotel Group PLC; Idaho Hotel Holdings, LLC; Om Clackamas, LLC; Holiday Hospitality Franchising, LLC; Red Lion Hotels Corp.; the Small Business Administration (SBA); and Sterling Savings Bank.

None of the absent creditors has appeared in this action, or has brought fraudulent transfer claims against Defendants in other jurisdictions. Defendants note that three absent creditors have brought legal actions against the Patel Parents: the Small Business Administration (SBA); Idaho Hotel Holdings, LLC (IHH); and Holiday Hospitality Franchising, LLC (HHF).

The SBA filed a civil action in this court against defendant Bhupendra Patel (B. Patel), as well as other defendants, in July 2016, based B. Patel's personal guaranty of a promissory note executed by Om Shiv Ganesh LLC. Wright Decl., Ex. A, ECF No. 143-1 (copy of SBA complaint). The SBA seeks about $1.6 million, plus interest, from B. Patel.

Another creditor, IHH, brought an action against B. Patel in Idaho state court, but that action was dismissed without prejudice in July 2016 because IHH had not registered with the

Page 6   -   OPINION & ORDER

state as a collection agency. Wright Decl., Ex. C, ECF No. 143-4 (Idaho court opinion and order); Ex. D, ECF No. 143-5 (amended judgment). In 2014, a third creditor, HHF, received a default judgment in Georgia state court for $389,922, plus prejudgment interest and attorney's fees, against the Patel Parents, Om Nama Laxmi, LLC, and other defendants, on claims for breach of an agreement to operate a Holiday Inn hotel in Meridian, Idaho. Wright Decl., Ex. E, at 1-19, ECF No. 143-6 (copy of complaint in Georgia action).

## II. Legal Standards for Joinder Under Federal Rule of Civil Procedure 19

Rule 19 provides in relevant part:

(a) **Persons Required to Be Joined if Feasible.**
 (1) **Required Party.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(I) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

A defendant's motion to dismiss based on Rule 19 requires the court to engage in three successive inquiries. *EEOC v. Peabody Western Coal Co.*, 610 F.3d 1070, 1078 (9th Cir. 2010). First, the court determines whether an absent nonparty qualifies as a person "required to be joined if feasible" under Rule 19(a). *Id.* If the nonparty meets the requirements of Rule 19(a), the second step requires the court to determine whether it is feasible to order that the nonparty be

Page 7 - OPINION & ORDER

joined. *Id.* If joinder is not feasible, the court continues to the third step, determining under Rule 19(b) whether the case can proceed without the nonparty or whether the action must be dismissed. *Id.;* Fed. R. Civ. P. 19(b).

## III. Discussion

Here, Defendants have not met Rule 19's threshold requirement that the absent creditors be persons "required to be joined if feasible." Failure to join the absent creditors will not prevent this court from according "complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). None of the absent creditors have "claim[ed] an interest relating to the subject of the action." *See United States v. Bowen,* 172 F.3d 682, 689 (9th Cir. 1999) (absent party must claim a legally protected interest).

Defendants compare this action to an interpleader action, in which multiple parties file competing claims to a limited fund. I agree with Plaintiff that this action is not similar to an interpleader action. Although Defendants may have multiple creditors, with varying claims and security interests, there is no single fund or *res* here. If joinder were appropriate whenever there are multiple creditors, then any action by a creditor against a debtor would require joinder of all the other creditors, creating needless delay and complexity. Rule 19 does not require joinder under these facts.

Defendants argue that denying joinder will put Defendants "at risk of double, multiple, or otherwise inconsistent obligations if this case is allowed to proceed without the participation of the Absent Creditors." Defs. Reply 5. Defendants appear to be using an incorrect interpretation of the phrase "inconsistent obligations." The Ninth Circuit has adopted the First Circuit's useful distinction between "inconsistent *obligations*" and "inconsistent *adjudications or results.*"

*Cachil Behe Band of Wintun Indians v. California*, 547 F.3d 962, 976 (9th Cir. 2008) (emphasis added) (quoting *Delgado v. Plaza Las Americas, Inc.,* 139 F.3d 1, 3 (1st Cir. 1998) (per curiam)). "'Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum.'" *Id.* (quoting *Delgado*, 139 F.3d at 3). Here, Defendants have not shown any danger of "inconsistent obligations," as defined above. Rule 19 does not protect Defendants from the possibility that absent creditors might obtain further judgments against them. For these reasons, I deny Defendants' motion for joinder.

## CONCLUSION

For the reasons provided above, Plaintiff's Motions for Partial Summary Judgment, or in the Alternative for an Order Treating Specified Facts as Established, ECF No. 139, is granted as to Motions One, Two, and Three, and denied as to Motion Four. Defendants Bhupendra R. Patel and Nila B. Patel's Motion for Joinder, ECF No. 142, joined by Defendants Heetal B. Patel-Manini and Heetan B. Patel, ECF No. 145, and by Defendant Mukesh Patel, ECF No. 146, is denied.

Dated this 7th day of October, 2016.

_____
Honorable Paul Papak
United States Magistrate Judge